**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Dale Sundby, Trustee,<br>　　　　　　　　　　　　　Plaintiff,<br>v.<br>Marquee Funding Group, Inc.; Salomon Benzimra, Trustee; Stanley Kesselman, Trustee; Jeffrey Myers; Kathleen Myers; Andres Salsido, Trustee; Benning Management Group 401(k) Profit Sharing Plan; Christopher Myers; Vickie McCarty; Dolores Thompson; Kimberly Gill Rabinoff; Steven M. Cobin, Trustee; Susan L. Cobin, Trustee; Equity Trust Company, Custodian FBO Steven M. Cobin Traditional IRA; Todd B. Cobin, Trustee; Barbara A. Cobin, Trustee; Fasack Investments LLC; and Does 1-X,<br>　　　　　　　　　　　　Defendants. | Case No.: 19-cv-0390-GPC-AHG<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO STRIKE DEFENSES.**<br><br>**ECF No. 54.** |

On May 8, 2019, Plaintiff filed an amended complaint against the above-captioned Defendants. ECF No. 13. Plaintiff sued for damages under the Truth in Lending Act, 15 U.S.C. § 1601 *et seq.*, and for clarification as to the parties' rights and obligations flowing from a loan disbursed in 2017. *Id.* After the Court denied Defendants' motion to

dismiss, ECF No. 44, Defendants filed three answers: (1) an answer by Salomon Benzimra and Stanley Kesselman, ECF No. 45 (the "First Answer"); (2) an answer by Marquee Funding Group, Inc. ("MFG"), ECF No. 48 (the "Second Answer"); and (3) an answer by the remaining Defendants. ECF No. 49 (the "Third Answer"). These Answers contain twenty, twenty, and fourteen affirmative defenses, respectively. *See* ECF No. 45 at 15–18; ECF No. 48 at 13–17; ECF No. 49 at 19–22.

On September 24, 2019, Plaintiff filed the instant motion to strike all the affirmative defenses in each answer. ECF No. 54. On October 18, Defendant MFG filed an opposition to Plaintiff's motion regarding the Second Answer. ECF No. 59. On October 18, Mr. Benzimra, Mr. Kesselman, and the remaining Defendants jointly filed a second opposition to Plaintiff's motion regarding the First and Third Answers. ECF No. 58. On November 1, 2019, Plaintiff filed two replies addressing Defendants' oppositions. ECF No. 60, 61.

The question presented for the Court to decide is whether Defendants' First, Second, and Third Answers "give[] plaintiff fair notice of" the fifty-four affirmative defenses contained therein. *Wyshak v. City Nat'l Bank*, 607 F.2d 824, 827 (9th Cir. 1979), *overruled on other grounds by Castro v. County of Los Angeles*, 833 F.3d 1060 (9th Cir. 2016) (en banc).

**I.      Legal Standard**

A court may, by motion or on its own initiative, strike "an insufficient defense or any redundant, immaterial, impertinent or scandalous" matter from the pleadings. Fed. R. Civ. P. 12(f). The purpose of Rule 12(f) is "to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010) (quoting *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds*, *Fogerty v. Fantasy, Inc.*, 510 U.S. 517 (1994) (quotations omitted). Motions to strike are generally "disfavored," *Petrie v. Elec. Game Card, Inc.*, 761 F.3d 959, 965 (9th Cir. 2014), and "should not be granted unless it is clear that the matter to be stricken could

have no possible bearing on the subject matter of the litigation." *Loi Nguyen v. Durham Sch. Servs., L.P.*, 358 F. Supp. 3d 1056, 1058 (C.D. Cal. 2019) (quotation omitted).

In the Ninth Circuit, "[t]he key to determining the sufficiency of pleading an affirmative defense is whether it gives plaintiff fair notice of the defense." *Simmons v. Navajo County, Ariz.*, 609 F.3d 1011, 1023 (9th Cir. 2010) (quoting *Wyshak*, 607 F.2d at 827), *overruled in part by Castro*, 833 F.3d 1060. "Fair notice generally requires that the defendant state the nature and grounds for the affirmative defense." *Roe v. City of San Diego*, 289 F.R.D. 604, 608 (S.D. Cal. 2013). In other words, Plaintiff must be afforded the "opportunity to rebut [the asserted] defense[s] or to alter [his] litigation strategy" based on the pleadings. *Simmons*, 609 F.3d at 1023 (quoting *In re Gayle Sterten*, 546 F.3d 278, 285 (3d Cir. 2008)). Fair notice, however, does not "require a detailed statement of facts." *Roe*, 289 F.R.D. at 608.

