UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Dale Sundby, Trustee,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>Marquee Funding Group, Inc.; Salomon Benzimra, Trustee; Stanley Kesselman, Trustee; Jeffrey Myers; Kathleen Myers; Andres Salsido, Trustee; Benning Management Group 401(k) Profit Sharing Plan; Christopher Myers; Vickie McCarty; Dolores Thompson; Kimberly Gill Rabinoff; Steven M. Cobin, Trustee; Susan L. Cobin, Trustee; Equity Trust Company, Custodian FBO Steven M. Cobin Traditional IRA; Todd B. Cobin, Trustee; Barbara A. Cobin, Trustee; Fasack Investments LLC; and Does 1-X,<br><br>　　　　　　　　　　Defendants. | Case No.: 3:19-cv-0390-GPC-AHG<br><br>**ORDER DENYING MOTION FOR JUDGMENT ON THE PLEADINGS.**<br><br>**ECF NO. 62.** |

Before the Court is Plaintiff Dale Sundby's motion for judgment on the pleadings. The motion has been fully briefed. Upon consideration of the moving papers and the applicable law, and for the following reasons, the Court **DENIES** Plaintiff's motion.

**I.　　Procedural History**

1

On November 3, 2019, Plaintiff filed a motion for judgment on the pleadings under Federal Rule of Civil Procedure ("Rule") 12(c). (ECF No. 62). The Pleadings here include Plaintiff's First Amended Complaint (the "FAC"), (ECF No. 13), and Defendants' three Answers. (ECF Nos. 45, 48, 49.) Plaintiff's motion includes 26 voluminous exhibits, (*see* ECF No. 62-4 (Index of Exhibits)), and a request to take judicial notice of an amicus brief in another matter. (ECF No. 62-3).

On December 5, 2019, Defendants Salomon Benzimra, Trustee, Stanley Kesselman, Trustee, Jeffrey Myers, Kathleen Myers, Andres Salsido Trustee, Benning Management Group 401(k) Profit Sharing Plan, Christopher Myers, Vickie McCarty, Delores Thompson, Kimberly Gill Rabinoff, Steven M. Cobin, Trustee, Susan L. Cobin, Trustee, Equity Trust Company, Custodian FBO Steven M. Cobin Traditional IRA, Todd B. Cobin, Trustee, Barbara A. Corbin, Trustee, Fasack Investments LLC (collectively, the "Lender Defendants") filed the first opposition. (ECF No. 75.) The Lender Defendants attach, to an accompanying declaration by Counsel Troy Slome various, prior filings in this matter. (*See* ECF No. 75-1 at 2–3 (Index of Exhibits)).

On December 6, 2019, Marquee Funding Group, Inc. ("MFG") filed the second opposition. (ECF No. 76.) Defendant MFG "joins in and incorporates" the Lender Defendants' arguments. (*Id.* at 2–5.) Defendant MFG also writes separately to request that the Court treat Plaintiff's motion for judgment on the pleadings as a motion for summary judgment, to set a briefing schedule on the motion, and to offer preliminary arguments against the motion as such. (*Id.* at 5–11.)

On December 19, 2019, Plaintiff filed a reply to the Lender Defendants' opposition. (ECF No. 77.) Plaintiff's first reply contains another request for judicial notice of five documents filed in this action. (*See* ECF No. 77-1 at 2 (Index of Exhibits)). On December 20, 2019, Plaintiff filed a reply to MFG's opposition. (ECF No. 78).

**II.  Requests for Judicial Notice.**

Courts generally do not consider materials beyond the pleadings when ruling on a motion for judgment on the pleadings. *See Harris v. Cty. of Orange*, 682 F.3d 1126, 1128

(9th Cir. 2012). However, if so inclined, a court may take judicial notice of a fact that "(1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

Judicial notice is appropriate in "matters of public record" not disputed by the opposing party. *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018), *cert. denied sub nom. Hagan v. Khoja*, 139 S. Ct. 2615 (2019). Courts may also take judicial notice of documents attached to, or "properly submitted as part of," the complaint. *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001). In applying the doctrine of judicial notice to any document, the Court must specify what facts it has judicially noticed within that document. *Khoja*, 899 F.3d at 999–1000.

