UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Dale Sundby, Trustee,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>Marquee Funding Group, Inc.; Salomon Benzimra, Trustee; Stanley Kesselman, Trustee; Jeffrey Myers; Kathleen Myers; Andres Salsido, Trustee; Benning Management Group 401(k) Profit Sharing Plan; Christopher Myers; Vickie McCarty; Dolores Thompson; Kimberly Gill Rabinoff; Steven M. Cobin, Trustee; Susan L. Cobin, Trustee; Equity Trust Company, Custodian FBO Steven M. Cobin Traditional IRA; Todd B. Cobin, Trustee; Barbara A. Cobin, Trustee; Fasack Investments LLC; and Does 1-X,<br><br>　　　　　　　　　Defendants. | Case No.: 19-cv-00390-GPC-AHG<br><br>**ORDER DENYING PLAINTIFF'S OBJECTION**<br><br>**(ECF Nos. 94, 100.)** |

This Order addresses Plaintiff's Objection to Magistrate Allison H. Goddard's discovery order dated March 4, 2020. (ECF Nos. 92, 94.) As the motion is fully briefed,

1

the Court hereby decides the motion without oral argument pursuant to Local Rule 7.1.d.1. For the reasons that follow, Plaintiff's Objection cannot be adequately reviewed by the Court as Plaintiff has failed to provide an adequate record for the Court to review the Magistrate Judge's order. Accordingly, Plaintiff's Objection is **DENIED**.

## I. Background

### A. The Magistrate's March 4, 2020 Order

On March 4, 2020, Magistrate Judge Allison H. Goddard extended "the fact discovery deadline from March 2, 2020 to May 4, 2020 for the sole and limited purpose of allowing counsel for the Defendants[1] to take the depositions of Plaintiff Dale Sundby and his wife, Edith Sundby, who is a key fact witness in this matter as a co-borrower on the loan underlying this litigation." (ECF No. 92 at 2.) The March 4, 2020 Order memorialized a decision by the Magistrate Judge that was made during the Parties' telephonic status conference on March 3, 2020. (*Id.* at 1.)

The March 4, 2020 Order further clarified the Parties' responsibilities in arranging for Mrs. Sundby's deposition. The Magistrate Judge instructed counsel for the Defendants to comply with the requirements of Rule 45 in arranging Mrs. Sundby's deposition as she is as non-party to the action. (*Id.* at 2.) The Magistrate Judge further instructed Plaintiff and Mr. Slome to meet and confer "immediately," and in good faith, to arrange the depositions of Mrs. Sundby and Plaintiff, including the relevant dates and locations as well as "an agreeable manner of service of the Rule 45 subpoena on Mrs. Sundby." (*Id.*)

///

///

---

[1] In using the term "Defendants," the Court refers to Benning Management Group 401(k) Profit Sharing Plan, Salomon Benzimra, Barbara A. Cobin, Steven M. Cobin, Steven M. Cobin, Susan L. Cobin, Todd B. Cobin, Fasak Investments LLC, Stanley Kesselman, Vickie McCarty, Christopher Myers, Jeffrey Myers, Kathleen Myers, and Kimberly Gill.

2

If the Parties fail to reach an agreement on these issues, they are required to "notify the [Magistrate Judge] of the impasse by March 8, 2020 via email at efile_goddard@casd.uscourts.gov." (*Id.*)

**B. Procedural Background**

On March 8, 2020, Plaintiff filed an Objection pursuant to Rule 72(a) to Magistrate Judge Goddard's March 4, 2020 order. (ECF No. 94.) Plaintiff requests that the Court set aside "the portion of the Order pertaining to the deposition of non-party Edith Sundby," on the basis that defense counsel has acted in bad faith and failed to properly comply with the rules regarding subpoenas, and also "[n]ot extend [Defendants'] time to depose Plaintiff." (*Id.*)

On March 9, 2020, Defendants then filed what is, in effect, a response to Plaintiff's motion. (ECF No. 95, Declaration of Troy H. Slome.) Defendants assert that they complied with the requirements of service by making six attempts to serve Mrs. Sundby at two different addresses. (*Id.* at ¶¶ –6.) Defendants attached a copy of a subpoena and their e-mail correspondence with a service contractor. (*Id.* at 5–17, Exs. 1, 2.)

On March 9, 2020, Plaintiff filed a reply to Defendants' response. (ECF No. 96.) Plaintiff addresses Defendants' arguments and evidence of service. (*Id.* at 2–3.)

