# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Dale Sundby, Trustee,<br><br>Plaintiff,<br><br>v.<br><br>Marquee Funding Group, Inc.; Salomon Benzimra, Trustee; Stanley Kesselman, Trustee; Jeffrey Myers; Kathleen Myers; Andres Salsido, Trustee; Benning Management Group 401(k) Profit Sharing Plan; Christopher Myers; Vickie McCarty; Dolores Thompson; Kimberly Gill Rabinoff; Steven M. Cobin, Trustee; Susan L. Cobin, Trustee; Equity Trust Company, Custodian FBO Steven M. Cobin Traditional IRA; Todd B. Cobin, Trustee; Barbara A. Cobin, Trustee; Fasack Investments LLC; and Does 1-X,<br><br>Defendants. | Case No.: 19-cv-00390-GPC-AHG<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION.**<br><br>**(ECF Nos. 116.)** |

Plaintiff Dale Sundby ("Plaintiff") has filed a motion seeking reconsideration of the Court's April 6, 2020 order denying Plaintiff's objection to Magistrate Judge Allison

1

H. Goddard's March 4, 2020 order, which extended the fact discovery deadline to permit Plaintiff's wife, Mrs. Edith Sundby, to be deposed. (ECF Nos. 92, 94, 114, 116.) Accepting that the Court was mistaken in assuming a transcript was available for the status conference that preceded the March 4, 2020 order, the Court nonetheless finds ample cause to conclude that the Magistrate Judge did not clearly err in permitting Mr. Edith Sundby's deposition to go forward. Accordingly, Plaintiff's motion for reconsideration is **DENIED**.

**I.    Background**

On March 3, 2020, the Magistrate Judge held a status conference on the Parties' discovery disputes. (ECF No. 90.) On March 4, 2020, the Magistrate Judge issued an order extending "the fact discovery deadline from March 2, 2020 to May 4, 2020 for the sole and limited purpose of allowing counsel for the Defendants to take the depositions of Plaintiff Dale Sundby and his wife, Edith Sundby, who is a key fact witness in this matter as a co-borrower on the loan underlying this litigation." (ECF No. 92 at 2.)

On March 8, 2020, Plaintiff filed an objection pursuant to Rule 72(a) to the March 4, 2020 order, seeking an order setting aside Mrs. Sundby's deposition, and alleging a number of issues including inadequate service, waiver, and attorney misconduct. (ECF No. 94.) On March 9, 2020, Defendants then filed what is, in effect, a response to Plaintiff's motion, arguing that Defendants attempted to serve Mrs. Sundby six times. (ECF No. 95, Declaration of Troy H. Slome.) Later that day, Plaintiff filed a reply, attacking Defendants' arguments and the evidence submitted to the Court. (ECF No. 96.)

On March 11, 2020, the Court filed a briefing schedule for Plaintiff's objection and set a hearing on the motion for May 1, 2020. (ECF No. 98.) On March 13, 2020, the Defendants filed a sur-response requesting leave to file supplemental briefing on various issues referenced by Plaintiff's objection. (ECF No. 100.) Later in the day on March 13, 2020, Plaintiff filed a sur-reply contending that Defendants' failed to show good cause for additional briefing. (ECF No. 101 at 1–2.)

2

On April 6, 2020, the Court issued an order denying Plaintiff's objection on the basis that there was an inadequate record before the Court to reconsider the Magistrate Judge's decision, and that Plaintiff's objection sought the Court's determination of various issues not squarely decided by the Magistrate's March 4, 2020 order. (ECF No. 114 at 5–7.) The Court concluded that "Plaintiff ha[d] not shown that the Magistrate Judge's March 4, 2020 order [wa]s clearly erroneous or contrary to law." (*Id.* at 7 (citing Fed. R. Civ. P. 72)). On April 7, 2020, Plaintiff filed a motion for reconsideration of the court's April 6, 2020 order. (ECF No. 116.)

## II. Legal Standard

### a. Federal Rule of Civil Procedure 60(b)

A party may seek relief from a court's final order on the basis of "mistake inadvertence, surprise, or excusable neglect," among other reasons. Fed. R. Civ. P. 60(b). A motion under Rule 60(b) must be made within a reasonable time, in any event "not more than one year after the judgment, order, or proceeding was entered or taken." *Id.* "A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," and it "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009).

### b. Federal Rule of Civil Procedure 72(a)

A "party may serve and file objections to the order [of a Magistrate Judge] within 14 days after being served with a copy." Fed. R. Civ. P. 72. For non-dispositive orders, including those pertaining to discovery matters, a timely objection triggers the district judge's to "consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." *Id.*; *see also Mavrix Photographs, LLC v. Livejournal, Inc.*, 873 F.3d 1045, 1051 (9th Cir. 2017) (addressing objections to pre-trial

3

discovery orders under Rule 72(a)). The "clearly erroneous" prong "applies to factual findings and discretionary decisions made in connection with non-dispositive pretrial discovery matters." *F.D.I.C. v. Fid. & Deposit Co. of Maryland*, 196 F.R.D. 375, 378 (S.D. Cal. 2000) (citation omitted). The "contrary to law" prong "permits independent review of purely legal determinations by the magistrate judge." *Id.*

A "district court has discretion, but is not required, to consider evidence presented for the first time in a party's objection to a magistrate judge's recommendation." *United States v. Howell*, 231 F.3d 615, 621 (9th Cir. 2000). Courts are discouraged from entertaining new evidence or arguments in the first instance to uphold the purposes of the Magistrate Judge Act, including to "alleviate the workload of district courts," discourage "sandbagging," and afford Magistrate Judges the first determination of any referred matters. *Id.* at 622; *Borden v. Sec'y of Health & Human Servs.*, 836 F.2d 4, 6 (1st Cir. 1987). For similar reasons, "[t]he reviewing court may not simply substitute its judgment for that of the deciding court." *Grimes v. City & Cty. of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991).

