UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DALE SUNDBY,<br><br>                      Plaintiff,<br><br>v.<br><br>MARQUEE FUNDING GROUP, INC., *et al.*,<br><br>                     Defendants. | Case No.: 3:19-cv-00390-GPC-AHG<br><br>**ORDER EXTENDING TIME TO COMPLETE ADDITIONAL DISCOVERY** |

      This matter comes before the Court upon review of the record. On March 4, 2020, Magistrate Judge Allison H. Goddard extended the fact discovery deadline in this matter for approximately 60 days, until May 4, 2020, for the limited purpose of permitting counsel for the Investor Defendants[1] to take the depositions of Plaintiff Dale Sundby and non-party Edith Sundby, Plaintiff's wife and signatory to the trust whose assets

---

[1] The Investor Defendants include Salomon Benzimra, Trustee, Stanley Kesselman, Trustee, Jeffrey Myers, Kathleen Myers, Andres Salsido, Trustee, Benning Management Group 401(k) Profit Sharing Plan, Christopher Myers, Vickie McCarty, Delores Thompson, Kimberly Gill Rabinoff, Steven Cobin, Trustee, Susan Cobin, Trustee, Equity Trust Company, Custodian FBO Steven M. Cobin Traditional IRA, Todd B. Cobin, Trustee, Barbara A. Cobin, Trustee, and Fasack Investments, LLC.

1

encompass the real property that is the subject of the 2016 and 2017 loans underlying this litigation. ECF No. 92. *See also* ECF No. 13 ¶¶ 26-129; ECF No. 66. Pursuant to Fed. R. Civ. P. 72(a), Plaintiff filed an objection to Judge Goddard's order to be considered by the presiding District Judge in this matter. ECF No. 94. On April 6, 2020, the District Judge denied Plaintiff's objection, permitting the order extending the discovery period to stand. ECF No. 114.

Because of the delay between the filing of the initial order extending discovery and the denial of Plaintiff's objection, there is now insufficient time for counsel for Investor Defendants to properly notice Plaintiff's deposition if the notice requests production of documents. *See Guatay Christian Fellowship v. Cty. of San Diego*, No. CIV.08CV1406-JM(CAB), 2009 WL 2044621, at *1 (S.D. Cal. July 10, 2009) ("[W]hen [a Rule 30(b)(1) notice for deposition] joins a request for the production of documents, [] the procedures for Fed. R. Civ. P. 34 apply and a minimum of 30 days' notice is required."). Moreover, any Rule 45 subpoena the Investor Defendants serve on non-party Edith Sundby must allow a reasonable time to comply and must not subject Mrs. Sundby to undue burden. *See* Fed. R. Civ. P. 45(d). Particularly given that Mrs. Sundby has filed a Declaration in this action attesting to her "serious health conditions that require treatment in several locations around the country[,]" the Court finds it necessary to ensure the parties have sufficient time to arrange both depositions without causing undue burden. *See* ECF No. 66. Accordingly, the Court, on its own motion, **EXTENDS** the fact discovery deadline by another 30 days, to **June 3, 2020**, for the limited purpose of allowing the Investor Defendants an opportunity to properly notice and subpoena the depositions of Plaintiff and Mrs. Sundby.

For the same reason of avoiding undue burden on the anticipated deponents, and in consideration of Mrs. Sundby's health conditions, the Court strongly encourages counsel for the Investor Defendants to confer with Plaintiff to discuss taking depositions by way of remote videoconferencing in light of the ongoing coronavirus pandemic. *See* Fed. R. Civ. P. 30(b)(4); *see also, e.g.*, *Gee v. Suntrust Mortg., Inc.*, No. 10-CV-01509 RS NC,

2011 WL 5597124, at *3 (N.D. Cal. Nov. 15, 2011) ("Parties routinely conduct depositions via videoconference, and courts encourage the same, because doing so minimizes travel costs and permits the jury to make credibility evaluations not available when a transcript is read by another.") (internal quotations and citation omitted); *Lipsey v. Walmart, Inc.*, No. 19 C 7681, 2020 WL 1322850, at *2 (N.D. Ill. Mar. 20, 2020) (collecting cases regarding various responses to the current pandemic, including ample use of videoconferencing technology, to demonstrate the "flexibility and sensitivity by courts in the face of a serious public health emergency and the threat it poses to the health and public safety of litigants, court staff and the general public"); *Sinceno v. Riverside Church in City of New York*, No. 18-CV-2156 (LJL), 2020 WL 1302053, at *1 (S.D.N.Y. Mar. 18, 2020) (ordering that "all depositions in this action may be taken via telephone, videoconference, or other remote means, and may be recorded by any reliable audio or audiovisual means" in light of the President's declaration of a national emergency due to the spread of the COVID-19 virus).

Plaintiff and counsel for the Investor Defendants are encouraged to confer in good faith regarding the method of depositions, dates, and an agreeable manner of service of the Rule 45 subpoena on Mrs. Sundby. As before, counsel for Defendant Marquee Funding Group, Inc. is not permitted to notice additional depositions pursuant to this Order, but may attend the depositions.

**IT IS SO ORDERED.**

Dated: April 10, 2020

_____
Honorable Allison H. Goddard
United States Magistrate Judge

3
3:19-cv-00390-GPC-AHG