UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Dale Sundby, Trustee,<br><br>         Plaintiff,<br><br>v.<br><br>Marquee Funding Group, Inc.; Salomon Benzimra, Trustee; Stanley Kesselman, Trustee; Jeffrey Myers; Kathleen Myers; Andres Salsido, Trustee; Benning Management Group 401(k) Profit Sharing Plan; Christopher Myers; Vickie McCarty; Dolores Thompson; Kimberly Gill Rabinoff; Steven M. Cobin, Trustee; Susan L. Cobin, Trustee; Equity Trust Company, Custodian FBO Steven M. Cobin Traditional IRA; Todd B. Cobin, Trustee; Barbara A. Cobin, Trustee; Fasack Investments LLC; and Does 1-X,<br><br>         Defendants. | Case No.: 19-cv-00390-GPC-AHG<br><br>**ORDER GRANTING MOTION TO DELAY HEARING AND BRIEFING ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT.**<br><br>**(ECF No. 105.)** |

The instant Order concerns a request under Federal Rule of Civil Procedure ("Rule") 56(d) to delay a hearing on Plaintiff's motion for summary judgment. The Court

1

**GRANTS** the motion, finding that Defendants require additional time to complete discovery which they allege is "essential" to respond to Plaintiff's motion.

## I. Background

On March 30, 2020, Plaintiff filed a motion for summary judgment. (ECF No. 105.) Later that day, the Court issued a briefing schedule, which set a hearing on the motion for May 15, 2020, required any responses be filed on or before April 20, 2020, and required any replies be filed on or before April 27, 2020. (ECF No. 106.)

On April 2, 2020, Defendants Salomon Benzimra, Trustee, Stanley Kesselman, Trustee, Jeffrey Myers, Kathleen Myers, Andres Salsido Trustee, Benning Management Group 401(k) Profit Sharing Plan, Christopher Myers, Vickie McCarty, Delores Thompson, Kimberly Gill Rabinoff, Steven M. Cobin, Trustee, Susan L. Cobin, Trustee, Equity Trust Company, Custodian FBO Steven M. Cobin Traditional IRA, Todd B. Cobin, Trustee, Barbara A. Corbin, Trustee, and Fasack Investments LLC's (collectively, "Investor Defendants") filed an *ex parte* motion requesting that the hearing on Plaintiff's motion be continued in light of the pending depositions. (ECF No. 110.)

Magistrate Judge Allison H. Goddard had then recently extended fact discovery to allow the depositions of Plaintiff Dale Sundby and Mrs. Edith Sundby, Plaintiff's wife and co-borrower on the loans underlying this litigation. (ECF No. 92.) As of the Magistrate Judge's most recent order, the fact discovery deadline was extended "to June 3, 2020, for the limited purpose of allowing the Investor Defendants an opportunity to properly notice and subpoena the depositions of Plaintiff and Mrs. Sundby." (ECF No. 119 at 2.) In addition, pursuant to the scheduling order, all dispositive pre-trial motions are due shortly thereafter on June 30, 2020. (ECF No. 70 at ¶ 7.)

On April 2, 2020, Plaintiff filed a response to the Investor Defendants' *ex parte* motion. (ECF No. 111.) No reply has been filed. On April 6, 2020, Defendant Marquee Funding Group, Inc. ("MFG") joined the Investor Defendants' motion. (ECF No. 113.)

## II. Legal Standard

Under Rule 56(d),[1] a district court may "postpone ruling on a [party's] summary judgment motion if the [other party] needs additional discovery to explore 'facts essential to justify the party's opposition.'" *Crawford-El v. Britton*, 523 U.S. 574, 599 n.20 (1998) (citations and quotations omitted). Rule 56(d) thus provides "a device for litigants to avoid summary judgment when they have not had sufficient time to develop affirmative evidence." *United States v. Kitsap Physicians Serv.*, 314 F.3d 995, 1000 (9th Cir. 2002). If the moving party can show, "by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition," then Rule 56(d) provides the district court with broad discretion to "defer considering the motion or deny it," "allow time to obtain affidavits or declarations or to take discovery," or "issue any other appropriate order." Fed. R. Civ. P. 56(d).

To succeed in delaying summary judgment for further discovery, "[t]he requesting party must show [that]: (1) it has set forth in affidavit form the specific facts it hopes to elicit from further discovery; (2) the facts sought exist; and (3) the sought-after facts are essential to oppose summary judgment." *Stevens v. Corelogic, Inc.*, 899 F.3d 666, 678 (9th Cir. 2018), *cert. denied*, 139 S. Ct. 1222 (2019) (quoting *Family Home & Fin. Ctr., Inc. v. Fed. Home Loan Mortg. Corp.*, 525 F.3d 822, 827 (9th Cir. 2008) (emphasis removed)). The evidence sought must be more than "the object of pure speculation," *California v. Campbell*, 138 F.3d 772, 779–80 (9th Cir. 1998) (citation omitted), and the moving party must have "conduct[ed] discovery diligently" before the opposing party moved for summary judgment. *See, e.g.*, *Pfingston v. Ronan Eng'g Co.*, 284 F.3d 999, 1005 (9th Cir. 2002).

