UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DALE SUNDBY,<br><br>                             Plaintiff,<br><br>v.<br><br>MARQUEE FUNDING GROUP, INC., *et al.*,<br><br>                            Defendants. | Case No.: 3:19-cv-0390-GPC-AHG<br><br>**ORDER:**<br>**(1) DENYING MOTION TO SEAL WITHOUT PREJUDICE;**<br><br>**(2) ORDERING IMMEDIATE SERVICE BY EMAIL OF UNREDACTED VERSION OF RESPONSE TO ORDER TO SHOW CAUSE ON DEFENDANT'S COUNSEL;**<br><br>**(3) ORDERING IMMEDIATE FILING OF REDACTED VERSION OF RESPONSE TO ORDER TO SHOW CAUSE; AND**<br><br>**(4) DENYING MOTION TO CONTINUE SHOW CAUSE HEARING**<br><br>**[ECF Nos. 138, 140]** |

This matter comes before the Court on Plaintiff's Motion to File Document Under Seal (ECF No. 138) and Plaintiff's Motion for Immediate Continuance (ECF No. 140).

### I. MOTION TO SEAL

Plaintiff's Motion to Seal his Response to the Court's Order to Show Cause is defective on several grounds.

First, Plaintiff has not taken any reasonable steps to ensure that Defendants have received an unredacted copy of the Motion so that they can adequately respond to it in time for the hearing set for June 15, 2020. As Plaintiff is aware, *see* ECF No. 142, he was required to provide an unredacted copy of the Motion to Defendants according to the Court's Electronic Case Filing Administrative Policies and Procedures Manual "in a conventional manner." Plaintiff appears to have taken advantage of this rule by opting to send it to Defendants' counsel by regular mail, even though he asks for immediate relief from the Court, and it is clear that Plaintiff is capable of corresponding with Defendants' counsel by email. Plaintiffs' deliberate choice to serve the documents in the manner least likely to reach Defendants' counsel in a timely manner is not well-taken. **Plaintiff is ORDERED to serve by email an unredacted copy of his Written Response in Advance of Show Cause Hearing; Declaration of Dale Sundby; Declaration of Edith Sundby** ("Response") (ECF No. 139) **to Defendants' counsel no later than 12:00 PM on June 12, 2020.** Plaintiff must contact the Court's clerk at (619) 557-6162 to confirm that he has done so. Absent Plaintiff's confirmation by the deadline, the Court will email the unredacted Response directly to Defendants' counsel.[1] Everything in the Response and accompanying documents has already been disclosed to Defendants' counsel, so there are no legitimate grounds to continue withholding these documents from them.

---

[1] If Plaintiff does not comply by emailing the documents to Defendants' counsel as required in this Order, thereby forcing the Court to do so, Plaintiff should be prepared to explain why at the Order to Show Cause hearing.

Second, Plaintiff's Motion to Seal does not set forth any of the grounds on which he claims to be entitled to withhold his entire Response and the accompanying declarations from the public record in this case. The Motion to Seal itself must set forth the specific grounds that Plaintiff is asserting to support the request to seal. Instead, the one-sentence Motion states only that the Response "contains highly personal and confidential information." ECF No. 138.

Third, Plaintiff's Motion to Seal seeks to seal his Response and declarations in their entirety, without filing a redacted version that allows the non-confidential portions of the documents to be included in the public record. **<u>Plaintiff is ORDERED to file a redacted version of the Response and accompanying declarations that only redacts the text of the emails at issue, and any specific reference to that text, no later than 5:00 pm on June 12, 2020.</u>**

The Court **DENIES** the Motion to Seal (ECF No. 138), **without prejudice**. Plaintiff may file a Renewed Motion to Seal no later than **<u>June 18, 2020</u>**. The unredacted Response and accompanying declarations will remain under seal until the later of 1) June 19, 2020, if Plaintiff does not file a Renewed Motion to Seal; or 2) the Court's Order on any Renewed Motion to Seal filed by Plaintiff.

## II.     MOTION TO CONTINUE

Plaintiff also seeks to continue the hearing on the Court's Order to Show Cause, which is scheduled for June 15, 2020, until September 14, 2020. ECF No. 140. Plaintiff has failed to show good cause for this request. Plaintiff's basis for seeking a continuance is that the case schedule will require heavy briefing commitments throughout June, July, and August on the anticipated dispositive motions in this case. ECF No. 139 at 15-16. Therefore, Plaintiff argues it would be highly prejudicial to require him to pay "any additional attention" to the matters raised in the Court's Order to Show Cause, given his limited time to prepare briefing on the pretrial motions. *Id.* at 16.

The Court initially ordered that the depositions of Plaintiff and Edith Sundby take place by May 4, 2020. ECF No. 92. The Court's Order recognized that these depositions

are important to the discovery in this case, given that Plaintiff and his wife are co-trustees on the trust whose assets encompass the real property that is the subject of the loans underlying this lawsuit. This deadline was already continued because of Plaintiff's objection to the Court's Order, which the district judge overruled. ECF No. 119. Following the district judge's order and after significant meet and confer efforts by counsel, Ms. Sundby's deposition was scheduled for May 29, 2020. Counsel memorialized their agreements regarding the date and conduct of the deposition before the Court and on the record. Despite this agreement and the Court's prior involvement, Plaintiff unilaterally suspended the deposition minutes before it was scheduled to begin and instructed his wife not to appear based on an asserted motion for protective order that Plaintiff has yet to file.

The Court will address the rescheduling of Edith Sundby's deposition during the Show Cause Hearing, which needs to occur as soon as possible to avoid any further delays in the case schedule. The Court also intends to address Plaintiff's interference with third-party discovery during the Show Cause Hearing, with the goal of setting expectations for conduct of the deposition that will avoid the situation created by Plaintiff's unilateral suspension of the deposition. That is a pressing discovery matter that cannot be delayed by three months. Accordingly, the Court DENIES Plaintiff's Motion to Continue (ECF No. 140).

### III.   CONCLUSION

Plaintiff's Motion to File Documents Under Seal (ECF No. 138) is **DENIED without prejudice**. Plaintiff is **ORDERED** to file a redacted version of the Response and accompanying declarations that only redacts the text of the emails at issue, and any specific reference to that text, no later than **5:00 PM** on **June 12, 2020**.

**IT IS FURTHER ORDERED** that Plaintiff must serve the unredacted version of his Written Response in Advance of Show Cause Hearing; Declaration of Dale Sundby; Declaration of Edith Sundby (ECF No. 139) on Defendants' counsel **by email** no later than **12:00 PM** on **June 12, 2020.**

Plaintiff may file a Renewed Motion to Seal, setting forth the grounds for the motion,

.
.

no later than **June 18, 2020**. The unredacted Response and accompanying declarations (ECF No. 139) will remain under seal until the later of 1) June 19, 2020, if Plaintiff does not file a Renewed Motion to Seal; or 2) the Court's Order on any Renewed Motion to Seal filed by Plaintiff.

Plaintiff's Motion for Immediate Continuance (ECF No. 140) is **DENIED**. Plaintiff, Edith Sundby, and Russel Myrick remain obligated to appear telephonically for the Show Cause Hearing on **June 15, 2020** at **1:30 PM**. The parties are required to refer to the Court's Order to Show Cause (ECF No. 132) for additional information on how to attend the hearing, as well as the basis for the Order with respect to each party to whom it is directed.

**IT IS SO ORDERED.**

Dated:  June 12, 2020

_____
Honorable Allison H. Goddard
United States Magistrate Judge