UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Dale Sundby, Trustee,<br><br>         Plaintiff,<br><br>v.<br><br>Marquee Funding Group, Inc.; Salomon Benzimra, Trustee; Stanley Kesselman, Trustee; Jeffrey Myers; Kathleen Myers; Andres Salsido, Trustee; Benning Management Group 401(k) Profit Sharing Plan; Christopher Myers; Vickie McCarty; Dolores Thompson; Kimberly Gill Rabinoff; Steven M. Cobin, Trustee; Susan L. Cobin, Trustee; Equity Trust Company, Custodian FBO Steven M. Cobin Traditional IRA; Todd B. Cobin, Trustee; Barbara A. Cobin, Trustee; Fasack Investments LLC; and Does 1-X,<br><br>         Defendants. | Case No.: 19-cv-00390-GPC-AHG<br><br>**ORDER:**<br><br>**(1) DENYING PLAINTIFF'S OBJECTION AS TO THE DENIAL OF HIS MOTION FOR IMMEDIATE CONTINUANCE, (ECF No. 140);**<br><br>**(2) SETTING A BRIEFING SCHEDULE AS TO PLAINTIFF'S OBJECTION TO THE DENIAL OF HIS MOTION TO FILE UNDER SEAL, (ECF No. 138.)**<br><br>**(ECF No. 146.)** |

  On June 15, 2020, Plaintiff Dale Sundby filed a motion pursuant to Federal Rule of Civil Procedure ("Rule") 72(a) seeking that the Court find Magistrate Judge Alison H. Goddard's June 12, 2020 order, (ECF No. 144), is clearly erroneous or contrary to law. (ECF No. 146.)

1

Pursuant to Rule 72(a), a "party may serve and file objections to the order [of a Magistrate Judge] within 14 days after being served with a copy." Fed. R. Civ. P. 72(a). For non-dispositive orders, a timely objection triggers the district judge's responsibility to "consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." *Id.*; *see also Mavrix Photographs, LLC v. Livejournal, Inc.*, 873 F.3d 1045, 1051 (9th Cir. 2017). The "clearly erroneous" prong "applies to factual findings and discretionary decisions made in connection with non-dispositive pretrial discovery matters." *F.D.I.C. v. Fid. & Deposit Co. of Maryland*, 196 F.R.D. 375, 378 (S.D. Cal. 2000) (citation omitted). The "contrary to law" prong "permits independent review of purely legal determinations by the magistrate judge." *Id.*

Here, the subject order, in short, (1) denied Plaintiff's motion to seal without prejudice, (ECF No. 138); (2) ordered service by e-mail of Defendant's response to the Court's Order to Show Cause ("OSC"), (ECF Nos. 132, 139); (3) ordered the filing of a redacted version of that response, (ECF No. 139); and (4) denied Plaintiff's motion to continue the show cause hearing. (ECF No. 140). The instant Order addresses only the Magistrate Judge's decision as to Plaintiff's motion for immediate continuance.

Having reviewed the relevant papers, (ECF Nos. 132, 140, 144, 146), the Court finds that the Magistrate Judge has acted appropriately in denying Plaintiff's motion. Plaintiff points to no rule that the Magistrate Judge cannot decline a continuance in these circumstances such that the June 12, 2020 order would rise to the level of "clear error." The Court, moreover, concurs in the Magistrate Judge's reasoning that "Plaintiff has failed to show good cause for this request." (ECF No. 144 at 3.) Plaintiff's claim that he will be unable to adequately address other forthcoming filings in this case unless the OSC hearing is delayed until September is unpersuasive. (ECF No. 139 at 15–16.)

Doing so, moreover, would mean delaying Ms. Edith Sundby's deposition well beyond the forthcoming briefing for summary judgment, which would defeat the purpose of the having ordered the deposition in the first place. As the Magistrate Judge states, the

2

depositions of Plaintiff and Mrs. Sundby "are important to the discovery in this case, given that Plaintiff and his wife are co-trustees on the trust whose assets encompass the real property that is the subject of the loans underlying this lawsuit." (ECF No. 144 at 3–4 (citing ECF No. 92.))

Consequently, the Court **DENIES** Plaintiff's Rule 72 Objection seeking a continuation of the OSC hearing until September 14, 2020. As to Plaintiff's other request, i.e., that the Court "grant Plaintiff's motion to file under seal," (ECF No. 138), the Court **ORDERS** a hearing be set for July 1, 2020. Any response shall be filed on or before June 19, 2020. Any reply shall be filed on or before June 23, 2020.

**IT IS SO ORDERED.**

Dated: June 15, 2020

Hon. Gonzalo P. Curiel
United States District Judge