1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9                   SOUTHERN DISTRICT OF CALIFORNIA

10

11   Dale Sundby, Trustee,                    Case No.:  19-cv-00390-GPC-AHG

12                            Plaintiff,       **ORDER DENYING PLAINTIFF'S**
                                              **OBJECTION AS TO THE DENIAL**
13   v.                                       **OF HIS MOTION TO FILE UNDER**
                                              **SEAL AND ORDER FOR E-MAIL**
14   Marquee Funding Group, Inc.; Salomon     **SERVICE.**
     Benzimra, Trustee; Stanley Kesselman,
15   Trustee; Jeffrey Myers; Kathleen Myers;  **(ECF No. 146.)**
     Andres Salsido, Trustee; Benning
16   Management Group 401(k) Profit Sharing
     Plan; Christopher Myers; Vickie McCarty;
17   Dolores Thompson; Kimberly Gill
     Rabinoff; Steven M. Cobin, Trustee;
18   Susan L. Cobin, Trustee; Equity Trust
     Company, Custodian FBO Steven M.
19   Cobin Traditional IRA; Todd B. Cobin,
     Trustee; Barbara A. Cobin, Trustee;
20   Fasack Investments LLC; and Does 1-X,
21
                             Defendants.
22

23

24          Presently before the Court is Plaintiff Dale Sundby's objection as to the denial of

25   his motion to file document under seal. Having considered the parties' submissions, oral

26   arguments, and the applicable law, the Court **DENIES** Plaintiff's objection.

27   ///

28

                                        1
                                                              19-cv-00390-GPC-AHG

## I.   Procedural History

On June 1, 2020, Magistrate Judge Alison H. Goddard issued an order to show cause for why the Court should not impose sanctions against Plaintiff, Edith Sundby, and Mrs. Sundby's counsel Russel Myrick for failing to appear to a scheduled deposition, purportedly at Plaintiff's direction. (ECF No. 132 at 6–7.)

On June 10, 2020 Plaintiff lodged his response to the Court's order to show cause ("Response"), (ECF No. 139), and requested leave to do so under seal. (ECF No. 138.) The motion to seal Plaintiff's Response reads, in its entirety, "Plaintiff respectfully submits this motion to file a document under seal, on the grounds that the document, Plaintiff's Written Response in Advance of Show Cause Hearing, contains highly personal and confidential information." (*Id.* at 1.)

On June 12, 2020, the Magistrate Judge entered an order denying Plaintiff's motion to file documents under seal; ordering immediate service by email of unredacted version of response to order to show cause on Defendant's counsel; ordering immediate filing of redacted version of response to order to show cause; and denying motion to continue to show cause hearing. (ECF No. 144.)

On June 15, 2020, Plaintiff filed an Objection pursuant to Federal Rule of Civil Procedure ("Rule") 72(a) seeking that the Court find the Magistrate Judge's order clearly erroneous or contrary to law. (ECF No. 146.)

On the same day, the Court entered an order denying Plaintiff's Objection as to the denial of his motion for immediate continuance and setting a briefing schedule as to the remaining issues raised by his Objection. (ECF No. 147.) Defendants filed a Response to Plaintiff's Objection on June 19, 2020. (ECF No. 153.) Plaintiff filed a Reply on June 23, 2020. (ECF No. 158.)

## II.   Legal Standard

A district court may refer pretrial issues to a magistrate judge under 28 U.S.C. § 636(b)(1). *See Bhan v. NME Hosp., Inc.*, 929 F.2d 1404, 1414 (9th Cir. 1991). If a party objects to a non-dispositive pretrial ruling by a magistrate judge, the district court will

review or reconsider the ruling under the "clearly erroneous or contrary to law" standard. Fed. R. Civ. P. 72(a); *see also Grimes v. City of San Francisco*, 951 F.2d 236, 240–41 (9th Cir. 1991) (holding that a magistrate judge's order "must be deferred to unless it is 'clearly erroneous or contrary to law'").

