1
2
3
4
5
6
7
8             UNITED STATES DISTRICT COURT
9            SOUTHERN DISTRICT OF CALIFORNIA
10
11   DALE SUNDBY, Trustee,              Case No.:  19-cv-390-GPC-AHG
12                      Plaintiff,      **ORDER OVERRULING**
                                        **PLAINTIFF'S OBJECTION TO**
13   v.                                 **SCHEDULING ORDER**
14   MARQUEE FUNDING GROUP, INC., et
     al.,                               **[ECF No. 240]**
15
                        Defendants.
16

17        Plaintiff has filed an Objection to the Court's January 4, 2021 Scheduling Order
18   and also submitted a Supplemental Brief in support of the Objection.  ECF Nos. 240, 243.
19   For the reasons stated below, the Court **OVERRULES** Plaintiff's Objection to the
20   Scheduling Order.
21                           **BACKGROUND**
22        On December 9, 2020, Plaintiff filed an Ex Parte Motion for an order on TILA
23   damages.  ECF No. 230.  In the Ex Parte Motion, "Plaintiff respectfully requests that the
24   Court deny Lender Defendants any right to present 'affirmative defenses against 15
25   U.S.C. § 1640 liabilities,' and declare that Lender Defendants are liable for TILA
26   damages for the undisputed amounts of $370,166.71 for the 2016 Loan, and $320,017.26
27
28

for the 2017 Loan." *Id.* at 6.  In support of the Ex Parte Motion, Plaintiff argued that Ninth Circuit law, including *Semar v. Platte Valley Fed. Sav. & Loan Ass'n*, 791 F.2d 699 (9th Cir. 1986), prohibits the defendants' presentation of affirmative defenses.  Ex Parte Mot. 4, ECF No. 230.

On December 17, 2020, the Court held its pretrial conference.  Min. Entry, ECF No. 234.  At the pretrial conference, the Court set a trial date and hearing date for the motions in limine.  *See* Tr. of Final Pretrial Conference 4–5, ECF No. 242.  Further, the Court noted that the proposed pretrial order sought a ruling on "whether the lender defendants would be allowed to make arguments resoundingly rejected by the Ninth Circuit and *Semar.*"  *Id.* at 5.  The Court declined to issue a ruling because the matter was scheduled as a pretrial conference hearing, not a hearing to consider substantive issues. *Id*.  Instead, the parties were directed to file a motion in limine to exclude issues or defenses.  *Id.* at 5–6.

The Investor Defendants' initial proposal was to bifurcate the trial.  The first phase would address statutory damages on jury trial, and the second phase would address the Investor Defendants' affirmative defenses on bench trial.  Plaintiff took the position that "it all should go to a jury."  *Id.* at 6–7.  When the Court then directed the parties to brief on whether the second phase should be done by bench trial versus jury trial and provided briefing schedules (with the Investor Defendants first submitting their opening papers), Counsel for the Investor Defendants later stipulated that the whole case can proceed via jury trial.  *Id.* at 7–9.

Correspondingly, the following exchanges occurred at the pretrial conference:

THE COURT:      . . . And with respect to this proposed bifurcation, I will be prepared to have a jury trial on the affirmative defenses only if the law requires it.  If the law permits the Court to entertain those issues at a bench trial, I plan to do that in order to conserve judicial resources, in order to conserve juries' time in performing jury service.

2

So, to the extent that at this point the defense is backing off of that earlier proposal, I will have my chambers look at the question without briefing unless, Mr. Sundby, you would like to submit a brief on it, and then we would have basically the reverse scheduling that I just announced, as far as January 22, February 12, and February 19.  Instead of the defendant investors filing their papers on January 22, I would have you submit your papers.

How would you like to proceed, Mr. Sundby?

MR. SUNDBY:   No, I am fine with what you just said.  If the Court is going to make that determination, then that's fine.

THE COURT:   So, then, we will do that -- if not in house, we will do it in chambers, and then I will advise the parties at the appropriate time.

*Id.* at 13–14.

After the December 17 pretrial conference, the Court entered a Minute Entry which incorrectly reports: "Chambers will decide issue of Lender Defendants['] right to present 'affirmative defense' offered by defendant investors."  ECF No. 234.  The Minute Entry is incorrect because the transcript of the hearing clearly reveals that the Court stated it would decide in chambers without further briefing the question regarding the right to a jury trial on the affirmative defenses, and not the question whether *Semar* prohibits the defendants' presentation of an affirmative defense.  This latter issue will be decided at or following the motion in limine hearing which is scheduled on January 28, 2022.

/ / /

19-cv-390-GPC-AHG

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## CONCLUSION

Therefore, the Court **OVERRULES** Plaintiff's Objection.  The parties will be permitted to address the question regarding equitable defenses in their motions in limine and will be addressed by the Court at the scheduled in limine hearing.

**IT IS SO ORDERED.**

Dated:  January 7, 2021

Hon. Gonzalo P. Curiel
United States District Judge

4