UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DALE SUNDBY, Trustee,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>MARQUEE FUNDING GROUP, INC. et al.,<br><br>　　　　　　　　　　Defendants. | Case No.: 19-cv-390-GPC-AHG<br><br>**ORDER DENYING MOTION FOR ATTORNEY'S FEES**<br><br>**[ECF No. 265]** |

Before the Court is Defendant Marquee Funding Group, Inc.'s ("MFG") Motion for Attorney's Fees ("Motion"). Specifically, MFG requests $109,335 in attorney's fees plus such additional amount to prosecute the Motion. Upon considering the moving papers and the case record, the Court **DENIES** MFG's Motion.[1]

---

[1] Even though the case is under appeal, this Court has jurisdiction to decide the matter. "A 'district court retain[s] the power to award attorney's fees after the notice of appeal from [its] decision on the merits [has] been filed.'" *Edwards v. Vemma Nutrition*, 835 F. App'x 174, 176 (9th Cir. 2020) (alterations in original) (quoting *Masalosalo by Masalosalo v. Stonewall Ins. Co.*, 718 F.2d 955, 957 (9th Cir. 1983)). *See generally* Bennett Evan Cooper, *Federal Appellate Practice: Ninth Circuit* § 9.1 (2020 ed.).

1

19-cv-390-GPC-AHG

# BACKGROUND

The Court limits the discussion to the facts necessary to issue this Order. MFG originated two mortgage loans for Plaintiff, one in 2016, and another in 2017. These loans became subject to Plaintiff's lawsuit, in part pursuant to the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601, *et seq*. On December 6, 2019, MFG served Plaintiff an Offer of Judgment ("Offer") pursuant to Federal Rule of Civil Procedure ("Rule") 68. *See* MFG Mem. Ex. 3, ECF No. 265-2. The Offer, in part, allowed entry of judgment with an amount of $8,001.00. *See id.* Plaintiff did not accept the Offer.

On September 15, 2020, the Court issued its Summary Judgment Order. ECF No. 209. The Court concluded that Plaintiff met his burden of demonstrating "one TILA violation as to the Defendant MFG," and found "that Defendant MFG's statutory damages under [15 U.S.C.] § 1640(a)(2)(A)(i), (iv) are capped to $4,000 per violation and that § 1640(a)(4) does not apply." *Id.* at 53–54.

On April 22, 2021, the Court issued a Judgment and Order that resolved the remaining issues that the Court had declined to decide when issuing its Summary Judgment Order. ECF No. 264. In the April 22, 2021 Judgment and Order, the Court stated that MFG was "liable for $4,000," and ordered that Plaintiff was entitled to such damages. *See id.* at 2 n.3, 19.

On May 6, 2021, MFG filed the instant Motion. ECF No. 265. Plaintiff filed an Opposition, and MFG filed a Reply. *See* ECF Nos. 271, 273. In the meantime, the entire case is pending appeal, in which Plaintiff filed a Notice of Appeal on May 17, 2021, and Defendants filed a Notice of Cross Appeal on June 1, 2021. *See* ECF Nos. 267, 274.

# DISCUSSION

The Court declines to grant MFG's Motion because TILA does not award attorney's fees to the defendants of the lawsuit. MFG's case for attorney's fees is as follows. An award of attorney's fees is available if MFG meets the requirements under

Rule 54(d)(2), which includes providing "grounds entitling the movant to the award." Fed. R. Civ. P. 54(d)(2)(B)(ii). Rule 68(d) provides such grounds since Plaintiff rejected MFG's Offer, and thus "the offeree must pay the costs incurred after the offer was made." Per *Marek v. Chesny*, 473 U.S. 1, 9 (1985), "costs" in Rule 68 could include attorney's fees if the statute provides so. And under TILA, "costs" includes attorney's fees. *See* MFG Mem. 2–3, ECF No. 265-2. Of note, MFG must satisfy each part of the syllogism to succeed in its claim for attorney's fees.

MFG's chain of reasoning breaks down in the last two parts. Applying the Ninth Circuit's understanding of *Marek*, a statute including attorney's fees as costs is not enough—MFG must prove that such statute applies to them. The Ninth Circuit expressly stated the following:

> In *Marek*, the Supreme Court held that "the term 'costs' in Rule 68 was intended to refer to all costs *properly awardable* under the relevant substantive statute." We have interpreted this to mean that attorney's fees may be awarded as Rule 68 costs only if those fees would have been properly awarded under the relevant substantive statute in that particular case.

