UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DALE SUNDBY,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>MARQUEE FUNDING GROUP, INC., et al.,<br><br>　　　　　　　　　Defendant. | Case No.: 19-cv-00390-GPC-AHG<br><br>**ORDER DENYING PLAINTIFF'S RULE 60(b) MOTION**<br><br>**[ECF No. 296]** |

On September 17, 2021, Plaintiff Dale Sundby ("Plaintiff") filed a "Motion for Post-Judgment TILA Damages" pursuant to Federal Rule of Civil Procedure ("Rule") 60(b). ECF No. 296. The parties have fully briefed the matter. The Court finds this issue suitable for disposition on the papers and VACATES the hearing set for November 19, 2021. Having considered the parties' filings and the applicable law, and good cause appearing, the Court HEREBY DENIES Plaintiff's Motion pursuant to Rule 60(b).

I.   **BACKGROUND**

The extensive factual background of this case is well known to the parties and has been summarized in the Court's previous Orders, so the Court will not restate its details here. *See* ECF No. 209 (Summary Judgment Order containing a comprehensive summary

1

of the factual background of the case). Relevant to the instant motion, the Court previously entered partial summary judgment for Plaintiff, finding that Plaintiff had met his burden in demonstrating (1) three Truth in Lending Act ("TILA") violations as to the 2016 Lender Defendants, (2) three TILA violations as to the 2017 Lender Defendants, and (3) one TILA violation as to Defendant Marquee Funding Group ("MFG"). *Id.* at 53. As to damages on Plaintiff's first cause of action, the Court found that Defendant MFG's statutory damages under § 1640(a)(2)(A)(i), (iv) were capped at $4,000 per violation and that § 1640(a)(4) did not apply. *Id.* The Court denied further summary adjudication of the damages issue under Plaintiff's first cause of action. *Id.* On April 22, 2021, following Plaintiff's Ex Parte Motion for an Order on TILA Damages (ECF No. 230), and based on Defendant's statements in the proposed final pretrial conference order and the pretrial conference held on December 17, 2020 (ECF No. 234), this Court ordered that Plaintiff was entitled to (1) damages of $370,166.71 for the 2016 loans, and $320,017.26 for the 2017 loans, against the Investor Defendants; and (2) damages of $4,000 against Defendant MFG. ECF No. 264 at 19. The Court also reiterated that the 2017 Altered Deed, 2017 MFG Note, and 2017 Fine Note were void, but that the 2017 Original Deed and Note were valid. *Id.* This Court then directed the Clerk of Court to close the case. *Id.*

On May 17, 2021, Plaintiff filed a Notice of Appeal to the Ninth Circuit as to this Court's Summary Judgment Order (ECF No. 209) and Judgment on Damages (ECF No. 264). ECF No. 267. On September 17, 2021, Plaintiff then filed the instant Motion, styled as a "Motion for Post-Judgment TILA Damages." ECF No. 296. In a single-page Memorandum of Points and Authorities, Plaintiff states that he seeks an additional $954,594.08 in post-judgment TILA damages from Investor Defendants. *Id.* at 3. Plaintiff attached Platinum Loan Servicing's June 25, 2021 "Beneficiary's Demand for Payoff" as Exhibit 1, stating that "[o]f the 'Payoff Amount' of $4,239,136.56, the demand included $915,610.00 in 'Accrued Interest from 7/8/2018 to 7/9/2021' and an additional $847.48

for each additional day past 7/9/2021. *Id.* Plaintiff's residence was sold at a foreclosure sale on August 25, 2021 to the Investor Defendants, whose bid was $4,334,685.48. *Id.* According to Plaintiff, "[s]ince the $4,239,136.56. payoff amount plus $38,984.08 additional interest from 7/10/21 to 8/25/21 is less than the $4,334,685.48 purchase price, all demanded interest charges are included. As such, interest "Finance Charges" subject to 15 U.S.C. § 1640(a)(4), from 7/8/2018 to 8/25/2021 is $915,610.00 plus $38,984.08, or $954,594.08." *Id.* Plaintiff asserts that because these charges "were unknown and unknowable to the Court or Plaintiff at final judgment on April 22, 2021," Plaintiff now seeks to recoup these post-judgment finance charges pursuant to Rule 60(b)(2) because such charges are newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial. *Id.* Furthermore, Plaintiff seeks this relief pursuant to Rule 60(b)(6), "as being lawful and just." *Id.*

