UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DALE SUNDBY, Trustee,, | Case No.:  19-CV-0390-GPC-AHG |
| Plaintiff, | 21-CV-2013-GPC-AHG |
| v. | **ORDER RE PLAINTIFF DALE SUNDBY'S IMPROPER USE OF OBJECTIONS** |
| MARQUEE FUNDING GROUP, et al., | |
| Defendants. | |

On December 15, 2022, the Court issued an Order mandating that legal representation be obtained on behalf of the Dale H. Sundby and Edith Littlefield Sundby, Trust No. 1989-1 dated January 26, 1989.  ECF No. 310.  Plaintiff Dale Sundby objected to this Order.  ECF No. 312.  On March 17, 2023, after inviting briefing on the issue, ECF No. 313, the Court reaffirmed its December 2022 Order and clarified that it interpreted "Sundby's objections to have been a Rule 60(b) motion for relief from an order."  ECF No. 324 at 5 n.4.  Sundby objected to the March 17, 2023 Order.  ECF No. 325.  The Court issued a notice explaining that the deadline from the March 17, 2023 Order was still in effect but declining to take any further action on Sundby's objections as they did not appear to be a motion for reconsideration under Federal Rule of Civil Procedure 60.  ECF No. 327.

1

Now, Sundby has issued another round of objections and insists, without pointing to any authority, that he has "a right to have [his] objections ruled upon." ECF No. 328 at 2. The Court is not aware of any provision allowing parties to object to a judge's order outside the context of a trial. Presumably, Sundby is relying on Rule 46, but Rule 46 is inapplicable because it offers a means of objecting to rulings or orders at *trial*. *See, e.g.*, *Monaghan v. Hill*, 140 F.2d 31, 33 (9th Cir. 1944) (discussing Rule 46 purpose of calling errors "to the attention of the trial court"); *Guangyu Wang v. Nevada Sys. Of Higher Educ.*, No. 3:18-cv-00075-MMD-CBC, 2019 WL 2250272, at *1 (D. Nev. May 23, 2019) (liberally construing pro se plaintiff's objection to a court order as a motion for reconsideration); *Lagmay v. Nobriga*, No. 15-00463 LEK/KJM, 2016 WL 2733101, at *1–2 (D. Haw. May 10, 2016) ("Rule 46 governs objections at trial and has no application here.").

To the extent that Sundby is seeking reconsideration under Rule 60, the Court denies reconsideration. "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). Sundby has not presented any new evidence or suggested that there has been a change in the controlling law. *See* ECF Nos. 325 & 328 (absence). Although Sundby argues that some of the Court's findings were erroneous, *see, e.g.*, ECF No. 325 at 2 (disagreeing with the Court's interpretation of Ninth Circuit opinion), none of his objections persuasively suggest that the Court's findings were clearly erroneous. Accordingly, reconsideration of the Court's March 17, 2023 Order is unwarranted.

The deadline from the Court's March 17, 2023 Order remains in effect and unaffected by Sundby's objections. *See* ECF No. 324.

\\\

\\\

2

1      **IT IS SO ORDERED.**

2  Dated:  April 3, 2023

3                           Hon. Gonzalo P. Curiel

4                           United States District Judge

3