UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DALE SUNDBY, Trustee,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>MARQUEE FUNDING GROUP, et al.,<br><br>　　　　　　　　　Defendants. | Case No.: 19-cv-0390-GPC-AHG<br>　　　　　　21-cv-2013-GPC-AHG<br><br>**ORDER**<br>**(1) DENYING MOTION TO SUBSTITUTE PARTY UNDER FED. R. CIV. P. 25(c) [ECF No. 332];**<br>**(2) DENYING MOTION FOR MANDATORY JOINDER UNDER FED. R. CIV. P. 19(a) [ECF No. 337];**<br>**(3) DENYING MOTION TO DISQUALIFY [ECF No. 338]; AND**<br>**(4) MANDATING LEGAL COUNSEL** |

1

Currently pending before the Court are three motions filed by Plaintiff Dale Sundby, pro se:[1] (1) a motion to substitute a party pursuant to Federal Rule of Civil Procedure 25(c), ECF No. 332; (2) a motion for mandatory joinder pursuant to Rule 19(a), ECF No. 337; and a motion for Judge Gonzalo P. Curiel to recuse himself from the proceedings, ECF No. 338.  Additionally at issue before the Court is how to proceed after the Ninth Circuit vacated the Court's Judgment and Order granting Sundby's motions for statutory damages and denying Sundby's motion for relief from summary judgment, ECF No. 264.  *See Sundby v. Marquee Funding Grp., Inc.*, Nos. 21-55504 & 55582, 2022 WL 4826445 (9th Cir. Oct. 3, 2022).

The Court finds the matters ripe for decision on the papers pursuant to Civil Local Rule 7.1(d) and hereby VACATES the hearing previously scheduled for June 30, 2023. For the reasons explained below, Sundby's motions are DENIED and the Court again Orders that counsel be obtained on the behalf of the Trust.

**I.    BACKGROUND INFORMATION**[2]

This case concerns loans made in 2016 and 2017 by the Defendant Lenders to the Dale H. Sundby and Edith Littlefield Sundby, Trust No. 1989-1 dated January 26, 1989 ("Trust") which Dale Sundby "Sundby," appearing in propria persona, alleges violated federal law.

---

[1] Although Sundby filed the motions on the dockets for both Case No. 19-cv-390 and Case No. 21-cv-2013, the Court has consolidated the cases pending resolution of issues discussed below.  *See* Case No. 19-cv-390 ECF No. 324 at 10.  Record citations will be to the record for Case No. 19-cv-390 unless context requires otherwise, in which case citations to the docket for Case No. 21-cv-2013 will be distinguished by an asterisk (*).

[2] The Court is confident that the parties are familiar with the proceedings and provides only limited background information necessary to understand the current matters before the Court.

In September 2020 the Court granted in part and denied in part the parties' motions for summary judgment. ECF No. 209. In April 2021, the Court issued a Judgment and Order granting Sundby's motions for statutory damages and denying Sundby's motion for relief from summary judgment. ECF No. 264. Sundby appealed, *see* ECF No. 267, and the Defendants cross-appealed, *see* ECF No. 274, to the United States Court of Appeals for the Ninth Circuit. Addressing an argument not raised before this Court, in October 2022 the Ninth Circuit held that "Sundby, in his capacity as trustee," could not represent the trust pro se. *Sundby*, 2022 WL 4826445, at *1; *see C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697–98 (9th Cir. 1987) (explaining why a person may represent self in litigation, but status as trustee does not include "right to present arguments pro se in federal court"). The Ninth Circuit vacated this Court's April 2021 Judgment and remanded the case back to this Court "to afford the trust an opportunity to obtain legal representation and to develop facts to determine in the first instance whether Sundby is the beneficial owner of the trust or whether the trust transferred any interests to Sundby." *Sundby*, 2022 WL 4826445, at *1. On May 30, 2023, the United States Supreme Court denied Sundby's petition for writ of certiorari. ECF No. 347.

