UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DALE SUNDBY, Trustee,<br><br>                              Plaintiff,<br><br>v.<br><br>MARQUEE FUNDING GROUP, INC., et al.,<br><br>                              Defendants. | Case Nos.:  19-cv-0390-GPC-AHG; consolidated with 21-cv-2013-GPC-AHG<br><br>**ORDER**<br>**(1) DENYING PLAINTIFF'S MOTION TO STAY**<br>**(2) GRANTING A ONE-WEEK EXTENSION TO COMPLY WITH THE COURT'S ORDER**<br>**[ECF No. 358]** |
| DALE SUNDBY; DALE SUNDBY, Trustee,<br><br>                              Plaintiff,<br><br>v.<br><br>JEFFREY MYERS, et al.,<br><br>                              Defendants. | |

On July 6, 2023, Plaintiff Dale Sundby filed an ex parte motion to stay the proceedings, ECF No. 358, pending the Ninth Circuit's decision on his petition for a writ

of mandamus, filed the same day, ECF No. 357. Defendants filed a response in opposition. ECF No. 362. For the reasons that follow, the Court DENIES Sundby's motion to stay.

On June 29, 2023, the Court issued an order mandating that, before proceeding with the present litigation, counsel must be retained on behalf of the Dale H. Sundby and Edith Littlefield Sundby, Trust No. 1989-1 dated January 26, 1989 ("Trust") and make an entry of appearance within two weeks of the date of the Order. ECF No. 356. To date, no attorney has made an appearance on behalf of the Trust. On July 6, 2023, Sundby filed a petition to the United States Ninth Circuit Court of Appeals for a writ of mandamus striking the Court's June 29, 2023 Order, among other relief. *See* ECF No. 357 at 10.

Also on July 6, Sundby filed an ex parte motion asking that the Court stay all proceedings in the above-captioned cases "until two weeks after the Ninth Circuit . . . renders a decision on [Sundby's] Petition for Writ of Mandamus." ECF No. 358 at 2 (emphasis removed). Sundby's argument, in its entirety, is that he has a "due-process right to seek the subject writ relief from the Ninth Circuit Court of Appeals" and that "Defendants would not be prejudiced by the stay." *Id.* at 4.

The Investor Defendants' opposition raises essentially two arguments: (1) Sundby fails to meet his burden to demonstrate that a stay is warranted under the proceedings and (2) Sundby is not the real party in interest but is continuing to engage in the unauthorized practice of law. *Id.* at 6–8. Because the second argument is the key issue in Sundby's petition for a writ of mandamus, the Court turns to the first argument.

"A stay is not a matter of right, even if irreparable injury might otherwise result." *Nken v. Holder*, 556 U.S. 418, 433 (2009) (quoting *Virginian Ry. Co. v. United States*, 272 U.S. 658, 672 (1926)). A court traditionally considers four factors when deciding whether to exercise its discretion to grant a motion to stay: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially

injure the other parties interested in the proceeding; and (4) where the public interest lies." *Id.* at 434. "The first two factors . . . are the most critical." *Id.* Sundby does not engage with these four factors in his motion, *see* ECF No. 358 (absence), but based on the record before the Court, the factors favor denying the motion to stay the proceedings.

First, given that the Court's June 29, 2023 Order mandating counsel was in accordance with the Ninth Circuit's October 3, 2022 order vacating and remanding the case back to this court "to afford the trust an opportunity to obtain legal representation and to develop facts in the first instance whether Sundby is the beneficial owner of the trust," *Sundby v. Marquee Funding Grp., Inc.*, No. 21-55504, No. 21-55582, 2022 WL 4826445, at *1 (9th Cir. Oct. 3, 2022), it is unlikely that Sundby will succeed on the merits.

Second, Sundby will not be irreparably injured absent a stay. He is not, for example, facing deportation, *see, e.g.*, *Nken*, 556 U.S. at 423. Instead, he has been ordered to either find counsel to represent the Trust or his cases will be dismissed. *See* ECF No. 356. If his cases are dismissed, then Sundby would be in a *better* position to appeal the Court's June 29, 2023 Order because the appeal would be by right and the Ninth Circuit would not be limited to the "exceptional circumstances, amounting to a judicial usurpation of power" that would justify a writ of mandamus. *See Allied Chem. Corp. v. Daiflon, Inc.*, 449 U.S. 33, 34–35 (1980). And if counsel is retained in compliance with the Court's Order, then Sundby is one step closer to reaching a resolution on the matters before the Court.

Finally, injury to the other parties involved in the proceedings would be minimal, *see* ECF No. 362 (no discussion of injury to Defendants if stay is granted), and the public's interest in the matter is minimal, such that the Third and Fourth factors do not weigh heavily either way.

For the reasons explained above, Sundby's motion to stay the proceedings pending the Ninth Circuit's decision on his petition for a writ of mandamus is DENIED. In the interest of fairness due to the time Sundby must have spent preparing his petition and the

time the Defendants were given to prepare a response to Sundby's motion, the Court sua sponte EXTENDS the deadline for counsel to be retained on behalf of the trust. If Sundby wishes to proceed in either Case No. 19-cv-390 or Case No. 21-cv-2013, an attorney shall enter a notice of appearance on behalf of the Trust on or before **July 20, 2023**. Failure to comply with this Order will result in the DISMISSAL of both cases. Absent extraordinary circumstances, no further extensions will be permitted.

**IT IS SO ORDERED.**

Dated: July 13, 2023

Hon. Gonzalo P. Curiel
United States District Judge