UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DALE SUNDBY, Trustee,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>MARQUEE FUNDING GROUP, INC., et al.,<br><br>　　　　　　　　　Defendants. | Case No.: 19-cv-390-GPC-AHG<br><br>**ORDER DENYING DEFENDANTS' MOTION FOR ATTORNEYS' FEES AND COSTS WITHOUT PREJUDICE AND VACATING BILL OF COSTS HEARING DATE**<br><br>**[Dkt. No. 372.]** |

Before the Court is Lender Defendants' motion for attorneys' fees and costs. (Dkt. No. 372.) Plaintiff filed an opposition and Lender Defendants replied. (Dkt. Nos. 378, 383.) Based on the reasoning below, the Court DENIES Lender Defendants' motion for attorneys' fees and costs without prejudice and VACATING Bill of Costs hearing date.

**Discussion**

On February 26, 2019, Dale Sundby, appearing pro se on behalf of the Dale H. Sundby and Edith Littlefield Sundby Trust No. 1989-1 dated January 26, 1989 ("Trust") filed a complaint against Lender Defendants concerning alleged altered loan documents when refinancing his primary residence. (Dkt. No. 1.) On October 3, 2022, the Ninth

1  Circuit vacated the Court's September 15, 2020 order, (Dkt. No. 209) and April 22, 2021
2  Judgment, (Dkt. No. 264), holding that "Sundby, in his capacity as trustee" could not
3  represent the Trust, pro se. (Dkt. No. 305.) The Ninth Circuit remanded the case "to
4  afford the trust an opportunity to obtain legal representation and to develop facts to
5  determine in the first instance whether Sundby is the beneficial owner of the trust or
6  whether the trust transferred any interests to Sundby." (*Id.* at 3.[1])

7  On remand, after the Court repeatedly ordered that legal counsel must be retained
8  on behalf of the Trust before the matter could proceed, (Dkt. Nos. 310, 324, 329, 356,
9  364), the Court issued a final order instructing that if an attorney did not "enter a notice
10 of appearance on behalf of the trust on or before July 20, 2023, the case would be
11 dismissed." (Dkt. No. 364 at 4.) On July 21, 2023, the Court dismissed the case with
12 prejudice as to Dale Sundby, Trustee for failing to retain legal counsel and for failing to
13 comply with Court orders pursuant to Federal Rule of Civil Procedure 41(b). (Dkt. No.
14 367.) The Court also dismissed the consolidated case, Case No. 21cv2013, where Dale
15 Sundby appeared pro se, both as an individual and as trustee. (Dkt. No. 367 at 3-4.)

16 On July 21, 2023, the Court dismissed the case and Judgment was entered ordering
17 that "the case is hereby dismissed with prejudice as to Dale Sundby, Trustee. The case is
18 hereby closed." (Dkt. Nos. 367, 368.) On July 25, 2023, Dale Sundby filed a notice of
19 appeal. (Dkt. No. 369.) On August 4, 2023, Lender Defendants timely filed their motion
20 for attorneys' fees and costs arguing they are the prevailing parties based on the Court's
21 order of dismissal because Mr. Sundby failed to retain an attorney to represent the Trust.
22 (Dkt. No. 372.)

---

[1] Page numbers are based on the CM/ECF pagination.

Federal Rule of Civil Procedure ("Rule") 54(d) "establishes a procedure for presenting claims for attorneys' fees". Fed. R. Civ. P. 54(d)(2) advisory committee notes 1993 amendment. The Advisory Committee Notes states,

> If an appeal on the merits of the case is taken, the court may rule on the claim for fees, may defer its ruling on the motion, or may deny the motion without prejudice, directing under subdivision (d)(2)(B) a new period for filing after the appeal has been resolved. A notice of appeal does not extend the time for filing a fee claim based on the initial judgment, but the court under subdivision (d)(2)(B) may effectively extend the period by permitting claims to be filed after resolution of the appeal. A new period for filing will automatically begin if a new judgment is entered following a reversal or remand by the appellate court or the granting of a motion under Rule 59.

Fed. R. Civ. P. 54(d)(2) advisory committee notes 1993 amendment. "Case law establishes that it is within a district court's discretion as to whether or not to defer a determination on attorney's fees pending appeal." *Prof. Bus. Bank v. F.D.I.C.*, Case No. CV 10–04614 GAF (AGRx), 2011 WL 13109254, at *9 (C.D. Cal. Oct. 4, 2011) (citing *Crowe v. Wiltel Commc'ns Sys.,* 103 F.3d 897, 900 (9th Cir. 1996) ("Pending this appeal, the district court stayed motions for costs and attorney's fees."); *Fluor Corp. v. Citadel Equity Fund, Ltd., 413 Fed. Appx.* 756 (5th Cir. 2011) ("The district court granted [defendant's] motion to defer a ruling on attorney's fees pending its appeal from the judgment."); *McCormick v. Zero*, 2 Fed. Appx. 559 (7th Cir. 2001) (referencing district court's rejection of defendant's request that attorney's fee determination be deferred pending appeal which could effect entitlement to fees)); *see also Langer v. Kiser*, Case No.: 3:18-cv-00195-BEN-NLS, 2021 WL 1841757, at *2 (S.D. Cal. Apr. 5, 2021) ("although a district court has the ability to rule on a motion for attorney's fees during the pendency of an appeal, it also maintains the discretion to deny the motion without prejudice"). "Particularly if the claim for fees involves substantial issues or is likely to be affected by the appellate decision, the district court may prefer to defer consideration of

the claim for fees until after the appeal is resolved." Fed. R. Civ. P. 58 advisory committee notes 1993 amendment.

      In this case, the Court exercises its discretion to defer ruling on the motion for attorneys' fees until the Ninth Circuit has issued its decision for purposes of judicial economy. On appeal, the Ninth Circuit will consider the Court's order of dismissal for failing to retain counsel for the Trust, including Mr. Sundby's interpretation of the Ninth Circuit remand order, and whether, in case no. 21cv2013, Mr. Sundby lacks standing to pursue the same claims in his individual capacity. (*See* Dkt. No. 367.) Because a ruling by the Ninth Circuit may affect the attorneys' fees and costs, the Court DENIES Defendants' motion for attorneys' fees and costs without prejudice to re-filing once the Ninth Circuit issued its decision.

## Conclusion

      Based on the reasoning above, the Court DENIES Lender Defendants' motion for attorneys' fees and costs without prejudice to re-filing the motion after a ruling by the Ninth Circuit. If Lender Defendants seek to re-file their motion for attorneys' fees and costs, they must file their motion within 30 days of the mandate issued by the Ninth Circuit. Relatedly, the Court also **vacates** the Bill of Costs hearing set on October 18, 2023, and the Clerk of Court will re-set the hearing once the Ninth Circuit issues its decision. The Court **vacates** the hearing date set on October 16, 2023.

      IT IS SO ORDERED.

Dated: October 3, 2023

Hon. Gonzalo P. Curiel
United States District Judge