The Court must view the pleading in the light most favorable to the pleader when ruling on a motion to strike. *In re 2TheMart.com, Inc. Sec. Litig.*, 114 F. Supp. 2d 955, 965 (C.D. Cal. 2000) (citing *California v. United States*, 512 F. Supp. 36, 39 (N.D. Cal. 1981)). If a claim is stricken, leave to amend should be freely given when doing so would not cause prejudice to the opposing party. *Vogel v. Huntington Oaks Delaware Partners, LLC*, 291 F.R.D. 438, 440 (C.D. Cal. 2013) (citing *Wyshak*, 607 F.2d at 826).

## II. Analysis

### a. Fair Notice Pleading Standard

Plaintiff urges the Court to review the pleaded defenses for plausibility pursuant to *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). ECF No. 54-2 at 3–5. Defendants contend that the Court should only review the pleadings for fair notice. ECF No. 58 at 8–11; ECF No. 59 at 3–5.

The Court declines to apply the plausibility standard here as neither the Ninth Circuit nor the Supreme Court have instructed the courts to depart from the notice-pleading standard applied in evaluating the sufficiency of an affirmative defense. *See Kohler v. Flava Enterprises, Inc.*, 779 F.3d 1016, 1019 (9th Cir. 2015) (applying notice

3

19-cv-0390-GPC-AHG

pleading); *Simmons*, 609 F.3d at 1023 (same); *Wyshak*, 607 F.2d at 827 (same). Moreover, as has been articulated by other district courts in this circuit, there is ample reason to doubt that the plausibility requirements of *Twombly* and *Iqbal* should be extended to affirmative defenses. *See Loi Nguyen*, 358 F. Supp. 3d at 1058–60 (C.D. Cal. 2019); *Kohler v. Islands Restaurants, LP*, 280 F.R.D. 560, 566 (S.D. Cal. 2012); *but see Rahman v. San Diego Accounts Serv.*, No. 16-CV-2061-JLS, 2017 WL 1387206, at *2 (S.D. Cal. Apr. 18, 2017).

Consequently, the Court assesses Defendants' affirmative defenses under the "fair notice" pleading standard. *Wyshak*, 607 F.2d at 827. Plaintiff's arguments that proceed on the heightened "plausibility" standard are inapposite. *See generally* ECF Nos. 60, 61.

**b. Defenses in the First and Second Answers (ECF Nos. 45, 48)**

Defendants Benzimra and Kesselman raise twenty defenses in the First Answer: (1) Failure to State Claim; (2) Waiver; (3) Estoppel; (4) Parole Evidence Rule; (5) Statute of Frauds; (6) Failure to Mitigate; (7) Plaintiff's Default or Defendants' Excuse; (8) Lack of Causation; (9) Mistake; (10) Uncertainty; (11) Good Faith; (12) Unclean Hands; (13) Termination; (14) Privilege; (15) Breach of Covenant of Good Faith and Fair Dealing; (16) Failure of Consideration; (17) Set off; (18) Mootness; (19) Constitutionally Vague; and (20) Right to Raise Other Defenses. ECF No. 45 at 14–20. Defendant MFG asserts the same twenty defenses. ECF No. 48 at 13–17.[1] Plaintiff asks the Court to strike their affirmative defenses. ECF No. 54-2.

The Court **DENIES** Plaintiff's motion as to each defense in the First and Second Answers because the defenses were either adequately pled or may be treated as specific denials. With respect to the First Answer, the Court also **DENIES** Plaintiff's request as to the first, fourth, fifth, ninth, tenth, fourteenth, sixteenth, and nineteenth defenses because Defendants Benzimra and Kesselman have elected to withdraw them. ECF No. 58 at 7;

---

[1] Notably, with the exception of a minor discrepancy as to the nineteenth affirmative defense, the two sets of defenses are alleged verbatim. *Compare* ECF No. 45 at 14–20 *with* ECF No. 48 at 13–17.

4

*see PNC Equip. Fin., LLC v. California Fairs Fin. Auth.*, No. 11-CV-02019-GEB, 2012 WL 2872813, at *8 (E.D. Cal. July 12, 2012).