A court may typically take notice of orders and filings in other proceedings. *See United States v. Black*, 482 F.3d 1035, 1041 (9th Cir.2007) (noting that a court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a *direct relation* to matters at issue") (emphasis added). It is also "well established that a court may take judicial notice of its own records." *United States v. Author Servs., Inc.*, 804 F.2d 1520, 1523 (9th Cir. 1986), *amended*, 811 F.2d 1264 (9th Cir. 1987), *and overruled on other grounds by United States v. Jose*, 131 F.3d 1325 (9th Cir. 1997); *see Shuttlesworth v. City of Birmingham*, 394 U.S. 147, 157 (1969).

Turning to Plaintiff's first request for judicial notice, (ECF No. 62-3), the Court declines to take judicial notice of a brief filed by the National Consumer Law Center as amicus curiae on April 20, 2014 before the Ninth Circuit in *Robert Burns, et al v. HSBC Bank USA, et al*, Case No. 13-56680. The brief does not bear any relation to the facts of this case, except that it too arises under TILA. *U.S. ex rel. Modglin v. DJO Glob. Inc.*, 48 F. Supp. 3d 1362, 1383 (C.D. Cal. 2014), *aff'd sub nom. United States v. DJO Glob.*, Inc., 678 F. App'x 594 (9th Cir. 2017) (declining to consider "irrelevant" documents). Plaintiff, moreover, does not specify which facts in the document should be noticed and, the brief's legal arguments cannot be noticed. *See Blye v. California Supreme Court*, No.

3

CV-11-5046-DWM, 2014 WL 295022, at *1 (N.D. Cal. Jan. 21, 2014) ("A request for judicial notice is not a proper vehicle for legal argument").

As to Plaintiff's second request, (ECF No. 77-1), the Court also declines to take judicial notice of five prior filings and orders in this matter. (*See* ECF No. 77-1 at 2 (listing the five documents as ECF Nos. 30-1, 31-2, 31-3, 33-1, and 44)). Certainly, a Court has the authority to take notice of documents in matters before the Court. *See Author Servs., Inc.*, 804 F.2d at 1523. However, there is no reason to do so here. Four of the documents cited by Plaintiff in his request are not referenced in his reply, and thus is it unclear why they should be judicially noticed. As to the fifth document, this Court's order denying Defendants' motion to dismiss, (ECF No. 40), it need not be noticed for Plaintiff to refer to it in his arguments. (*See* ECF No. 77 at 4.)

Consequently, both of Plaintiff's requests are denied. (ECF Nos. 62-3, 77-1).

## III. Defendant MFG's Request Under Rule 12(d).

### a. Standard of Review

If "matters outside the pleadings are . . . not excluded by the court, the motion *must* be treated as one for summary judgment under Rule 56." Fed. R. Civ. Pro. 12(d) (emphasis added); *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1550 (9th Cir. 1989). "Whether to convert a Rule 12(b)(6) motion into one for summary judgment pursuant to Rule 12(d) is at the discretion of the district court." *Adobe Sys. Inc. v. Blue Source Grp., Inc.*, 125 F. Supp. 3d 945, 968 (N.D. Cal. 2015); *see also* Arthur R. Miller, Mary Kay Kane, A. Benjamin Spencer, *Federal Practice & Procedure* § 1371 (2018 3d ed.) (discussing a court's discretionary authority under Rule 12(d)). Because Rule 12(d) requires that "*[a]ll* parties must be given a reasonable opportunity to present *all* the material that is pertinent to the motion," such a decision requires that courts consider whether the Parties have sufficient notice and an opportunity to respond. *Id.* (emphasis added); *see Rubert-Torres v. Hosp. San Pablo, Inc.*, 205 F.3d 472, 476 (1st Cir. 2000) (requiring, at a minimum, a party have constructive notice that the motion may be converted at the time of filing); *Morales v. City of Delano*, No. 1:10-CV-1203-AWI,

2012 WL 1669398, at *2 (E.D. Cal. May 11, 2012) (converting motion based on the parties' "mutual recognition that the court must convert"). Likewise, if a claim or defense would benefit from additional discovery, a court is likely to not consider the documents and forgo converting the motion into one for summary judgment. *See Rubert-Torres*, 205 F.3d at 475; *Century Sur. Co. v. Master Design Drywall, Inc.*, No. 09-CV-0280-LAB, 2009 WL 3425326, at *2 (S.D. Cal. Oct. 21, 2009).