On March 11, 2020, the Court filed a briefing schedule for Plaintiff's Objection and set a hearing on the motion for May 1, 2020. (ECF No. 98.) As Plaintiff's Objection was fully briefed, the Court ordered that "any Party wishing to submit further briefing pertaining to Plaintiff's Objection must seek leave of the Court." (*Id.*)

On March 13, 2020, the Defendants filed a sur-response requesting leave to file supplemental briefing. (ECF No. 100.) They assert that good cause exists for further briefing because (1) they believed Plaintiff's Objection would not be handled as a motion given Local Rule 7.1; (2) they filed a response too quickly in an effort to rebut Plaintiff's "extreme . . . allegations"; (3) they did not address the underlying facts to Plaintiff's Objection on the belief that the Magistrate Judge would hear Plaintiff's Objection; and

3

(4) they responded only to one of the issues raised by Plaintiff's Objection. (ECF No. 100 at 2–3.) In other words, Defendants ask the Court for an opportunity to brief additional, relevant issues and facts because, in misunderstanding Plaintiff's Objection and the rules that govern it, they filed an incomplete response.

Later in the day on March 13, 2020, Plaintiff filed a sur-reply. (ECF No. 101 at 1–2.) Plaintiff contends, in sum and substance, that Defendants do not show good cause.

## II.   Legal Standard

Pursuant to Federal Rule of Civil Procedure ("Rule") 72(a), a "party may serve and file objections to the order [of a Magistrate Judge] within 14 days after being served with a copy." Fed. R. Civ. P. 72. For non-dispositive orders, including those pertaining to discovery matters, a timely objection triggers the district judge's to "consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." *Id.*; *see also Mavrix Photographs, LLC v. Livejournal, Inc.*, 873 F.3d 1045, 1051 (9th Cir. 2017) (addressing objections to pre-trial discovery orders under Rule 72(a)). The "clearly erroneous" prong "applies to factual findings and discretionary decisions made in connection with non-dispositive pretrial discovery matters." *F.D.I.C. v. Fid. & Deposit Co. of Maryland*, 196 F.R.D. 375, 378 (S.D. Cal. 2000) (citation omitted). The "contrary to law" prong "permits independent review of purely legal determinations by the magistrate judge." *Id.*

A "district court has discretion, but is not required, to consider evidence presented for the first time in a party's objection to a magistrate judge's recommendation." *United States v. Howell*, 231 F.3d 615, 621 (9th Cir. 2000). Courts are discouraged from entertaining new evidence or arguments in the first instance to uphold the purposes of the Magistrate Judge Act, including to "alleviate the workload of district courts," to discourage "sandbagging," and to afford Magistrate Judges the first determination of any referred matters. *Id.* at 622; *Borden v. Sec'y of Health & Human Servs.*, 836 F.2d 4, 6 (1st Cir. 1987). For similar reasons, "[t]he reviewing court may not simply substitute its

4

judgment for that of the deciding court." *Grimes v. City & Cty. of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991).

**III. Analysis**

In light of the Parties arguments, and the papers submitted in support, the Court finds that it is not in a position to fairly adjudicate Plaintiff's Objection. Simply put, "there is an inadequate record before the District Judge on which to 'reconsider' the Magistrate Judge's ruling in the sense contemplated by Rule 72." *Sung Gon Kang v. Credit Bureau Connection, Inc.*, No. 1:18-CV-01359-AWI, 2019 WL 5862289, at *2 (E.D. Cal. Nov. 8, 2019). In light of that absence, and as "magistrate judges are afforded broad discretion in the management of discovery," the Court finds that Plaintiff has not shown that the Magistrate Judge's March 4, 2020 order is clearly erroneous or contrary to law. *See Twin Star Int'l Inc. v. Whalen Furniture Mfg., Inc.*, No. 11-cv-1984-AJB, 2013 WL 3455762 at *2 (S.D. Cal. July 9, 2013) (quotation omitted); *accord Zest IP Holdings, LLC v. Implant Direct Mfg. LLC*, No. 10CV541-GPC, 2014 WL 6851607, at *27 (S.D. Cal. June 16, 2014).