**III. Analysis**

Here, Plaintiff contends that reconsideration should be granted because the Court erroneously faulted Plaintiff for failing to provide a transcript to the status conference preceding the March 4, 2020 order as none exists. (ECF No. 116 at 2.) In addition, Plaintiff asserts that the attachments to his objection provide an adequate record upon which to conclude that Defendants failed to adequately serve notice of the pending deposition upon Mrs. Edith Sundby. (*Id.* at 2–3.)

The Court finds these arguments unavailing. As a threshold matter, Plaintiff filed the motion for reconsideration without first seeking a hearing date as required by the local rules. Local rules, moreover, have the force of law, *United States v. Hvass*, 355 U.S. 570, 574-75 (1958), and courts have discretion to dismiss cases for failure to comply with the local rules. *Ghazali v. Moran*, 36 F.3d 52, 53 (9th Cir. 1995) (affirming grant of an

4

unopposed motion to dismiss under local rule by deeming a pro se litigant's failure to oppose as consent to grant the motion).

Also, in addition to procedural issues, Plaintiff's motion fails substantively. Though it appears no transcript can be obtained for the status hearing preceding the Magistrate Judge's order, (*see* ECF No. 116, Ex. 1), Plaintiff is not absolved of his responsibility to provide an adequate record for this Court to "'reconsider' the Magistrate Judge's ruling in the sense contemplated by Rule 72 review." *Sung Gon Kang v. Credit Bureau Connection, Inc.*, No. 1:18-CV-01359-AWI, 2019 WL 5862289, at *2 (E.D. Cal. Nov. 8, 2019). Plaintiff's declaration offers only a partial summary of the status conference, and thus it is not clear to the Court what the Parties argued, what evidence the Parties presented, and what findings were made that informed the Magistrate Judge's decision to permit Mrs. Edith Sundby's deposition. (*See* ECF No. 94 at ¶¶ 12, 13, 14; ECF No. 92 at 1.)

In addition, and most salient to the Court, Plaintiff's motion for reconsideration does not resolve the independent concern that the issues raised by Plaintiff's objection were not squarely decided by the Magistrate Judge in the first instance, including whether sanctions are appropriate, whether waiver applies, whether Defendants gave proper service prior to the March 4, 2020 order, or whether Defense counsel provided a false representation to the Magistrate Judge. *See Sung Gon Kang*, 2019 WL 5862289, at *3; *see also AML Int'l, Ltd. v. Orion Pictures Corp.*, No. 89-CIV-2048, 1990 WL 364469, at *6 (S.D.N.Y. Feb. 20, 1990) ("The court finds that plaintiff's 'waiver' argument would more properly have been made to Magistrate Lee."). The Magistrate Judge's order merely extends the fact discovery deadline to permit Mrs. Edith Sundby's deposition and, consequently, this Court cannot meaningfully "review" Plaintiff's objection as it is not clear to what extent those issues were put before the Magistrate Judge.

Ultimately, the Court is not "left with the definite and firm conviction that a mistake has been made" in the Magistrate Judge's March 4, 2020 order. *See Ctr. for*

*Biological Diversity v. Fed. Highway Admin.*, 290 F. Supp. 2d 1175, 1199–200 (S.D. Cal. 2003) (quoting *Weeks v. Samsung 1200 Heavy Indus. Co., Ltd.*, 126 F.3d 926, 943 (7th Cir. 1997). To the extent, that Plaintiff's concerns can be resolved by providing adequate service, the Magistrate Judge's March 4, 2020 order directs Defendants to "comply with the requirements of Fed. R. Civ. P. 45 to command [Mrs. Sundby's] appearance for deposition" and orders that the Parties "meet and confer in good faith to arrange the depositions." (ECF No. 92 at 2.) As such, and to the extent the Parties have abided by the Magistrate Judge's order, it would appear that Plaintiff's concern is moot. Adequate notice is to be provided pursuant to the March 4, 2020 order.

Further, given the broad discretion afforded to Magistrate Judges in coordinating discovery, *see Grimes v. City & Cty. of San Francisco*, 951 F.2d 236, 240 (9th Cir. 1991); *Perry v. Schwarzenegger*, 268 F.R.D. 344, 348 (N.D. Cal. 2010); *United States v. Hansen*, 233 F.R.D. 665, 669 (S.D. Cal. 2005); *Green v. Baca*, 219 F.R.D. 485, 489–90 (C.D. Cal. 2003), the Court cannot say that the Magistrate Judge has clearly erred in reasoning that the need for Mrs. Sundby's deposition outweighs the "technical deficiencies" alleged by the Plaintiff. (ECF No. 92 at 2.) After all, even if Mrs. Sundby is not a party to the litigation and avers having "no knowledge of facts regarding the 2016 and 2017 loans," (ECF No. 94 at 11), she is a signatory to the trust whose assets encompass the property at 7740 Eads Avenue, La Jolla, CA 92037, (ECF No. 66), and "the test of relevance in the discovery context is a very broad one." *Geophysical Sys. Corp. v. Raytheon Co.*, 117 F.R.D. 646, 647 (C.D. Cal. 1987).

## IV. Conclusion

For the foregoing reasons, the Court **DENIES** Plaintiff's motion for reconsideration. (ECF No. 116.) Again, Plaintiff has not shown that the Magistrate Judge's March 4, 2020 order is clearly erroneous or contrary to law, Fed. R. Civ. P. 72,

///

///

6

and the unavailability of a status conference transcript does not compel a different outcome.

**IT IS SO ORDERED.**

Dated: April 7, 2020

Hon. Gonzalo P. Curiel
United States District Judge