---

[1] The cited cases here refer to FRCP 56(f). "As part of the 2010 Amendments to the Federal Rules of Civil Procedure, former Rule 56(f) became Rule 56(d) 'without substantial change' to the text." *See Gordon v. Niesen*, No. 17-CV-00541-DKW, 2020 WL 967336, at *5 (D. Haw. Feb. 27, 2020).

3

## III. Analysis

Here, Defendants have satisfied the demands of Rule 56(d). First, Defendants state the facts they wish to obtain in deposing Plaintiff and Mrs. Edith Sundby with sufficient specificity. These include, for example, facts pertaining to Plaintiff and Mrs. Edith Sundby's discussions with the mortgage broker of the 2016 and 2017 loans before and after the loans closed and were funded. (ECF No. 110 at 8–9.) Second, it is reasonable to assume that Plaintiff and Mrs. Sundby would have "personal knowledge of documents they signed, including any discussions they had with others about the 2016 and 2017 loans," such that the sought-after facts exist. (*Id.* at 9–10.) Third, with reference to the facts Plaintiff alleges are undisputed in his motion for summary judgment, Defendants assert that "deposition testimony sought from the Plaintiff and Edith Sundby are essential to disputing" a number of factual and legal issues, including the prepayment terms of the 2016 and 2017 loans, their ability-to-repay assessments, and whether there was a bridge loan. (*Id.* at 10.) Defendants also cite various other "undisputed facts" relevant to Plaintiff's claim for declaratory judgment. (*Id.* at 10–11.)

Plaintiff's contentions to the contrary here are unavailing. Contrary to Plaintiff's individual responses to each of the sought-after facts, that Plaintiff provided discovery or that Ms. Sundby avers to "hav[ing] no knowledge of any facts regarding the 2016 and 2017 loans" does not invalidate Defendants' request for additional time to conduct and review the depositions prior to responding to Plaintiff's motion. (ECF No. 111 at 4–5.) Similarly, the Parties' continued acrimony regarding their prior discovery processes does not foreclose Defendants' contentions that the deposition testimony is "essential." (*Id.* at 5.) At this point, Plaintiff's repeated assertion that there "are simply no facts from a deposition that defendants can use to 'oppose' their own facts and verified statements" is, moreover, unpersuasive. (*Id.*) Simply put, that remains to be seen.

In light of the foregoing, Defendants' satisfy the three-part test triggering Rule 56(f) relief. *See Stevens*, 899 F.3d at 678. Thus, the Court finds that Defendants have

4

shown good cause to delay Plaintiff's hearing to provide sufficient time to conduct and review the depositions of Plaintiff and Mrs. Edith Sundby. *See Buzayan v. City of Davis*, No. 2:06-CV-01576-MCE, 2011 WL 13370466, at *1 (E.D. Cal. July 11, 2011) (delaying motion for partial summary judgment from July 17, 2011 to October 20, 2011 to allow four depositions to be taken). The Court likewise finds that the upcoming depositions provide good cause to delay the briefing schedule for Defendants' responses and Plaintiff's replies. *See Marti v. Padilla*, No. 1:07-CV-0066-JMR, 2011 WL 319621, at *2 (E.D. Cal. Jan. 28, 2011) (granting extension to file response to motion for summary judgment to permit review of forthcoming discovery).

Delaying the hearing and briefing as to Plaintiff's motion serves several important objectives. First, insofar as the depositions may yield information material to summary judgment in this matter, the Court cannot fairly adjudicate Plaintiff's motion without permitting for additional time to conduct, review, and incorporate the depositions. *See Rivera-Torres v. Rey-Hernandez*, 502 F.3d 7, 10 (1st Cir. 2007) ("When a party confronted by a motion for summary judgment legitimately needs additional time to marshal the facts necessary to mount an opposition, the rule provides a useful safety valve . . . Deployed appropriately, the rule . . . safeguards against judges swinging the summary judgment axe too hastily.") (quotations omitted and punctuation simplified). Second, as fact discovery will not close until June 3, 2020, (ECF No. 119 at 2), and as the deadline for dispositive motions will not elapse until June 30, 2020, (ECF No. 70 at ¶ 7), there is the risk that adjudicating Plaintiff's motion now will result in the Defendants being "railroaded." *Cf. Gonzalez v. Garibay*, No. 09-CV-1080-W, 2012 WL 12875366, at *4 (S.D. Cal. Aug. 1, 2012) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 326 (1986)) (finding plaintiff could not argue defendant's motion for summary judgment "railroaded" him because discovery closed two and a half months before the motion was filed). Lastly, as Defendants seem likely to file competing motions for summary judgment in the weeks following the close of discovery, judicial economy and fairness counsel in favor of

5

delaying the Court's consideration of Plaintiff's motion so that all summary judgment motions can be considered concurrently. (*See* ECF No. 113 at ¶¶ 5–6.)

**IV. Conclusion**

For the foregoing reasons, the Court **VACATES** Plaintiff's hearing currently set for May 15, 2020 and **AMENDS** the briefing schedule on Plaintiff's motion for summary judgment as follows:

1. If Plaintiff wishes, he may file an amended motion on or before June 30, 2020.
2. Any responses from Defendants are due on or before July 28, 2020.
3. Any replies are due on or before August 14, 2020.
4. The Court sets a hearing for August 28, 2020 at 1:30 p.m. in Courtroom 2D.

**IT IS SO ORDERED.**

Dated: April 14, 2020

Hon. Gonzalo P. Curiel
United States District Judge