A magistrate judge's factual findings are "clearly erroneous" when the district court is left with the definite and firm conviction that a mistake has been committed. *Security Farms v. Int'l Bhd. of Teamsters*, 124 F.3d 999, 1014 (9th Cir. 1997); *Comput. Econ., Inc. v. Gartner Grp., Inc.*, 50 F. Supp. 2d 980, 983 (S.D. Cal. 1999). The "'clearly erroneous' standard is significantly deferential." *Concrete Pipe and Prods. of Cal., Inc. v. Constr. Laborers Pension Trust for S. Cal.*, 508 U.S. 602, 623 (1993); *see Phoenix Eng'g & Supply v. Universal Elec.*, 104 F.3d 1137, 1141 (9th Cir. 1997) ("the clearly erroneous standard allows [for] great deference").

The "contrary to law" standard allows independent, plenary review of purely legal determinations by the magistrate judge. *See Miller v. Akanno*, No. 1:12-cv-01013-LJO, 2015 WL 224811, at *1 (E.D. Cal. Jan. 15, 2015) (citing *Haines v. Liggett Group, Inc.*, 975 F.2d 81, 91 (3rd Cir. 1992)); *Green v. Baca*, 219 F.R.D. 485, 489 (C.D. Cal. 2003); *see also Osband v. Woodford*, 290 F.3d 1036, 1041 (9th Cir. 2002). An order is contrary to law when it "contradict[s] or ignore[s] applicable precepts of law, as found in the Constitution, statutes or case precedent." *Adolph Coors Co. v. Wallace*, 570 F. Supp. 202, 205 (N.D. Cal. 1983).

### III. Discussion

#### A. Order Requiring E-Mail Service was Not Erroneous or Contrary to Law

Here, the Magistrate Judge concluded that "Plaintiff has not taken any reasonable steps to ensure that Defendants have received an unredacted copy of the Motion so that they can adequately respond to it in time for the hearing set for June 15, 2020." (ECF No. 144 at 2.) The Magistrate then ordered Plaintiff serve his Response via e-mail. (*Id.*)

Plaintiff now argues that the Magistrate Judge erred in ordering e-mail service because his decision to serve the Response by mail complied with Rule 5(b)(2) and the

District's electronic filing policy manual. (ECF No. 146 at 3.) Plaintiff also contends that e-mail poses unreasonable security risks. (*Id.*) Defendants respond that their failure to receive a copy of Plaintiff's Response on June 10, 2020 in advance of the hearing violated their fundamental right to notice and due process in connection with the hearing. (ECF No. 153 at 4.) In light of the Parties' arguments and applicable law, the Court finds that the Magistrate Judge's decision was reasonable.

"Rule 5(b) of the Federal Rules of Civil Procedure governs the serving and filing of pleadings and other papers." *Bianco v. Erkins*, 341 F. App'x 329, 331 (9th Cir. 2009). However, "the Constitution does not require any particular means of service of process, only that the method selected be reasonably calculated to provide notice and an opportunity to respond." *Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1017 (9th Cir. 2002). Consequently, the Ninth Circuit has left the decision for whether to allow service of process by email "to the discretion of the district court." *Id.* at 1018. Courts have subsequently allowed alternative service by email even when there are other means of communication available. *See*, *e.g.*, *Johnson v. Mitchell*, No. CIV-S-10-1968-GEB, 2012 WL 1413986, at *5 (E.D. Cal. Apr. 23, 2012) (allowing both email service of process in addition to mail delivery of process).

In light of these precedents on e-mail service, the Magistrate Judge was well within her discretion to order service by e-mail of the unredacted copy of Plaintiff's Response. While Plaintiff is generally correct in noting that the U.S. mail could be a reasonable means of service, the Magistrate Judge's decision to require e-mail service here is reasonable given the circumstances. Most importantly, in the absence of e-mail service, Defendants would have been unable to "adequately respond to [the Response] in time for the hearing set for June 15, 2020." (ECF No. 144 at 2.) After all, Plaintiff only filed the Response on June 12, 2020 – three days before the hearing. *Cf. United States v. Real Prop. Located at 475 Martin Lane, Beverly Hills, CA*, 545 F.3d 1134, 1143 (9th Cir. 2008) (citation omitted) ("Indeed, it is highly unusual in our system of law for a party to have to respond to evidence she cannot see").