*UMG Recordings, Inc. v. Shelter Cap. Partners LLC*, 718 F.3d 1006, 1034 (9th Cir. 2013) (emphases in original) (internal citation omitted); *accord Energy Intel. Grp., Inc. v. Kayne Anderson Cap. Advisors, L.P.*, 948 F.3d 261, 279–80 (5th Cir. 2020) (agreeing with the Ninth Circuit's decision to reject the cross-appellant's interpretation that it may recover attorney's fees "so long as the substantive statute authorizes the district court to award fees as part of costs to *some* party" (emphasis in original)). To put it differently, if the statute designates attorney's fees to a particular party but not others in the lawsuit, the Rule 68 offeror must also demonstrate that it meets that designation. Otherwise, it contravenes *Marek*'s qualifying language that Rule 68 refers to all costs "properly awardable" under the relevant statute.

3

19-cv-390-GPC-AHG

And under Section 1639b of TILA, the award of attorney's fees is unidirectional, i.e., available to the consumer but not so to the mortgage originator. To minimize the Court's intrusion in an action that is currently in front of the Ninth Circuit, the Court will solely analyze Section 1639b(d)(2), which MFG cites as the basis for an attorney's fees award. That provision includes "a reasonable attorney's fee" in assessing "costs *to the consumer of the action*." 15 U.S.C. § 1639b(d)(2) (emphases added). Thus, this Section is not defining "costs" writ-large. It permits costs to include attorney's fees, but only to the extent that attorney's fees are part of *Plaintiff's* costs as the mortgage consumer.

While the parties have not identified any case law that has interpreted Section 1639b in a context similar to the dispute before this Court,[2] the Court concludes that this is the appropriate reading of the TILA statute. First, the canon of statutory construction prefers that every word of the statute be given effect. *See generally* Antonin Scalia & Bryan A. Garner, *Reading Law: The Interpretation of Legal Texts* 174–79 (2012) (the Surplusage Canon). Second, the Court's interpretation is in tune with other provisions of TILA that limit attorney's fees to the plaintiffs. *See, e.g.*, *Bonner v. Redwood Mortg. Corp.*, No. C 10-00479 WHA, 2010 WL 2528962, at *4 (N.D. Cal. June 18, 2010) ("No provision under TILA grants attorney's fees to prevailing lenders."); *cf. Nigh v. Koons Buick Pontiac GMC, Inc.*, 478 F.3d 183, 189 (4th Cir. 2007) (discussing that the rationale behind fee-shifting provisions such as those in TILA is to subsidize the prosecution of such laws).

Accordingly, the Court concludes that an attorney's fees award to MFG is not appropriate. Before the Court concludes the Order, however, it makes one additional observation. In his Opposition brief, Plaintiff flagged that the Court's April 22, 2021

---

[2] MFG acknowledges that there is no case addressing whether Section 1639b(d)(2) meets the *Marek* test. *See* MFG Reply 4, ECF No. 273.

4

Judgment and Order made an "error statement," since Plaintiff should be entitled to $8,000 against MFG instead of $4,000. *See* Pl.'s Opp'n 3–4, ECF No. 271. The Court agrees with Plaintiff. The Summary Judgment Order makes clear that there was "one" violation of TILA for "each" loan document, thus "$4,000 per violation." *See* ECF No. 209 at 40, 53.

Normally this would be considered a "clerical mistake" that the Court may amend on its own. "But after an appeal has been docketed in the appellate court and while it is pending, such a mistake may be corrected only with the appellate court's leave." Fed. R. Civ. P. 60(a). With no leave appearing in the case record, the Court lacks jurisdiction to amend its final judgment, and thus the Court will wait for further instructions from the Ninth Circuit instead.

## CONCLUSION

For the reasons discussed above, the Court **DENIES** Defendant MFG's Motion for Attorney's Fees. Relatedly, the Court **VACATES** the hearing on the matter, currently scheduled for June 11, 2021.

**IT IS SO ORDERED.**

Dated: June 4, 2021

Hon. Gonzalo P. Curiel
United States District Judge