## II. DISCUSSION

### A. Legal Standard

#### 1. District Court's Jurisdiction to Consider Rule 60(b) Motion When Appeal is Pending

In general, once a notice of appeal has been filed, the district court is divested of jurisdiction over the matters being appealed. *Nat. Res. Def. Council, Inc. v. Sw. Marine Inc.*, 242 F.3d 1163, 1166 (9th Cir. 2001). However, this principle is not absolute. Federal Rule of Civil Procedure 62.1(a) provides that if a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may defer consideration of such a motion, deny the motion on the merits, or issue an "indicative ruling" stating whether the district court would grant the motion if the court of appeals remands for that purpose. Fed. R. Civ. P. 62.1; *see Out of the Box Enter., LLC v. El Paseo Jewelry Exch.*, 737 Fed. Appx. 304, 305 (9th Cir. 2017) (citing *NewGen, LLC v. Safe Cig, LLC,* 840 F.3d 606, 612 n.1 (9th Cir. 2016)). Rule 62.1 does

not support independent, freestanding motions for relief, but rather applies where a timely motion, typically a Rule 60(b) motion, has been made. *Lipsey v. Reddy*, No. 17-cv-00569-LJO-BAM, 2019 WL 3080769, at *1 (E.D. Cal. Jul. 15, 2019).

### 2. Rule 60(b) Motion

Plaintiff brings his Motion pursuant to Rule 60(b)(2) and Rule 60(b)(6). "Rule 60(b) is available only to set aside a prior judgment or order; courts may not use Rule 60(b) to grant affirmative relief in addition to the relief contained in the prior order or judgment." *Delay v. Gordon*, 475 F.3d 1039, 1044 (9th Cir. 2007) (citing 12 *Moore's Federal Practice* § 60.25 (Matthew Bender 3d 2004)).

Rule 60(b)(2) allows a court to relieve a party from a final judgment, order, or proceeding due to "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)." Fed. R. Civ. P. 60(b)(2). "Newly discovered evidence" is that which existed at the time of the judgment but was not discoverable with reasonable diligence. *Fantasyland Video, Inc. v. Cnty. of San Diego*, 505 F.3d 996, 1005 (9th Cir. 2007) (noting that evidence did not qualify as "newly discovered" because it simply did not exist at the time of the judgment); *see Corex Corp. v. U.S.*, 638 F.2d 119, 121 (9th Cir. 1981), abrogated on other grounds by *Gregorian v. Izvestia*, 871 F.2d 1515, 1526 (9th Cir. 1989) ("Cases construing 'newly discovered evidence,' either under 60(b)(2) or Rule 59, uniformly hold that evidence of events occurring after the trial is not newly discovered evidence within the meaning of the rules."). In sum, to prevail on a Rule 60(b)(2) motion "the movant must show the evidence (1) existed at the time of the trial, (2) could not have been discovered through due diligence, and (3) was of such magnitude that production of it earlier would have been likely to change the disposition of the case." *Mitchell v. City of Pittsburg*, 2011 WL 3877081, at *3 (N.D. Cal. Sept. 2, 2011) (quoting *Jones v. Aero/Chem Corp.*, 921 F.2d 875, 878 (9th Cir. 1990)).

Rule 60(b)(6) is a catch-all provision that allows a court to relieve a party from a final judgment, order, or proceeding for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). Rule 60(b)(6) applies only when the reason for granting relief is not covered by any of the other bases set forth in Rule 60. *Delay*, 475 F.3d at 1044. Courts in the Ninth Circuit require "extraordinary circumstances justifying the reopening of a final judgment under 60(b)(6)." *Riley v. Filson*, 933 F.3d 1068, 1071 (9th Cir. 2019). "The standard for a Rule 60(b)(6) motion is high, and such relief should be granted sparingly to avoid manifest injustice." *Id.* (quoting *Navajo Nation v. Dep't of the Interior*, 876 F.3d 1144, 1173 (9th Cir. 2017) (internal quotations omitted)).