In November 2022, Sundby filed a declaration stating that (1) "[o]n December 15, 2021, all title, interest, and claims as to [the relevant property] was transferred by quitclaim deed from [the Trust], to Dale H. Sundby and Edith Littlefield Sundby, Husband and Wife, as Community Property," *see* ECF No. 308 at 4; (2) on August 24, 2022 Dale and Edith Sundby signed an amendment to the Trust which included language indicating that either Dale or Edith Sundby would become "the sole trustee" and "sole beneficiary" of any portions of their share of interest in community property they transfer to the trust, *see id.* at 12, 13; and (3) "[o]n August 26, 2022, [Sundby] quitclaimed one-half of [his] undivided one-half interest in [the property] to the [Trust]," *see id.* at 58. *Id.* at 2.

1  On March 17, 2023, after reviewing briefing from the parties, *see* ECF Nos. 312, 314, 315, 318, and considering Sundby's November 2022 declaration, ECF No. 308, "the Court conclude[d] that legal representation must be obtained on behalf of the Dale H. Sundby and Edith Littlefield Sundby, Trust No. 1989-1 dated January 26, 1989." ECF No. 324 at 2. The Court explained that "[i]f Sundby wishes to proceed in either case, a notice of appearance shall be made by an attorney on behalf of the Trust within 30 days of entry of entry of the [March 2023] Order." *Id.* at 10; *accord* at 8. To date, no attorney has entered an appearance on behalf of Sundby or the Trust, nor has Sundby explained his refusal to secure counsel on behalf of the Trust except to argue against counsel being required.

As a preliminary matter, the Court addresses whether it may consider any of Sundby's filings.

## II. ANALYSES

### A. Unauthorized Practice Of Law

District courts are bound by the doctrine of vertical stare decisis to "strictly follow the decisions handed down by higher courts within the same jurisdictions." *Stare Decisis*, Black's Law Dictionary (11th ed. 2019); *accord Ramos v. Louisiana*, 140 S. Ct. 1390, 1416 n.5 (2020) (Kavanaugh, J., concurring) ("[T]he state courts and the other federal courts have a constitutional obligation to follow a precedent of [the Supreme Court] unless and until it is overruled by [the Supreme Court]."); *Hart v. Massanari*, 266 F.3d 1155, 1170 (9th Cir. 2001) ("A district judge may not respectfully (or disrespectfully) disagree with his learned colleagues on his own court of appeals who have ruled on a controlling legal issue . . . .").

The Court has already concluded that, pursuant to the Ninth Circuit's order, before allowing matters to proceed, the Trust is required to retain counsel and the Court is "not at liberty to first consider new evidence to determine whether Sundby may proceed pro se on

behalf of the Trust." ECF No. 324 at 8. Although Sundby may disagree with this conclusion, *see, e.g.*, ECF No. 325 (Sundby objection to March 2023 Order), neither an attorney nor a pro se litigant "who believes a court order is erroneous is . . . relieved of the duty to obey it." *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 133 (9th Cir. 1987) (quoting *Champan v. Pac. Tel. & Tel. Co.*, 613 F.2d 193, 197 (9th Cir. 1979)).

Federal Rule of Civil Procedure 17(a) requires that every "action must be prosecuted in the name of the real party in interest." "Although a non-attorney may appear *in propia persona* in his own behalf, that privilege is personal to him" and does not permit him to appear on behalf of others. *C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987). Similarly, "[a] trustee may not represent a trust pro se in federal court." *Sundby v. Marquee Funding Grp., Inc.*, Nos. 21-55504 & 55582, 2022 WL 4826445, at *1 (9th Cir. Oct. 3, 2022). In addition to protecting the interests of the party for whose benefit the action is filed, *see Johns v. County of San Diego*, 114 F.3d 874, 876 (9th Cir. 1997) (explaining "it is not in the interest of minors or incompetents that they be represented by non-attorneys" (quoting *Osei-Afriyie by Osei-Afriyie v. Med. Coll. of Pa.*, 937 F.2d 876, 883 (3d Cir. 1991))), this requirement also "protect[s] the defendant against a subsequent action by the party actually entitled to recover, and . . . insure[s] generally that the judgment will have its proper effect as res judicata," *In re Brooms*, 447 B.R. 258, 265 (B.A.P. 9th Cir. 2011) (quoting *United HealthCare Corp. v. Am. Trade Ins. Co.*, 88 F.3d 563, 568–69 (8th Cir. 1996)).