### i. The Court Construes Negative Defenses as Denials.

Federal Rule of Civil Procedure 8(c) requires that Defendants assert "any avoidance or affirmative defense" in their responsive pleading. Fed. R. Civ. Pro. 8(c). An avoidance is a "statement of new matter, in opposition to a former pleading, which, admitting the facts alleged in such former pleading, shows cause why they should not have their ordinary legal effect." *Lee v. United States*, 765 F.3d 521, 523 (5th Cir. 2014) (quotations omitted). Relatedly, an affirmative defense "limits or excuses a defendant's liability even if the plaintiff establishes a *prima facie* case." *Bell v. Taylor*, 827 F.3d 699, 704 (7th Cir. 2016). Thus, a "defense which demonstrates that plaintiff has not met its burden of proof is not an affirmative defense . . . [and thus need not] be pled in [Defendants'] answer." *Zivkovic v. S. California Edison Co.*, 302 F.3d 1080, 1088 (9th Cir. 2002). Where a Defendant pleads a negative defense as an affirmative defense, courts should "treat it as a specific denial." *Sesto v. Slaine*, 171 F. Supp. 3d 194, 206 (S.D.N.Y. 2016) (quoting *Etienne v. Wal-Mart Stores, Inc.*, 197 F.R.D. 217, 221 (D. Conn. 2000)); *see* Charles Alan Wright & Arthur R. Miller, FED. PRAC. & PROC. CIV. § 1269 (3d ed. Aug. 2019) ("Denial Improperly Labeled as an Affirmative Defense").

Here, the Court first construes Defendants' assertions that Plaintiff's FAC "fails to state facts sufficient to construe a cause of action" or is "fatally uncertain" as denials. ECF No. 45 at 15; ECF No. 48 at 13; ECF No. 49 at 19. Challenging the sufficiency of the complaint should be raised as a motion to dismiss and is not, in any case, an affirmative defense because it challenges Plaintiff's prima facie case. *Vogel v. OM ABS, Inc.*, No. CV 13-01797-RS, 2014 WL 340662, at *3 (C.D. Cal. Jan. 30, 2014). Likewise, an allegation of uncertainty in the FAC should be raised "by a motion for a more definite statement pursuant to Rule 12(e) of the Federal Rules of Civil Procedure, and may now be addressed through discovery." *Sec. People, Inc. v. Classic Woodworking, LLC*, No. C-

5

19-cv-0390-GPC-AHG

04-3133-MMC, 2005 WL 645592, at *4 (N.D. Cal. Mar. 4, 2005). The Court thus construes Defendants' first and tenth affirmative defuses as denials.

Similarly, "is not clear that the parol evidence rule is, in fact, an affirmative defense." *Daniec v. Boatarama, Inc.*, No. 11-61434-CIV, 2012 WL 13005793, at *4 (S.D. Fla. May 31, 2012) (citations omitted); *see also Vista Engineering Technologies, LLC v. Premier Technology, Inc.*, 2010 WL 2103960, at *4 (D. Idaho May 25, 2010) (finding that the parol evidence rule is not an affirmative defense). Here, in their fourth defense, Defendants seek to contradict Plaintiff's claim that the 2017 loan pertained to a residential property. ECF No. 59 at 6. Consequently, Defendants' parol evidence defense is not an affirmative defense, and the Court construes it as a specific denial.

Defendants' seventh and eighth defenses are also negative defenses. Defendants assert that they "fully performed all the terms, conditions, covenants, and promises under the subject agreements" in direct contradiction to Plaintiff's claims. ECF No. 45 at 16; ECF No. 48 at 14. Similarly, Defendants claim in their eighth affirmative defense that Plaintiff's harm is "solely attributable to the conduct of persons other than Defendant (including Plaintiff)." ECF No. 45 at 16–17; ECF No. 48 at 15. Thus, through their seventh and eight claims, Defendants' merely claim that "[they] did not do it." *See F.T.C. v. Think All Pub. L.L.C.*, 564 F. Supp. 2d 663, 665 (E.D. Tex. 2008). As such, the Court also elects to treat these affirmative defenses as specific denials.

Defendants' thirteenth defense is also not a true affirmative defense. Because Defendants' "termination" defense pertains to the parties' conduct surrounding the 2016 loan, ECF No. 59 at 9–10, it is not an independent defense and will "get litigated at *some* point" if the case advances. *See Perez v. Nuzon Corp.*, No. CV-16-00363-CJC, 2016 WL 11002544, at *3 (C.D. Cal. June 6, 2016) (emphasis in original). Consequently, the Court will treat it as a denial.