Courts, however, recognize a series of well-worn exceptions to Rule 12(d), including (1) attachments to the complaint, *Lee*, 250 F.3d at 688, (2) judicially noticed documents, *Khoja*, 899 F.3d 988, or (3) documents incorporated by reference. *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010). As relevant here, a plaintiff incorporates a document by reference where the complaint "refers extensively to the document or the document forms the basis of the plaintiff's claim." *Khoja*, 899 F.3d at 999–1002. However, the "mere mention of the existence of a document is insufficient to incorporate the contents" of a document. *Id.* at 1002. And, a document cannot be incorporated if another party questions its authenticity. *See Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994), *overruled on other grounds by Galbraith v. Cty. of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002).

**b. Analysis**

Defendant MFG asks that the Court treat Plaintiff's motion for judgment on the pleadings as a motion for partial summary judgment pursuant to Rule 12(d). (ECF No. 76 at 5–6.) Defendant MFG asserts that the attachments to Plaintiff's motion cannot be judicially noticed or incorporated by reference because the "authenticity, validity and efficacy of the loan documents is in issue." (*Id.*) Specifically, Defendant disputes whether Plaintiff "authorized changes to the documents." (*Id.*)

Plaintiff responds that the motion's attachments are incorporated by reference, and thus the motion need not be converted. (ECF No. 78 at 2 (citing *Mulinix v. Unifund CCR Partners*, No. 07-CV-1629-DMS, 2008 WL 2001747, at *1 (S.D. Cal. May 5, 2008)). Plaintiff also notes that Defendant MFG mischaracterizes his filing, and that his request

5

for judicial notice does not encompass the exhibits. (*Id.*; *see also* ECF No. 62-3 at 2).

Here, the Court agrees with Plaintiff and finds that the attachments to his instant motion are incorporated by reference. As Plaintiff notes in reply, (ECF No. 78 at 2), the Court has already addressed this issue by stating the following in a prior order:

> "All the documents referred to in this case are cognizable by the Court upon a Rule 12(b)(6) challenge. The documents attached to Plaintiff's opposition brief were incorporated by reference in his FAC. The Court may thus consider them. *See, e.g.*, *Mulinix v. Unifund CCR Partners*, No. 07-1629DMS, 2008 WL 2001747 (S.D. Cal. May 5, 2008) ("A complaint is deemed to include materials incorporated by reference and documents that, although not incorporated by reference, are 'integral' to the complaint."). Defendants' materials are also appropriately subject to notice. For one, their proffered deeds and notes are incorporated by reference in Plaintiff's FAC, and are integral to Plaintiff's claim that they have been improperly altered. Furthermore, they are independently judicially noticeable. *See, e.g.*, *Fimbres v. Chapel Mort. Corp.*, No. 09-CV-0886-IEG (POR), 2009 WL 4163332, at *3 (S.D. Cal. Nov. 20, 2009) (taking judicial notice of deed of trust).

(ECF No. 44 at 9.) The Court sees no reason to reconsider that ruling now as Defendant MFG's only argument on point – i.e., that the question of whether Plaintiff consented to changing the loan documents is a fact in dispute – is of no consequence. (ECF No. 76 at 5–6.) After all, Defendant MFG's argument does not raise a dispute as to the authenticity of the loan documents themselves, just what occurred to alter them. (*Compare* ECF No. 13 at ¶ 109 ("The recorded deed ('2017 Altered Deed') was not the 2017 Signed Deed") *with, e.g.*, ECF No. 48 at ¶ 109 ("Defendant admits that the identified documents are the best evidence of the content thereof and denies any allegation characterizing the content thereof in Paragraph 109 of the FAC.")); *see also Branch*, 14 F.3d at 454.

In addition, to the extent this Court's prior ruling did not cover all 26 of the documents attached to Plaintiff's motion, the Court finds the attachments are incorporated by reference. First, each of the 26 documents were referenced and discussed in the FAC. (*See* ECF No. 62-4 at 2–4 (citations for each document)). Second, these documents – disclosures, notes, deeds, e-mails, etc. – are "integral" to the instant lawsuit in that Plaintiff's claims turn on their content or because the documents are "themselves

6

3:19-cv-0390-GPC-AHG

alleged to violate" TILA. *Figueroa v. Law Offices of Patenaude & Felix, A.P.C.*, No. ED-CV-14325-JGB, 2014 WL 12597118, at *2 (C.D. Cal. May 30, 2014). Other courts considering mortgage and foreclosure cases have also incorporated or judicially noticed similar documents. *See, e.g.*, *Haynish v. Bank of America, N.A.*, 284 F. Supp. 3d 1037, 1045 (N.D. Cal. 2018); *Tefera v. OneWest Bank, FSB*, 19 F. Supp. 3d 215, 221 (D.D.C. 2014). Lastly, Defendant MFG does not now dispute the authenticity of these documents. (*See, e.g.*, ECF No. 48 at ¶¶ 27–35, 37, 39–42, 46, 48–50, 54–63, 71–75, 77–80.)