Plaintiff's Objection is predicated on a fact-intensive discovery dispute with which the Court is unfamiliar. Though Plaintiff's Objection offers various exhibits to bridge that gap, Plaintiff's objection nonetheless relies on numerous factual assertions unsupported by any citation that the Court can review, including facts pertaining to the Parties' communications in advance of the meet and confer, the meet and confer itself, the Parties' ongoing discussion of the relevant subpoenas, and the Defendants' efforts to comply with service. (*See generally* ECF No. 94 at 3–7.) In addition, the papers before the Court create the impression that Plaintiff's factual summary may be incomplete. *See, e.g.*, (ECF No. 95 at 5–7, Ex. 1) (containing e-mails from Defendants' service contractor detailing their attempts to serve Mrs. Sundby that are unaddressed by Plaintiff's Objection). Plaintiff has not even provided a transcript of the telephonic status conference

5

that led directly to the March 4, 2020 Order so that the Court could review the Parties' arguments and assertions before the Magistrate Judge. (ECF No. 90.)

The inadequacies of this record raise various concerns. First, there is the risk to judicial economy posed by overturning a Magistrate Judge's determination on so sparse a record. In the Ninth Circuit, a district court "has discretion, but is not required, to consider evidence presented for the first time in a party's objection to a magistrate judge's recommendation." *United States v. Howell*, 231 F.3d 615, 621-22 (9th Cir. 2000). However, that discretion is to be used sparingly. After all, "[t]o require a district court to consider evidence not previously presented to the magistrate judge would effectively nullify the magistrate judge's consideration of the matter and would not help to relieve the workload of the district court." *Id.* at 622. Here, as the Court lacks full knowledge of the factual predicate to Plaintiff's Objection, the Court cannot be certain that it is relying on the same information as the Magistrate Judge in "reviewing" the March 4, 2020 order.

Second, there is the question of gamesmanship. The Ninth Circuit has warned that "allowing parties to litigate fully their case before the magistrate and, if unsuccessful, to change their strategy and present a different theory to the district court would frustrate the purpose of the Magistrates Act." *See Greenhow v. Sec'y of Health & Human Servs.*, 863 F.2d 633, 638 (9th Cir. 1988), *overruled on other grounds by United States v. Hardesty*, 977 F.2d 1347, 1348 (9th Cir. 1992) (en banc); *see also Howell*, 231 F.3d at 622 (quoting *Paterson-Leitch Co. v. Massachusetts Mun. Wholesale Elec. Co.*, 840 F.2d 985, 991 (1st Cir. 1988)) ("[I]t would be fundamentally unfair to permit a litigant to set its case in motion before the magistrate, wait to see which way the wind was blowing, and—having received an unfavorable recommendation—shift gears before the district judge."). Here, the Court is particularly cognizant of this risk given the Parties contested filings and Plaintiff's own accusations of gamesmanship. (*See* ECF No. 94 at 5–7.) Consequently, as the Court lacks a complete record of the arguments put before the Magistrate on the issues raised in Plaintiff's Objection, the Court cannot fairly adjudicate them.

Lastly, Plaintiff's Objection is concerning in that it seeks the Court's determination of various issues not squarely decided by the Magistrate's March 4, 2020 Order. Plaintiff, for example, asserts that Defendants' counsel "falsely represented to the Court that he attempted to serve a subpoena on Edith Sundby 'at the address of the Property,' her declared primary residence." (ECF No. 94 at 1.) In addition, Plaintiff asserts that Defendants' alleged procedural violations arguably call for waiver of the instant discovery issue. (*Id.* at 8.) Plaintiff also, of course, asserts that Defendants' efforts to serve Mrs. Sundby were inadequate. (*Id.* at 5.) However, it is the Magistrate Judge who is in the best position to review such arguments in the "first instance," and here the March 4, 2020 Order says nothing as to sanctions, waiver, proper service, or the attorneys' conduct. *See Sung Gon Kang*, 2019 WL 5862289, at *3; *see also AML Int'l, Ltd. v. Orion Pictures Corp.*, No. 89-CIV-2048, 1990 WL 364469, at *6 (S.D.N.Y. Feb. 20, 1990) ("The court finds that plaintiff's 'waiver' argument would more properly have been made to Magistrate Lee.") The Order is limited to permitting two depositions to go forward, and as such, much of Plaintiff's Objection is beyond the scope of the Order.

## IV. Conclusion

For the foregoing reasons, the Court **DENIES** Plaintiff's Objection on the grounds that Plaintiff has not shown that the Magistrate Judge's March 4, 2020 order is clearly erroneous or contrary to law. Fed. R. Civ. P. 72. Plaintiff's Objection fails to provide the Court with an adequate factual record to make a fair determination in this instance, and raises arguments pertaining to a series of questions not squarely decided by the Magistrate Judge.

**IT IS SO ORDERED.**

Dated: April 6, 2020

Hon. Gonzalo P. Curiel
United States District Judge

7