Plaintiff, moreover, sought "immediate relief from the Court," and thus can hardly complain of prejudice in having to comply with the Magistrate Judge's reasonable service requirement, especially because the Court was aware that the Parties had communicated via e-mail before and thus had reason to think e-mail would serve as the most efficient means of service under the circumstances. (ECF No. 144 at 2.) And, even if e-mail presents a heightened security risk in comparison to physical mail, the Court is not prepared to find that the Magistrate Judge abused her discretion in requiring it under these circumstances. *See Rio Properties, Inc.*, 284 F.3d at 1018 ("we leave it to the discretion of the district court to balance the limitations of email service against its benefits in any particular case.")

Accordingly, the Court finds the Magistrate Judge's Order that Plaintiff electronically serve Defendants his Response was not clearly erroneous or contrary to law under the circumstances.

### B. Failure to State Adequate Grounds Upon Which to Support Motion to Seal

#### 1. Common Law Right of Access to Judicial Record

The public has a federal common law right of access to information filed with the Court. *See Phillips ex. rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F3d 1206, 1212 (9th Cir. 2002) (citing Ninth Circuit and U.S. Supreme Court cases affirming existence of a common law right of access). This common law right "'creates a strong presumption in favor of access' to judicial documents which 'can be overcome' only by showing 'sufficiently important countervailing interests.'" *Id.* (citing *San Jose Mercury News, Inc. v. U.S. Dist. Court–N. Dist.* ("*San Jose*"), 187 F.3d 1096, 1102 (9th Cir. 1999).

#### 2. Legal Standard for Sealing

In the Ninth Circuit, two different standards govern motions to seal, depending upon the nature of the proceeding and the purpose of the information to be sealed. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 677–78 (9th Cir. 2010). In seeking to seal a document filed in connection with a dispositive motion, the party seeking to seal must demonstrate "compelling reasons" that would overcome the public's right to view public

records and documents, including judicial records. *Id.* at 678 (citing *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006)). However, a different standard applies to private documents submitted in connection with non-dispositive motions, since such motions are often unrelated or only tangentially related to the merits of the underlying claims. *Kamakana*, 447 F.3d at 1179–80. Federal Rule of Civil Procedure 26(c)'s good cause standard applies to documents submitted in connection with non-dispositive motions. *Pintos*, 605 F.3d at 678; *In re Midland Nat. Life Ins. Co. Annuity Sales Practices Litig.*, 686 F.3d 1115, 1119 (9th Cir. 2012) ("[A] particularized showing of 'good cause' under Federal Rule of Civil Procedure 26(c) is sufficient to preserve the secrecy of sealed discovery documents attached to non-dispositive motions."); *see also* Fed. R. Civ. P. 26(c) ("The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense[.]").

### 3.   Plaintiff Has Not Met the Good Cause Standard

Plaintiff sought to seal documents attached to his written Response in advance of the Court's hearing to show cause. (ECF Nos. 132, 138.) Thus, because Plaintiff's Response pertains to a non-dispositive request or filing, the Court applies Rule 26(c)'s "good cause" standard to Plaintiff's motion to seal.

Even under this less exacting standard, Plaintiff failed to show good cause to protect the information contained within his Response from being disclosed. It is well-established that "broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test." *Beckman Ind., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992); *see also Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1130 (9th Cir. 2003) (affirming that a plaintiff must explain with specificity why sealing is appropriate to satisfy Rule 26(c)). Here, as noted by the Magistrate Judge, Plaintiff's "one-sentence Motion states only that the Response 'contains highly personal and confidential information.'" (ECF No. 144 at 3 (citing ECF No. 138).) As such, Plaintiff failed to make a particularized showing that public disclosure would result in "annoyance, embarrassment, oppression, or undue burden or

expense[.]" Fed. R. Civ. P. 26(c). Plaintiff, moreover, later conceded as much in asserting that the Magistrate Judge should have inferred good cause from the Response itself. (*See* ECF No. 142 at 2) (alleging "[t]he good cause grounds are abundantly clear to the Court in the lodged 85-page written response, *not in the motion to seal*.") (emphasis added).