### B.  Sufficiency of Plaintiff's Motion

Defendants raise several arguments in opposition to Plaintiff's Motion. ECF No. 298 ("Opp."). First, Defendants argue that this Court completely lacks jurisdiction to hear Plaintiff's motion while an appeal is pending. *Id.* at 6. Second, Defendants argue that there is no new alleged TILA violation at issue because Plaintiff did not pay any additional finance charges and fees in connection with the foreclosure sale which occurred in August 2021. *Id.* Third, Defendants argue that Plaintiff failed to timely raise the issue of the "new alleged TILA damages" and therefore the motion should be denied for lack of reasonable diligence under Rule 60(b)(2). *Id.* at 7. Fourth, Defendants argue that Plaintiff cannot establish the requisite "extraordinary circumstances" under Rule 60(b)(6) because "nothing prevented the Plaintiff from seeking to add the new alleged TILA damages in the Motion for TILA damages filed by Plaintiff in December 2020." *Id.* Finally, Defendants argue that Plaintiff's "new alleged TILA damages claim" is barred by the three-year statute of limitations under 15 U.S.C. § 1640(e). *Id.*

Defendants are incorrect as to the jurisdictional issue, as the Court has explained *supra* Section II.A.1 and as Plaintiff argues in his Reply brief (ECF No. 300 at 1). Plaintiff also stridently contests Defendants' remaining points, arguing *inter alia* that it

would have been impossible for Plaintiff to raise the issue of post-judgment damages before they manifested. Plaintiff's Reply also challenges the propriety of the foreclosure sale, Investor Defendants' deed of trust ("DOT") and Investor Defendants' notice of default ("NOD"). However, these arguments are directed against Defendants' past actions and are of no avail to Plaintiff in the central task at hand: convincing this Court that the high hurdle of a motion for reconsideration has been cleared.[1]

First, this Court is not convinced that Plaintiff's later-accrued post-judgment interest charges constitute "newly discovered evidence." Nor is the Court convinced, even assuming *arguendo* that such charges could constitute newly discovered evidence, that the existence of such charges would form a sufficient basis for reconsideration. As noted above, in the Ninth Circuit, "newly discovered evidence" for the purposes of a Rule 60(b) motion must have existed at the time of judgment. *Fantasyland Video, Inc. v. Cnty. of San Diego*, 505 F.3d 996, 1005 (9th Cir. 2007). The underlying reasoning of Plaintiff's motion is that the post-judgment finance charges could not have been raised to this Court at the time of Plaintiff's Damages Motion because they did not yet exist. ECF No. 296 at 3 ("These charges were unknown and unknowable to the Court or Plaintiff at final judgment on April 22, 2021"). Therefore, the post-judgment finance charges, by definition, cannot constitute "newly discovered evidence" sufficient to support a successful Rule 60(b)(2) motion.

The Court also finds that Plaintiff has not met his heavy burden in convincing this Court that reconsideration should be granted pursuant to Rule 60(b)(6). Plaintiff's Motion only mentions Rule 60(b)(6) in a perfunctory statement that such reconsideration would

---

[1] However, the Court is also not persuaded by Defendants' arguments to the contrary. In particular, Defendants fail to explain why they believe the statute of limitations under 15 U.S.C. § 1640(e) would be relevant where Plaintiff is seeking to augment his damages award rather than bringing a new claim.

be "lawful and just," with no explanation as to why Plaintiff's situation might meet the requisite standard of "extraordinary circumstances." Plaintiff's Reply brief similarly fails to persuasively address this standard. Therefore, Plaintiff has not provided the Court with any basis for granting relief pursuant to Rule 60(b)(6).

Importantly, Plaintiff has not pointed to any legal authority supporting the availability of the unusual relief he seeks. Plaintiff's Motion appears to ask the Court to re-open a previously entered judgment and augment the damages award to account for events that occurred after the case was closed. As the Court noted above, Rule 60(b) relief is available only to *set aside* a prior judgment or order, not to grant a party additional affirmative relief in addition to the relief contained in the prior order or judgment. *Delay v. Gordon*, 475 F.3d 1039, 1045 (9th Cir. 2007) (collecting cases). Plaintiff argues that because none of the five arguments raised in opposition by the Defendants are "legitimate objections," Plaintiff's Motion should be granted. ECF No. 300 at 2. This is incorrect. It is Plaintiff's burden to show this Court why such relief is available, and if available, why relief should be granted. Since Plaintiff has failed to do so, the Court accordingly DENIES Plaintiff's "Motion for Post-Judgment TILA Damages" pursuant to Rule 60(b).

**IT IS SO ORDERED.**

Dated: November 18, 2021

Hon. Gonzalo P. Curiel
United States District Judge