California courts have recognized an exception of sorts to the rule against non-attorney trustees litigating a claim on behalf of a trust. The "sole trustee of a revocable living trust who is also the sole settlor and beneficiary of the trust assets he or she is charged to protect does not appear in court proceedings concerning the trust in a representative capacity." *Aulisio v. Bancroft*, 230 Cal. App. 4th 1516, 1519–20 (2014). Sundby pointed to a case that affirmatively referred to *Aulisio* in support of his argument that because he is

allegedly the beneficial owner of the Trust, he has a right to represent himself pro se "as to his sole interest in the [T]rust." ECF No. 312 at 3 (quoting *Donkin v. Donkin*, 47 Cal. App. 5th 469, 472 (2020)). But before the Court may entertain arguments that Sundby is now the Trust's beneficial owner, counsel must be obtained on behalf of the Trust.

Sundby also fails to address how to proceed with the litigation in light of the many filings Sundby has made over the years purportedly on behalf of the Trust and constituting the unauthorized practice of law. From the Court's review of the relevant case law, the Court is prepared to conclude that Sundby's filings should be stricken from the record and that Case No. 19-cv-390 should be dismissed without prejudice as to the Trust.[3] *See Pope Equity*, 818 F.2d at 697–98 (affirming one district court dismissing complaint without prejudice and another district court striking complaint filed pro se by different non-attorney trustees on behalf of trust); *Johns*, 114 F.3d at 877–78 (affirming dismissal of complaint filed pro se by non-lawyer parent on behalf child with instruction that dismissal should be without prejudice); *Cheung v. Youth Orchestra Found. of Buffalo, Inc.*, 906 F.2d 59, 61–62 (2d Cir. 1990) (remanding case dismissed for lack of subject matter jurisdiction that was filed pro se by non-lawyer parent on behalf of child so child would have "opportunity to retain counsel or to request the appointment of counsel" and with instruction that if child did "not retain counsel and if the district court decline[d] to appoint counsel, the complaint should be dismissed without prejudice"); *Bunn v. Perdue*, 966 F.3d 1094, 1096–97, 1099–1100 (10th Cir. 2020) (affirming district court's decision to strike motion filed by non-attorney on behalf of party); *Grappell v. Carvalho*, 847 F. App'x 698, 703 (11th Cir. 2021) (vacating dismissal with prejudice of complaint filed pro se by non-attorney parent on behalf of child with instruction to dismiss without prejudice); *cf. Elustra v. Mineo*, 595

---

[3] Because Case No. 21-cv-2013 is based entirely on the proceedings from Case 19-cv-390, *see* ECF No. *11 at 3–6, Case No. 21-cv-2013 would also naturally be dismissed as moot.

F.3d 699, 703–07 (7th Cir. 2010) (concluding to not disregard order ruling on motion filed pro se by non-attorney parent on behalf of children because children had counsel before motion was filed and retained new counsel shortly thereafter).  Dismissing Case No. 19-cv-390 without prejudice as to the Trust would not necessarily toll the Trust's claims.

Additionally, the Court has discretion to dismiss both Case No. 19-cv-390 and Case No. 21-cv-2013 due to Sundby's failure to comply with the Court's Order to obtain counsel on behalf of the Trust if he would like to proceed in either matter.  *See* ECF No. 324 at 8, 10; *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43, 46–47 (1991); *In re Brooms*, 447 B.R. at 267–68.  Out of an abundance of caution, however, the Court will try once more to encourage Sundby to obtain counsel on behalf of the Trust so that this case may proceed on the merits:  **If Sundby wishes to proceed in either Case No. 19-cv-390 or Case No. 21-cv-2013, an attorney shall enter a notice of appearance on behalf of the Trust within two weeks of the date of this Order.  Failure to comply with this Order will result in the DISMISSAL of both cases.**

Because Sundby's three pending motions were filed in violation of the Court's Order to retain counsel for the Trust prior to proceeding and because they constitute the continued unauthorized practice of law, they are hereby DENIED.  To avoid any appearance of impropriety, the Court discusses next why Sundby's motion requesting that Judge Curiel recuse himself from the proceedings if considered on its merits, would also be denied.