### ii. The Court Does Not Strike Adequately Pled Defenses or Inadequately Pled Defenses that Do Not Prejudice Plaintiff.

Notice pleading does not "require a detailed statement of facts." *Kohler v. Staples the Office Superstore, LLC*, 291 F.R.D. 464, 468 (S.D. Cal. 2013). Rather, Defendant need only "state the nature and grounds for the affirmative defense." *Id.* Hence, the Court recognizes that, for "well-established defenses, merely naming them may be sufficient" to give notice as such defenses will be readily understood by the parties. *See DC Labs Inc. v. Celebrity Signatures Int'l, Inc.*, No. 12-CV-01454-BEN, 2013 WL 4026366, at *4 (S.D. Cal. Aug. 6, 2013). Because this is the case for Defendant's second ("waiver"), third ("estoppel"), fifth ("statute of frauds"), ninth ("mistake"), eleventh ("good faith"), twelfth ("unclean hands"), sixteenth ("failure of consideration"), and eighteenth ("mootness") defenses, the Court denies Plaintiff's motion as to these defenses. ECF No. 45 at 15–17; ECF No 48 at 14–15; *see also* Fed. R. Civ. Pro. 8(c) (incorporating some of these defenses as classic affirmative defenses).

The Court also denies the motion to strike Defendants' sixth, seventeenth, and nineteenth defenses. "Failure to mitigate damages is an affirmative defense," *Travellers Int'l, A.G. v. Trans World Airlines, Inc.*, 41 F.3d 1570, 1580 (2d Cir. 1994), as is set off. *Wapato Heritage LLC v. Evans*, 430 F. App'x 557, 559 (9th Cir. 2011) (citation omitted). Both defenses, moreover, are commonly understood legal defenses. *See Citizens Bank of Maryland v. Strumpf*, 516 U.S. 16, 19 (1995) (discussing set offs); Robert E. Anderson, et al., AMERICAN JURISPRUDENCE § 347 (2d Ed. 2019) (contrasting set off and mitigation). Defendant's straightforward allegation that Plaintiff's claims are "based on an unconstitutionally vague statute" similarly provides Plaintiff with sufficient notice. ECF No. 45 at 18; ECF No. 48 at 16; *Roe*, 289 F.R.D. at 608.

The Court will not strike Defendants' fourteenth affirmative and fifteenth affirmative defenses either. Defendants' assertion of "privilege," ECF No. 45 at 17; ECF No. 48 at 16, relies on their "good faith compliance" with Consumer Financial Protection Board rules and regulations, ECF 59 at 8, such that their eleventh and fourteenth defenses are "effectively identical." *Dairy Employees Union Local No. 17 v. Dairy*, No. 14-CV-01295-RSWL, 2015 WL 505934, at *7 (C.D. Cal. Feb. 6, 2015). Similarly, Defendants

ground their fifteenth affirmative defense in the same statutory code as their "unclean hands" defense without distinguishing these two defenses in their Answers or response papers. *See* ECF No. 59 at 8 (quoting 15 U.S.C. § 1640(I)) ("exemption from liability and rescission in case of borrower fraud or deception"). Nonetheless, the Court does not strike these defenses because Plaintiff has not shown that he will be prejudiced by their presence in Defendants' Answers. Retaining these defenses will not likely result in "expensive and potentially unnecessary and irrelevant discovery." *Stevens v. Corelogic, Inc.*, No. 14-CV-1158-BAS, 2015 WL 7272222, at *3 (S.D. Cal. Nov. 17, 2015) (quoting *Qarbon.com Inc. v. eHelp Corp.*, 315 F. Supp. 2d 1046, 1049 (N.D. Cal. 2004)).

Lastly, the Court does not strike Defendant's twentieth affirmative defense "reserve[ing] the right to allege other affirmative defenses." ECF No. 45 at 18; ECF No. 48 at 16–17. All defendants must comport with Federal Rule of Civil Procedure 15 when seeking amend an answer, so reserving those rights has no legal effect. *Consumer Fin. Prot. Bureau v. Glob. Fin. Support, Inc.*, No. 15-CV-02440-GPC, 2016 WL 727075, at *5–6 (S.D. Cal. Feb. 24, 2016). Hence, Plaintiff is not prejudiced by this defense. *Stevens*, 2015 WL 7272222, at *3.