Thus, the Court finds that Rule 12(d) does not apply here because the attachments to Plaintiff's motion have been incorporated by reference. This decision is appropriate, moreover, given the Parties' ongoing discovery and the Court's concerns as to notice. As Defendant notes, fact "discovery only just commenced on November 26, 2019," (ECF No. 76 at 6), and is due to continue until March 2, 2020. (ECF No. 70 at ¶ 2.) Because discovery may yield information material to the Defendants' alleged affirmative defenses or which corroborates Plaintiff's allegations, it would be imprudent for the Court to convert Plaintiff's motion and entertain summary judgment at this time. *See Rubert-Torres*, 205 F.3d at 475 (noting the importance of discovery under Rule 12(d)); *Soratorio v. Tesoro Ref. & Mktg. Co., LLC*, No. CV-17-1554, 2017 WL 1520416, at *4 (C.D. Cal. Apr. 26, 2017) (same); *Century Sur. Co.*, 2009 WL 3425326, at *2 (same).

In addition, it is plainly not the case that "[a]ll parties" have received a "reasonable opportunity to present all the material that is pertinent to the motion." *See* Fed. R. Civ. Pro. 12(d). The Lender Defendants have not addressed the arguments now raised by Defendant MFG and, while Plaintiff touched on Defendant MFG's arguments in reply, (ECF No. 78), that is no substitute for a full briefing schedule – as Defendant MFG appears to recognize in requesting a schedule for its upcoming "cross-motion" for summary judgment. (*See* ECF No. 76 at 2.)[1] In addition, as it appears that *pro se* Plaintiff

---

[1] The Court respectfully reminds Defendant MFG that, pursuant to Local Rule 7.1, a party cannot file a motion that must be briefed by both parties without first obtaining a hearing date from chambers. CivLR

7

attached the documents to his motion with the understanding that they were already incorporated, (ECF No. 78 at 2), and thus did not intentionally "invite[]" conversion, the Court is reluctant to treat Plaintiff's motion as one for summary judgment at this time. *See San Pedro Hotel Co. v. City of Los Angeles*, 159 F.3d 470, 477 (9th Cir. 1998) (quotation omitted).

Consequently, Defendant's request under Rule 12(d) is denied. (ECF No. 76.) In addition, because the Court will not treat Plaintiff's motion as one for summary judgment, the Court **DENIES** without prejudice Defendant MFG's other arguments as premature. (ECF No. 76 at 7–11.) Defendant MFG may re-assert its arguments in a properly filed motion for summary judgment.

## IV. Plaintiff's Motion for Judgment on the Pleadings

### a. Standard for Rule 12(c) Motions

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. Pro. 12(c). A motion for judgment on the pleadings under Rule 12(c) is evaluated under a "substantially identical" standard to that of a Rule 12(b)(6) motion to dismiss, "because, under both rules, a court must determine whether the facts alleged in the complaint, taken as true, entitle the plaintiff to a legal remedy." *Chavez v. United States*, 683 F.3d 1102, 1108 (9th Cir. 2012) (citation and internal quotation marks omitted); *see also Hason v. Los Angeles Cty.*, No. CV-11-5382-SVW, 2013 WL 12377029, at *1 (C.D. Cal. Apr. 30, 2013).

Consequently, a judgment on the pleadings is proper when the moving party clearly establishes on the face of the pleadings that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law. *Doleman v. Meiji Mut. Life Ins. Co.*, 727 F.2d 1480, 1482 (9th Cir. 1984). If "the defendant raises an affirmative

---

7.1.e.1. The Court will not set a briefing schedule until Defendant's counsel call chambers to do so. A failure to abide by this rule is grounds to deny any motion. *Prof'l Programs Grp. v. Dep't of Commerce*, 29 F.3d 1349, 1353 (9th Cir. 1994) (finding that local rules have the "force of law").

defense in his answer it will usually bar judgment on the pleadings." *Gen. Conference Corp. of Seventh-Day Adventists v. Seventh-Day Adventist Congregational Church*, 887 F.2d 228, 230 (9th Cir. 1989) (hereinafter "*Seventh-Day Adventist*"). When considering a motion under Rule 12(c), the court "must accept all factual allegations in the complaint as true and construe them in the light most favorable to the non-moving party." *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009).