Plaintiff also argues that "[a]ny fair reading of the sealed Response, which includes exhibits containing Plaintiff's private health information, demonstrates that granting the Motion to Seal is warranted." (ECF No. 146 at 4.) Plaintiff, it seems, sought to seal the Response for fear that "showing Edith Sundby the subject exhibits, without redaction, or framing any question in a manner that the same personal information might be revealed, would unnecessarily and unjustifiably cause her anguish, threaten her health, and burden the marriage relationship." (ECF No. 158 at 3) (citation omitted).

However, "objections to a Magistrate Judge's order are not the place for a party to make a new argument and raise facts not addressed in his original brief." *Jones v. Sweeney*, No. 1:04-CV-6214-AWI, 2008 WL 3892111, at *2 (E.D. Cal. Aug. 21, 2008) (citing *Zimmerman v. City of Oakland*, 255 F.3d 734, 740 (9th Cir. 2001)). Whatever the merits of Plaintiff's argument, the Court will not entertain them now because it was not put before the Magistrate Judge in the motion to seal. *See Chappell v. Dickerson*, No. 1:96-CV-5576-AWI, 2007 WL 1725683 at *2 (E.D. Cal. Jun. 14, 2007) (quotation omitted) ("[A]llowing parties to litigate fully their case before the magistrate and, if unsuccessful, to change their strategy and present a different theory to the district court would frustrate the purpose of the Magistrates Act.") The Magistrate Judge was not required to look to the Response and glean from it the reasons why it may or may not require sealing; that is precisely the purpose of a motion to seal and the burden on a motion to seal falls squarely on the movant. *Kamakana*, 447 F.3d at 1176.

Accordingly, the Court finds that the Magistrate Judge did not err in denying Plaintiff's motion to seal. Rather, upon reading Plaintiff's one sentence motion, the Court concurs with the Magistrate Judge in finding that the motion "does not set forth any of

7

the grounds on which he claims to be entitled to withhold his entire Response and the accompanying declarations from the public record in this case." (ECF No. 144 at 3.)

### C. Failure to File Redacted Version

Lastly, Plaintiff also contests the Magistrate Judge's order that Plaintiff file a redacted version of the Response and accompanying declaration "that only redacts the text of the emails at issue and any specific reference to the text." (ECF No. 144 at 3; ECF No. 146 at 4.) Plaintiff argues that, "[p]ending a ruling on this Objection, Plaintiff cannot know the need to file a redacted version of the Report." (ECF No. 146 at 4.)

A court may deny a party's motion to seal an entire document where a redacted version could be publicly filed instead. *See Zeitlin v. Bank of Am., N.A.*, No. 2:18-cv-01919-RFB, 2020 WL 3073344 (D. Nev. Jun. 10, 2020) (finding that "a redacted copy of the Motion should be filed instead of keeping the entire Motion sealed as the good cause standard does not require the entire Motion to be sealed"); *Hunt v. Cont'l Co.*, No. 13–cv–05966–HSG, 2015 WL 5355398, at *2 (N.D. Cal. Sep. 12, 2015) ("Rather than seal this information, the Court directs Plaintiff to publicly file redacted versions of these exhibits in accordance with Federal Rule of Civil Procedure 5.2(a). Because the *redactions will eliminate the need for sealing*, the Court DENIES the motion to seal . . .") (emphasis added).

Accordingly, the Magistrate Judge's Order that Plaintiff immediately file a redacted version of the Response was not clearly erroneous or contrary to law.

## IV.   Conclusion

For the foregoing reasons, the Court **DENIES** Plaintiff's Objection.

**IT IS SO ORDERED.**

Dated: July 16, 2020

Hon. Gonzalo P. Curiel
United States District Judge