### B. Recusal Is Not Warranted

Section 455(a) of Title 28 of the United States Code instructs that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." "[R]ecusal is appropriate where a 'reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned.' " *United States v. Carey*, 929 F.3d 1092, 1104 (9th Cir. 2019) (alteration in original) (quoting *Yagman v. Republic Ins.*, 987 F.2d

Case 3:19-cv-00390-GPC-AHG   Document 356   Filed 06/29/23   PageID.7676   Page 8 of 16

622, 626 (9th Cir. 1993)). "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion," instead "they are proper grounds for appeal." *Liteky v. United States*, 510 U.S. 540, 555 (1994). "[O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Id.* "[N]either the presence of an extrajudicial source necessarily establishes bias, nor the absence of an extrajudicial source necessarily precludes bias . . . ." *Id.* at 554. Recusal motions must be filed "in a timely fashion" so as to avoid wasting "judicial time and resources" and to reduce the "risk that litigants would use recusal motions for strategic purposes." *Preston v. United States*, 923 F.2d 731, 733 (9th Cir. 1991).

Sundby provides five "fact sets" which he argues demonstrate that the Court's impartiality may reasonably be questioned. ECF No. 338 at 11–19.

### 1. Fact set #1: Findings in the Court's September 2020 and April 2021 Orders

In September 2020, the Court heard oral arguments on the parties' motions for summary judgment. ECF No. 206. One of the issues before the Court was whether any material alterations were made to the 2017 Loan Documents and, if so, whether the alterations were made by a contracting party and thus voided any of the documents. *See* ECF No. 165-2 at 26 (Sundby's motion for summary judgment); *Bumb v. Bennett*, 51 Cal. 2d 294, 303 (1958) ("[A]n alteration by a stranger to the instrument or an agent acting beyond the scope of his authority is a mere spoliation and does not affect the right of the parties to enforce the instrument as it was originally written."). Specifically, Sundby pointed to the addition of a new lender in the altered documents. ECF No. 165-2 at 16–17. The 2017 Investor Defendants had argued that the new lender did not constitute an unauthorized addition because the lender had simply decided to "split the funding of his

previously agreed upon $500,000 investment in the 2017 Loan between two (2), rather than one (1), of his personal financial accounts." ECF No. 179-1 at 23. At the motion hearing, Sundby argued that because the 2017 Investor Defendants admitted that one of the lenders had decided to split the funding between two of his accounts rather than one account, the alteration to the loan documents "was obviously at the direction of the lender." ECF No. 210 at 27 (TR 27:7–12).

The Court's September 2020 Order granted in part and denied in part the parties' motions for summary judgment. ECF No. 209. In relevant part, the Court concluded that material alterations were made to the 2017 Loan Documents such that the altered documents were void, *id.* at 42–48, but that the Original Deed and Note were valid because the loan originator, Defendant Marquee Funding Group not the lenders, was "responsible for the alterations to each document," *id.* at 50. In reaching this conclusion, the Court acknowledged the 2017 Investor Defendants' admission concerning the reason behind adding a new investor to the altered documents. *See id.* at 45.

In January 2021, Sundby moved for relief from the Court's September 2020 Order under Federal Rule of Civil Procedure 60(b)(1) and (4). ECF No. 246. In relevant part, he argued that because the 2017 Lender Defendants had "repeatedly admitted that the alteration was 'caused' by" one of the lenders deciding to split the funding between accounts, the Court committed "a judicial error of law subject to relief under rule 60(b)(1)" when it concluded that Marquee funding, rather than the lenders, was responsible for the alterations to the 2017 Loan Documents. *Id.* at 23. Without providing any alternatives, he argued that the Court relied on "inapposite authorities" when holding otherwise. *Id.* at 22. The Court denied the motion for being procedurally defective, ECF No. 264 at 13–15, and explained that despite the 2017 Lender Defendants' admission, Sundby had "failed to present sufficient evidentiary record indicating" that someone had altered the 2017 loan documents "under the direction of the Investor Defendants," *id.* at 18.