    **c. Defenses in the Third Answer (ECF No. 49)**

Defendants Jeffrey Myers, Kathleen Myers, Andres Salsido Trustee, Benning Management Group 401(k) Profit Sharing Plan, Christopher Myers, Vickie McCarty, Delores Thompson, Kimberly Gill Rabinoff, Steven M. Cobin, Trustee, Susan L. Cobin, Trustee, Equity Trust Company, Custodian FBO Steven M. Cobin Traditional IRA, Todd B. Cobin, Trustee, Barbara A. Corbin, Trustee, Fasack Investments LLC assert fourteen affirmative defenses in the Third Answer. ECF No. 49 at 19–22. Defendants withdraw the first affirmative defense for failure to state a claim. ECF No. 58 at 7. The remaining defenses are (2) Estoppel; (3) Laches; (4) Waiver; (5) Consent; (6) Unclean Hands; (7) Unjust Enrichment; (8) Business Justification; (9) Statute of Limitations; (10) Lack of Breach of Contractual Duty; (11) Lack of Fraudulent Conduct; (12) Full Disclosure; (13) Lack of Duty of Care; and (14) Additional Affirmative Defenses. *Id.* Plaintiff moves the

8

Court to strike all of Defendant's affirmative defenses. ECF No. 54-2 at 3–5. The Court **DENIES** Plaintiff's request as to the Third Answer.

Here, six of Defendants' defenses challenge the merits of Plaintiff's claims such that they are negative defenses and not affirmative defenses. *Zivkovic*, 302 F.3d at 1088. First, in their eighth defense, Defendants allege that they did not behave fraudulently, and instead acted pursuant to a "legitimate and substantial business justification." ECF No. 58 at 14. This plainly contradicts Plaintiff's allegations that Defendants altered the structure and terms of the loans without Plaintiff's consent. ECF No. 13 at ¶¶ 140–43. Second, Defendants' tenth defense that there was no "breach of a contractual duty" directly contradicts Plaintiff's claims that Defendants' included unlawful, balloon payments in the loans. *Compare* ECF No. 49 at 21 *with* ECF No. 13 at ¶¶ 131–32. Third, Defendants' eleventh defense denying any "fraudulent conduct" similarly contradicts Plaintiff's allegations that Defendants failed to assess his ability to pay and materially altered the 2017 deed. *Compare* ECF No. 49 at 21 *with* ECF No. 13 at ¶¶ 110–14, 131–32. Fourth, Defendants' twelfth defense that they "complied with all federal and state disclosure requirements" is at odds with Plaintiff's allegation that critical information was not disclosed to him during the transaction. *Id.* Fifth, Defendants' thirteenth defense that Defendants' lacked any duty of care goes to Defendants' alleged "fiduciary duty" as to the loan documents that form the basis of Plaintiff's claims. ECF No. 58 at 15.

Consequently, the Court finds that Defendants' eighth, tenth, eleventh, twelfth, and thirteenth defenses "attack . . . plaintiff's case-in-chief" as is typical of negative defenses. *TSX Toys, Inc. v. 665, Inc.*, No. CV-14-02400-RGK, 2015 WL 12746211, at *7–8 (C.D. Cal. Sept. 23, 2015) (citations omitted). The Court elects to treat these defenses as denials. *See Martinez v. Naranjo*, 328 F.R.D. 581, 598 (D.N.M. 2018) (finding it would be a "time waste" to strike Defendants' incorrectly labeled defenses).

In contrast, the Court finds that Defendants' second ("estoppel"), third ("laches"), fourth ("waiver"), fifth ("consent"), sixth ("unclean hands"), seventh ("unjust enrichment"), and ninth ("statute of limitations") are adequately pled, affirmative

defenses. Having reviewed Defendants' allegations, the Court finds that Defendant's pleadings give Plaintiff fair notice of each defense. *Wyshak*, 607 F.2d at 827; *DC Labs*, 2013 WL 4026366, at *4. Lastly, the Court also finds that, while Defendants' fourteenth defense is not properly pled as an affirmative defense, there is no prejudice to Plaintiff in choosing not to strike this defense as Federal Rule of Civil Procedure 15 will nonetheless govern any future amendments to Defendants' Third Answer.

## III. Conclusion

Based on the foregoing analysis, the Court **DENIES** Plaintiff's motion to strike the fifty-four affirmative defenses asserted by all Defendants across the three Answers.

**IT IS SO ORDERED.**

Dated: November 13, 2019

Hon. Gonzalo P. Curiel
United States District Judge