### b. Defendants Dispute Plaintiff's Material Allegations

Plaintiff now moves the Court for a judgment on the pleadings as to his two causes of action. (ECF No. 62 -2.) With respect to his TILA claims, Plaintiff asserts that the 2016 and 2017 loans violated TILA's prepayment penalties provision (15 U.S.C. § 1639(c)), arbitration provision (15 U.S.C. § 1639c(e)(1)), and ability-to-pay provision (15 U.S.C. § 1639b(C)(3)(A)(i)). (*Id.* at 2.) With respect to his state law claim for declaratory judgment, Plaintiff seeks reconveyance of the property and a declaration that 2017 Altered Note and Deed are void *ab initio*. (*Id.*; ECF No. 13 at 21.) The Court has already found that Plaintiff's arguments are adequately pled to survive a motion to dismiss, and thus need not re-assess the adequacy of Plaintiff's pleadings now. (ECF No. 44.)

Instead, the Court looks to whether Defendants' Answers "raise[] issues of fact or an affirmative defense which, if proved, would defeat plaintiff's recovery." *Qwest Commc'ns Corp. v. City of Berkeley*, 208 F.R.D. 288, 291 (N.D. Cal. 2002) (citing *Seventh-Day Adventist*, 887 F.2d at 230). Here, they do.[2]

As a threshold matter, Plaintiff's argument that "the only alleged facts required to prove the claims were previously admitted" is unavailing. (ECF No. 77 at 2.) That the Court has incorporated the exhibits attached to Plaintiff's motion by reference does not mean that the Court adopts their contents as true. *See Sgro v. Danone Waters of N. Am., Inc.*, 532 F.3d 940, 942 n.1 (9th Cir. 2008) (considering a document referenced by the

---

[2] Defendant MFG joins in the arguments presented by the other Defendants. Consequently, the Court refers to all the Defendants collectively in addressing these arguments. (ECF No. 76 at 3.)

complaint but declining to accept its contents as true). Defendants contest Plaintiff's characterization of the documents and their effect, and thus the facts in those documents – even if incorporated into the complaint – remain in dispute. (ECF No. 75 at 11–13.) Consequently, the Court declines Plaintiff's invitation to "resolv[e] factual disputes at the pleading stage." *Khoja*, 899 F.3d at 1003. If Plaintiff seeks a finding of fact, trial or summary judgment are the more appropriate vehicles. *See Hsu v. Puma Biotechnology, Inc.*, 213 F. Supp. 3d 1275, 1281–82 (C.D. Cal. 2016) (describing how a party's reliance on voluminous exhibits at the pleading stage often results in arguments "more appropriate for a motion for summary judgment or some other later stage of the case").

Defendants, moreover, correctly note that a response in an Answer expressing a "lack[ of] knowledge or information sufficient to form a belief about the truth of an allegation . . . has the effect of a denial." Fed. R. Civ. P. 8; *see Gencarelli v. Twentieth Century Fox Film Corp.*, No. 2:17-CV-02818-ODW, 2018 WL 376664, at *4 (C.D. Cal. Jan. 11, 2018); *Schroeder v. Hundley*, No. 17-CV-919-JLS, 2017 WL 6945405, at *2 (S.D. Cal. Sept. 13, 2017). Thus, contrary to Plaintiff's assertions, Defendants' Answers largely deny Plaintiff's allegations. (*See* ECF No. 75 at 11–13 (stating that the Answer filed by the Lender Defendants, (ECF No. 49), asserts denials as to 94 of 103 paragraphs in the Factual Allegation section and that the Answer filed by Defendants Benzimira and Kesselman, (ECF No. 45), asserts denials as to 79 paragraphs). Plaintiff does not dispute this point in reply. (ECF No. 77 at 2.)

Some of Defendants' denials, moreover, directly address claims core to the FAC. As to the first cause of action, Defendants deny violating TILA's prohibition on prepayment penalty provisions, (ECF No. 45 at ¶¶ 131(c), 132(c); ECF No. 48 at ¶¶ 131(c), 132(c); ECF No. 49 at ¶¶ 131(c), 132(c)), TILA's ban on mandatory arbitration provisions, (ECF No. 45 at ¶¶ 74, 75; ECF No. 48 at ¶¶ 74, 75; ECF No. 49 at ¶¶ 74, 75), and TILA's requirement that the lender assess a party's ability to pay. (ECF No. 45 at ¶¶ 131(d)–(e), 132(d)–(e); ECF No. 48 at ¶¶ 131(d)–(e), 132(d)–(e); ECF No. 49 at ¶¶ 131(d)–(e), 132(d)–(e)). As to the second cause of action, Defendants likewise deny

altering any documents without Plaintiff's consent. (*See, e.g.*, ECF No. 45 at ¶¶ 140, 142; ECF No. 48 at ¶¶ 140, 142; ECF No. 49 at ¶¶ 140, 142).