Sundby now reasserts the above-described facts as demonstrating the Court's bias or prejudice.[4]  ECF No. 338 at 12.  Sundby's motion for recusal based on the first fact set is neither timely nor persuasive.  All facts which he alleges warrant recusal were known to him by April 2021, and yet he did not file this motion for recusal until two years later in May 2023.  *See Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 849 (1988) (discussing inapplicable exception to rule that "a 10-month delay would normally foreclose vacatur based on a § 455(a) violation").  The motion lacks merit because Sundby's argument for recusal boils down to a disagreement about how the Court weighed a single piece of evidence:  Although the 2017 Lender Defendants' explanation for why the loan documents were altered did not foreclose the possibility that the alteration occurred under the direction of the Investor Defendants, the Court was persuaded by other undisputed facts and equitable considerations suggesting that Marquee Funding Group made the alterations rather than the lenders.  ECF No. 209 at 51–53.  Sundby's arguments on this point would be better suited for an appeal.  *See Liteky v. United States*, 510 U.S. 540, 555 (1994).

### 2.     Fact set #2:  the Court's Order that the trust obtain counsel

Sundby's second fact set rehashes challenges to the Court's interpretation of the Ninth Circuit's mandate that the Court "afford the trust the opportunity to obtain legal representation and to develop facts to determine in the first instance whether Sundby is the

---

[4] Sundby additionally points to an email he purportedly sent to the Court the evening after the hearing on the motions for summary judgment.  ECF No. 338 at 9, 25.  The email purports to have contained objections to the tentative order the Court had emailed to the parties the day before the hearing.  *Id.*  Sundby apparently never filed these objections with the Court, *see* ECF Nos. 204–09 (absence), and so they were not part of the Official Court Record at the time the Court ruled on the summary judgment motions and thus could not add or detract from whether the Court acted impartially.  *See* Civ. L. R. 5.4 (concerning electronic case filing and the official court record).  The Court does not consider the email further.

1  beneficial owner of the trust or whether the trust transferred any interests to Sundby." ECF
2  No. 338 at 12–14; *Sundby v. Marquee Funding Grp., Inc.*, Nos. 21-55504 & 55582, 2022
3  WL 4826445, at *1 (9th Cir. Oct. 3, 2022); *see* ECF Nos. 310, 324 (Court Orders for trust
4  obtain to legal counsel).  Reasonable minds can disagree, but absent any evidence or
5  statements by the Court demonstrating impartiality, the Court reaching a different
6  conclusion from what Sundby prefers does not rise to the level of "deep-seated favoritism
7  or antagonism that would make fair judgment impossible" and thus does not warrant
8  recusal. *See Liteky*, 510 U.S. at 555.  Moreover, the Court has demonstrated continued
9  patience with Sundby over the last six months and permitted further briefing on a Ninth
10 Circuit instruction that was clear when it was issued—at great expense of time and
11 resources to both the Court and the Defendants.  These accommodations belie the hollow
12 contention that the Court is biased against Sundby.

### 3. Fact set #3:  Case No. 21-cv-2013 is transferred to Judge Curiel

Sundby next argues that procedural facts arising from Case No. 21-cv-2013 demonstrates the Court's prejudice against Sundby.  ECF No. 338 at 15–16.  As Sundby points out, Case No. 21-cv-2013 was first assigned to another judge.  Even though the Defendants filed a Notice of Related Cases in December 2021, *see* ECF No. *5, the case was not transferred to the Hon. Gonzalo P. Curiel pursuant to the Low Number Rule under Civil Local Rule 40.1 until October 2022, ECF No. *22.  Transfers pursuant to the Low Number Rule are ideally made shortly after a notice of related case is filed, but the judge receiving the case is not involved in the transfer until he or she is notified of the related case by the then-assigned judge's clerk. *See* Civ. L. R. 40.1(e), (h), (i).  Once the judge with the lower number case is notified of a related case, he or she has very little discretion to refuse the transfer of the higher number case. *See* Civ. L. R. 40.1(i) ("In order to avoid unnecessary duplication of judicial effort, all pending civil actions and proceedings, which are determined to be related to any other pending civil action or proceeding pursuant to the