In addition, Defendants plead various affirmative defenses which they claim, "if proven at trial, would bar Plaintiff's claim for TILA damages in the Complaint." (*See* ECF No. 75 at 8–11.) And, though Defendants do not allege how each of their defenses is to apply with great specificity, they need not do so given the Ninth Circuit's more lenient standard for affirmative defenses. (ECF No. 64); *see Wyshak v. City Nat'l Bank*, 607 F.2d 824, 827 (9th Cir. 1979), *overruled on other grounds by Castro v. County of Los Angeles*, 833 F.3d 1060 (9th Cir. 2016) (en banc).

Consequently, because the Court is required to take the non-moving parties' assertions as true, the Court finds that Defendants' denials and affirmative defenses create an issue of disputed fact, and that alone is sufficient to withstand Plaintiff's motion. (ECF No. 77 at 2.); *Esilicon Corp. v. Silicon Space Tech. Corp.*, No. C -11-06184-EDL, 2012 WL 12920837, at *2 (N.D. Cal. Oct. 3, 2012) (citing *Seventh-Day Adventists*, 887 F.2d at 230) ("A plaintiff is not entitled to judgment on the pleadings if the answer raises issues of fact or an affirmative defense which, if proved, would defeat plaintiff's recovery.") Plaintiff's arguments that the incorporated documents alone entitle him to judgment at this time are misplaced. (ECF No. 77 at 5–8.)

### c. The Court Defers Plaintiff's Other Arguments

With respect to Plaintiff's first cause of action, Plaintiff asserts that 15 U.S.C. § 1640 precludes Defendant from raising affirmative defenses except those listed in the statute. (ECF No. 77 at 3.) For this proposition, Plaintiff cites *Semar*, wherein the Ninth Circuit held that a technical violation of TILA (a failure to provide adequate notice of plaintiffs' 3-day cancellation right) permitted plaintiffs to rescind a loan agreement, without regard for plaintiffs' subsequent conduct or the fact that the violation was immaterial. *Semar v. Platte Valley Fed. Sav. & Loan Ass'n*, 791 F.2d 699, 705 (9th Cir. 1986); *see also Buie v. Palm Springs Motors, Inc.*, 36 F. App'x 328, 329 (9th Cir. 2002) (noting that the Ninth Circuit has "explicitly rejected the claim that equitable

considerations are a defense to TILA liability"); *Jackson v. Grant*, 890 F.2d 118, 120 (9th Cir. 1989) (noting that "[e]ven technical or minor violations of the TILA impose liability on the creditor").

Plaintiff, however, only asserts this argument in reply, and does so briefly at that. Plaintiff did not raise this argument in his initial motion, (ECF No. 62-2), nor has he raised it in prior motions directed at the pleadings. (ECF No. 54-2). And, a district court "need not consider arguments raised for the first time in a reply brief." *See Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007); *see also United States v. Anderson*, 472 F.3d 662, 668 (9th Cir. 2006) (recognizing the general principle that arguments raised for the first time in a reply brief are waived); *Architectureart, LLC v. City of San Diego*, No. 15-CV-1592-BAS, 2016 WL 1077124, at *3 (S.D. Cal. Mar. 18, 2016) (declining to consider arguments raised in a reply on a motion to dismiss). Because Plaintiff has, perhaps inadvertently, deprived Defendants of a meaningful opportunity to address what he contends is a dispositive argument, the Court declines to consider this argument now.

Likewise, Plaintiff presents a last-minute request for an order satisfying the second cause of action in reply, thereby precluding Defendants from responding as to whether an order should be issued. (ECF No. 77 at 8–11.) The Court also declines to consider this argument at this time. *Zamani*, 491 F.3d at 997.

## V. Conclusion.

For the foregoing reasons, the Court finds that Plaintiff's motion for judgment on the pleadings fails. Defendants' denials and affirmative defenses create issues of fact that cannot be resolved at this stage, and Plaintiff's other arguments presented only in reply are not properly before the Court now.

**IT IS SO ORDERED.**

**Dated: January 28, 2020**

Hon. Gonzalo P. Curiel
United States District Judge