1  criteria set forth in Rule 40.1.e *will* be assigned to the district and magistrate judge to whom
2  the lowest numbered case was assigned . . . ." (emphasis added.)).  Thus, the fact that the
3  Court consented to the transfer of Case No. 21-cv-2013 once he was notified of its existence
4  pursuant to Rule 40.1, *see* ECF No. *22, does not indicate prejudice or bias, but a faithful
5  application of the Local Rules.

6  Sundby's other argument on this fact set—that the Court's decision to deny the
7  Defendants' motion to dismiss without prejudice demonstrates bias or prejudice, ECF No.
8  338 at 16—belies his legal naivete.  The alternative to denying the motion with leave to
9  refile would have been to grant the motion to dismiss for reasons discussed in Section II.A,
10 *supra*, leaving Sundby in an even less desirable position.  No reasonable person would
11 construe the Court's Order denying Defendants' motion to dismiss as a demonstration of
12 bias or prejudice against Sundby.

13       **4.    Fact set #4:  The Court's failure to enter default judgment**

14 A month after the Court denied the Defendants' motion to dismiss with leave to
15 refile, Sundby sought a Clerk's entry of default as to the Defendants in Case 21-cv-2013.
16 ECF No. *41.  The Defendants objected to entry of default, pointing to the Court's
17 March 2023 Order granting them "leave to refile a motion to dismiss upon the resolution
18 of the Ninth Circuit's mandate." ECF No. *42 at 2 (quoting ECF No. 324 at 10).  The
19 Clerk did not enter default against the Defendants.  Sundby alleges that when he called to
20 inquire why no entry of default had been made, the case administrator "said Judge Curiel
21 'told her not to issue it.' " ECF No. 338 at 21.  Sundby argues that the Hon. Gonzalo P.
22 Curiel's behavior would lead a reasonable person to question his impartiality.

23 Federal Rule of Civil Procedure 55(a) requires the Clerk to enter a party's default
24 "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead
25 or otherwise defend." The 2007 Amendment to Rule 55(a) demonstrates a rejection of any
26 implication in the earlier version of Rule 55 that default should be entered "even if a party

27           12

28

did something showing an intent to defend, but that act was not specifically described by the rules." Fed. R. Civ. P. 55(a) advisory committee's note to 2007 amendment. Instead, acts "show[ing] an intent to defend have frequently prevented default even though not connected to any particular rule." *Id.*

Assuming the truth of the case administrator's purported statement, this set of facts would not lead a reasonable person to question the Court's impartiality. Default was not required by Rule 55(a) and would have unnecessarily complicated the Court's case administration because the Defendants to Case No. 21-cv-2013 had been actively defending themselves in both cases currently before the Court, *e.g.*, ECF No. *42; the Court had granted the Defendants leave to refile the motion to dismiss upon the resolution of the issues presented by the Ninth Circuits order vacating and remanding Case No. 19-cv-390, ECF No. 324 at 10; and by filing the request for entry of default, Sundby was both acting in defiance of the Court's March 2023 Order instructing that he obtain counsel on behalf of the Trust if he "wish[ed] to proceed in either case," and continuing to engage in the unauthorized practice of law, *id.* at 10, 8.

### 5.     Fact set #5:  The stayed proceedings in Sundby's later-filed state case

Sundby last points to state court proceedings as evidence of the Court's bias and prejudice. ECF No. 338 at 17–19. He explains that he initiated an action in the Superior Court of California, County of San Diego in January 2021. ECF No. 338 at 17; *see* ECF No. 250 at 5–17 (state court complaint). This was a few months before the Court issued its April 2021 Judgment and Order, ECF No. 264, and nearly two years before the Ninth Circuit vacated that Judgment and Order, remanding proceedings back to this Court, ECF No. 305. The complaint before the state court seeks declaratory and injunctive relief. ECF No. 250 at 15–16. The Defendants in the state proceeding are also Defendants in Case No. 19-cv-390 and Case No. 21-cv-2013. ECF No. 338 at 18. In May 2021, upon a motion by

the Defendants, the state court purportedly stayed the proceedings in the state case. *Id.* at 18–19. Sundby argues that this stay was granted despite the state court judge's knowledge that "the federal case had closed, and that staying [the state proceedings] would effectively permit the fraudulent foreclosure" of the property at issue. *Id.* at 19. Sundby argues that because the state court judge "and Judge Curiel served together in the San Diego Superior Court from 2007–2012," a reasonable person would "believe it is plausible that Judge Curiel extrajudicially influenced the otherwise inexplicable decisions by" the state court judge to stay the proceedings. *Id.* at 19 (emphasis removed).

California trial courts are vested with "the sound discretion" to decide wither to grant "a stay in a case where the issues in two actions are substantially identical." *Thomson v. Cont'l Ins. Co.*, 66 Cal. 2d 738, 746 (1967). In exercising its discretion the trial court is instructed to "consider . . . avoiding unseemly conflicts with the courts of other jurisdictions" and "whether the rights of the parties can best be determined by the court of the other jurisdiction because of the nature of the subject matter, the availability of witnesses, or the stage to which the proceedings in the other court have already advanced." *Id.* at 746–47.

This set of facts again does not warrant recusal. The facts as Sundby has alleged them to exist occurred two years before the present motion, and are therefore untimely. *See Preston*, 923 F.2d at 733. Furthermore, given the still-ongoing proceedings in Case No. 19-cv-390—a case filed nearly two years before the state court proceedings and which has undergone extensive discovery and litigation—the state court's decision to stay the state court proceedings would not lead a reasonable person to infer that the Court influenced the state court proceedings in any way. Sundby's conclusory allegations to the contrary are without merit.

### 6. Cumulative effect of the fact sets

Finally, the Court considers whether each of the five fact sets, when considered cumulatively, could lead "a 'reasonable person with knowledge of all the facts [to] conclude that the [Hon. Gonzalo P. Curiel]'s impartiality might reasonably be questioned.'" *See Carey*, 929 F.3d at 1104 (quoting *Yagman*, 987 F.2d at 626).

Considered cumulatively, fact sets 1 through 5 would not lead a reasonable person privy to all the facts to conclude that this Judge's impartiality could reasonably be questioned. In addition to fact set 1 being untimely, fact sets 1 through 3 primarily concern Sundby's disagreement with the Court's legal conclusions and would be best addressed on appeal. To the extent that fact sets 3 through 5 raise concerns about extrajudicial behaviors,[5] the only nonconclusory allegation of impropriety is that Judge Curiel instructed his case administrator not to grant Sundby's request for entry of default. As explained above, because such entry of default was not warranted under the Federal Rules of Civil Procedure, no reasonable person would question the Court's impartiality in that scenario. Finally, upon reviewing the docket and seeing the many rulings entered in Sundby's favor over the years, *e.g.*, ECF No. 209, 264, no reasonable person would conclude that this Court was biased or prejudiced against Sundby or the Trust.

Even if Sundby were authorized to practice law on behalf of the Trust, the Court would DENY his motion requesting that the Hon. Gonzalo P. Curiel disqualify himself from the proceedings.

---

[5] Notably, none of the fact sets allege that the Hon. Gonzalo P. Curiel developed a bias or prejudice based on extrajudicial *sources* but rather that his impartiality can be gleaned by his alleged improper extrajudicial behaviors.

## III. CONCLUSION

For the reasons explained above, the Court DENIES Sundby's pending motions because they constitute the continue unauthorized practice of law in violation of Orders from this Court and the Ninth Circuit. If an entry of appearance by legal counsel on behalf of the Trust is not made within two weeks of the date of this Order, both Case No. 19-cv-390 and 21-cv-2013 will be DISMISSED.

**IT IS SO ORDERED.**

Dated: June 29, 2023

Hon. Gonzalo P. Curiel
United States District Judge