# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DALE SUNDBY, Trustee,<br><br>Plaintiff,<br><br>v.<br><br>Marquee Funding Group, Inc.; Salomon Benzimra, Trustee; Stanley Kesselman, Trustee; Jeffrey Myers; Kathleen Myers; Andres Salsido Trustee; Benning Management Group 401(K) Profit Sharing Plan; Christopher Myers; Vickie McCarty; Delores Thompson; Kimberly Gill Rabinoff; Steven M. Cobin, Trustee; Susan L. Cobin, Trustee; Equity Trust Company, Custodian FBO Steven M. Cobin Traditional IRA: Todd B. Cobin, Trustee; Barbara A. Corbin, Trustee; Fasack Investments LLC; and Does 1-X,<br><br>Defendants. | Case No.: 19-cv-00390-GPC-AHG<br><br>**ORDER DENYING DALE AND EDITH SUNDBY'S MOTION TO INTERVENE; DENYING DALE AND EDITH SUNDBY'S MOTION FOR SUBSTITUTION AND/OR JOINDER; GRANTING DEFENDANTS' MOTION FOR RESTITUTION; AND DENYING DEFENDANTS' MOTION FOR ATTORNEY'S FEES**<br><br>**[ECF Nos. 400, 401, 404, 407]** |

1

19-cv-00390-GPC-AHG

Currently pending before the Court are Defendants' motions for attorney's fees and restitution against Plaintiff Dale Sundby, Trustee, ECF Nos. 400 & 404, as well as Dale Sundby and Edith Littlefield Sundby's motion to intervene and motion for substitution and/or joinder, ECF Nos. 401 & 407. A hearing was held on February 13, 2026, where Defendants appeared and the Sundbys elected not to attend. ECF No. 430. Following the hearing, the Court issued an order permitting supplemental briefing. ECF No. 431. All motions have been fully briefed.

## BACKGROUND

Dale Sundby and his spouse, Edith Littlefield Sundby, twice applied for and received mortgage refinancing on their primary residence in La Jolla, California; once in 2016 and once in 2017. ECF No. 209, at 4-6. There was substantial cross-over between the lenders for the 2016 and 2017 financing. ECF No. 13, at 3-4. In their capacities as Trustees to their real estate Trust—the Dale H. Sundby and Edith Littlefield Sundby Trust, No. 1989-1 dated January 26, 1989—Dale and Edith Sundby executed promissory notes promising to pay the 2016 Lenders $2,600,000 and the 2017 Lenders $3,160,000, as well as corresponding Deeds of Trust. ECF No. 209, at 4-6.

In 2019, Dale Sundby, appearing pro se as trustee on behalf of the Dale H. Sundby and Edith Littlefield Sundby Trust No. 1989-1 dated January 26, 1989 ("Trust"), brought suit against the 2016 and 2017 Lenders, alleging multiple Truth in Lending Act ("TILA") violations stemming from both loans. *See* ECF No. 13. In addition, Dale Sundby, in his capacity as trustee, sought a declaratory judgment ordering reconveyance of the real property to the Family Trust. ECF No. 13 at 21. In September 2020, the Court granted in part and denied in part the parties' motions for summary judgment, finding largely in favor of Plaintiff Sundby. ECF No. 209. However, the Court denied the declaratory judgment request for reconveyance. *Id.* In April 2021, the Court awarded Sundby $370,166.71 in statutory damages relating to the 2016 Loan and $320,017.26 relating to the 2017 Loan in

19-cv-00390-GPC-AHG

its final judgment. ECF No. 264, at 7–8. In September 2021, Sundby moved for "post-judgment TILA damages," under Rule 60(b)(2) and Rule 60(b)(6). ECF No. 296. The Court denied Sundby's motion. ECF No. 304.

Both Sundby and Defendant Lenders appealed the Court's summary judgment order to the United States Court of Appeals for the Ninth Circuit. ECF Nos. 267 & 274.

On August 25, 2021, while the appeal was pending, the property at issue was subject to a foreclosure sale and the Trust purportedly "lost all title and interest in the property." ECF No. 314 at 5, 12–13. Sundby subsequently filed a declaration with the Court stating that "[o]n December 15, 2021, all title, interest, and claims as to [the property] was transferred by quitclaim deed from [the Trust], to Dale H. Sundby and Edith Littlefield Sundby, Husband and Wife, as Community Property." ECF No. 308 at 2, 4.

On October 3, 2022, the Ninth Circuit vacated the Court's September 15, 2020 order, ECF No. 209, and April 22, 2021 judgment, ECF No. 264, holding that "Sundby, in his capacity as trustee" could not represent the Trust, pro se. ECF No. 305. *See also Sundby v. Marquee Funding Grp.*, Inc., Nos. 21-55504 & 55582, 2022 WL 4826445 (9th Cir. Oct. 3, 2022). The Ninth Circuit remanded the case "to afford the trust an opportunity to obtain legal representation and to develop facts to determine in the first instance whether Sundby is the beneficial owner of the trust or whether the trust transferred any interests to Sundby." ECF No. 305, at 3.

On remand, the Court repeatedly informed Sundby that legal counsel must be retained on behalf of the Trust before the matter could proceed. *See* ECF Nos. 310, 324, 329, 356, 364. At no point did Sundby explain his refusal to secure counsel on behalf of the Trust except to argue against counsel being required. *See* ECF No. 356, at 4. The Court issued a final order instructing that if an attorney did not "enter a notice of appearance on behalf of the trust on or before July 20, 2023, the case would be dismissed." ECF No. 364 at 4. Sundby did not obtain counsel. On July 21, 2023, the Court dismissed the case with

prejudice as to Dale Sundby, Trustee, for failing to retain legal counsel and for failing to comply with Court orders pursuant to Federal Rule of Civil Procedure 41(b). ECF No. 367. The Court also dismissed the consolidated case, Case No. 21cv2013, where Dale Sundby appeared pro se, both as an individual and as trustee. ECF No. 367 at 3-4. The Clerk of Court entered judgment stating that "the case is hereby dismissed with prejudice as to Dale Sundby, Trustee. The case is hereby closed." ECF No. 368.

In the time between the Ninth Circuit's remand and this Court's dismissal of the action, Sundby again filed a declaration stating that "[o]n February 21, 2023 [the Trust] quitclaimed all individual and collective trust interest in [the property] to Dale H. Sundby and Edith Littlefield Sundby, husband and wife, as community property." ECF No. 323, at 2.

On July 25, 2023, Dale Sundby filed a notice of appeal of this Court's dismissal of the action. ECF No. 369. On June 30, 2025, the Ninth Circuit Court of Appeals issued a Memorandum affirming this Court's dismissal of Sundby's claims with prejudice. ECF No. 395-1. On October 14, 2025, the Ninth Circuit issued a Mandate that the June 2025 judgment had taken effect. ECF No. 399.

While the appeal was pending, on December 11, 2023, Dale and Edith Sundby, as individuals, moved to intervene. ECF No. 388. Because judgment in the case was pending appeal, the Court denied the motion. ECF No. 389. However, the Court did so "without prejudice" as to refiling after the Ninth Circuit issued its decision. *Id.*

Also while the appeal was pending, the Lender Defendants moved for attorney's fees. ECF No. 372. The Court denied the motion without prejudice, stating that it would reconsider the issue after the Ninth Circuit issued its decision. ECF No. 384.

Dale and Edith Sundby, as individuals, now move to intervene. ECF No. 401. In the alternative, they move to substitute a party pursuant to Federal Rules of Civil Procedure

19-cv-00390-GPC-AHG

("Rules") 25(c) and 17(a)(3) or for mandatory joinder pursuant to Rule 19(a), ECF No. 407.[1]

Lender Defendants now move for attorney's fees, ECF No. 404, and restitution, ECF No. 409.

## DISCUSSION

### I.    Motion to Intervene

### A. The Sundbys Motion to Intervene is Moot

The Court finds that the Sundbys motion to intervene is moot. While the parties have not specifically raised the mootness issue, Defendants do repeatedly note the closed nature of the case, ECF No. 411, at 7-8. However, the Court addresses mootness *sua sponte* because it affects this Court's jurisdiction. *See*, *e.g.*, *United States v. Sprint Commc'ns, Inc.*, 855 F.3d 985 (9th Cir. 2017). "A federal court's inability 'to review moot cases derives from the requirement of Article III of the Constitution under which the exercise of judicial power depends upon the existence of a case or controversy.'" *Tosco Corp. v. Hodel*, 804 F.2d 590, 591 (10th Cir. 1986) (quoting *Liner v. Jafco, Inc.*, 375 U.S. 301, 306 n.3 (1964)). Thus, mootness is a question that "a federal court must resolve before it assumes jurisdiction." *North Carolina v. Rice*, 404 U.S. 244, 246 (1971) (per curiam).

Under Rule 24, on a motion to intervene, the moving party must show: (1) the application to intervene is timely made; (2) it has an interest in the action relating to the property which is the subject matter of the litigation; (3) it is so situated that the disposition of the action may, as a practical matter, impair or impede its ability to protect that interest; and (4) its interest is not adequately represented by existing parties. Fed. R. Civ. P. 24(a). This court need not reach the issue of whether the intervenors have satisfied these

---

[1] "Rule" or "Rules" refer to the Federal Rules of Civil Procedure unless otherwise noted.

requirements because the dismissal of the case upon Sundby's failure to obtain counsel to represent the trust renders the motion to intervene moot.

Because all claims in this case were dismissed with prejudice when the Sundbys filed their motion to intervene, "there [was] no action in which to intervene and the motion[] to intervene [is] moot." *Mut. Produce, Inc. v. Penn Cent. Transp. Co.*, 119 F.R.D. 619, 21 (D. Mass. 1988); *United States v. Ford,* 650 F.2d 1141, 1143 (9th Cir. 1981) ("Since there is no longer any action in which appellants can intervene, judicial consideration of the [intervention] question would be fruitless."); *Ctrl Alt Destroy v. Elliott*, No. 24-CV-753 TWR (AHG), 2025 WL 790963 (S.D. Cal. Mar. 12, 2025) ("Because the Court has dismissed with prejudice the Complaint in its entirety, the Court denies as moot Proposed Intervenor Defendant IBT's Motion to Intervene."); *W. Coast Seafood Processors Ass'n v. Nat. Res. Def. Council, Inc.*, 643 F.3d 701, 704 (9th Cir. 2011) ("Because the underlying litigation is over, we cannot grant WCSPA any 'effective relief' by allowing it to intervene now.").

It must also be noted that the Sundbys do not seek post-judgment intervention in this closed case to modify a protective order, *see, e.g.*, *Phillips v. Goodyear Tire & Rubber Co.*, No. CIV. 02-1642B (NLS), 2007 WL 3245015, at *1 (S.D. Cal. Oct. 31, 2007), or access sealed discovery, *see, e.g.*, *Allen-Pieroni v. White*, 694 F. App'x 339, 339 (5th Cir. 2017). Additionally, Mr. Sundby has already appealed this Court's dismissal of the case, which the Ninth Circuit affirmed, so the Sundbys do not seek to intervene in this closed case for the purpose of appeal. *See, e.g.*, *U.S. ex rel. McGough v. Covington Techs. Co.*, 967 F.2d 1391, 1394-95 (9th Cir. 1992). Rather, the Sundbys seek to intervene in this closed case to simply continue the previous litigation. *See generally* ECF No. 401.

The Sundbys requested an opportunity to file supplemental briefing on this issue, and the Court permitted them to do so. In their briefing, the Sundbys first argue that their motion is not moot so long as the Court retains the power to grant effective relief, which

19-cv-00390-GPC-AHG

the Court can purportedly do by determining who the proper litigants are. ECF No. 432, at 2. However, the Sundbys ignore the fact that this is the very question which the Ninth Circuit required Mr. Sundby to obtain counsel to answer. ECF No. 305, at 3 (directing Sundby to "obtain legal representation and to develop facts to determine in the first instance whether Sundby is the beneficial owner of the trust or whether the trust transferred any interests to Sundby."). The Sundbys next argue that intervention is proper because the Court "preserved the merits posture" of this case by declining to dismiss the action with prejudice "as to the Trust in its entirety." ECF No. 401, at 7 (citing ECF No. 367, at 2 n.1); ECF No. 432, at 2-3. However, such a determination—made on the grounds that the Trust has never had legal representation to properly prosecute this case—did not provide a means for this action to proceed indefinitely. Indeed, this action has been dismissed in such a means as to "operate as an adjudication on the merits." Fed. R. Civ. P. 41(b). This Court's acknowledgment that the Trust may have been entitled to pursue its claims when represented by counsel, ECF No. 367, at 2 n.1, does not provide the Sundbys with grounds upon which to now intervene in this closed action.

As a result, the motion to intervene is DENIED as MOOT.

**B. The Sundbys Lack Standing to Intervene**

Even if the Sundbys' motion to intervene was not moot, the Sundbys lack the standing required to successfully intervene. "In general, an applicant for intervention need not establish Article III standing to intervene." *Perry v. Schwarzenegger*, 630 F.3d 898, 906 (9th Cir. 2011). However, this requirement changes when an intervenor attempts to "continue suit in the absence of the party on whose side" he sought to intervene. *In re Molasky*, 843 F.3d 1179, 1185 (9th Cir. 2016). In such an instance, an intervenor, or putative intervenor, must have standing. *Id.* ("[A] claim joined by an intervenor may survive the dismissal of the original party if the court retains jurisdiction over the claim and the intervenor has standing to continue litigating it."); *see also Diamond v. Charles*,

7

19-cv-00390-GPC-AHG

476 U.S. 54, 68 (1986) ("[A]n intervenor's right to continue a suit in the absence of the party on whose side intervention was permitted is contingent upon a showing by the intervenor that he fulfills the requirements of Art. III.").

The Court acknowledges that the majority of caselaw on this issue contemplates existing, rather than putative, intervenors. However, if an existing intervenor cannot continue litigation in the absence of the original parties without standing, it logically follows that a putative intervenor may not do so. *See*, *e.g.*, *Allen-Pieroni v. White*, 694 F. App'x 339, 340 (5th Cir. 2017) ("[I]n the absence of a live controversy in a pending case, an intervenor would need standing to intervene.") (internal citation and quotation marks omitted). This standing requirement applies equally to permissive intervention and intervention as of right. *See*, *e.g.*, *Diamond*, 476 U.S. at 68 ("Diamond's status as an intervenor below, *whether permissive or as of right,* does not confer standing sufficient to keep the case alive in the absence of the State on this appeal." (emphasis added)).

Here, the Sundbys, as individuals, lack standing to prosecute the TILA claims they seek to continue litigating before this Court. This is because the Sundbys are not the borrowers on the loans they seek to challenge; the Trust is. "Many district courts in the Ninth Circuit have held that a plaintiff who is not a party to a mortgage loan cannot assert TILA . . . claims." *Ruegsegger v. Caliber Home Loans, Inc*., No. SA-CV-17-0907-DOC-KES, 2018 WL 5993857, at *15 (C.D. Cal. Apr. 30, 2018); *see also Ambers v. Wells Fargo Bank, N.A.*, No. 13-CV-03940 NC, 2014 WL 883752, at *5 (N.D. Cal. Mar. 3, 2014) (collecting cases and finding that plaintiff who did not sign the deed of trust or assert any other basis for standing lacked standing to bring TILA claim); *Singh v. Wells Fargo Bank N.A.*, No. CIV 2:11-CV-0401-GEB, 2011 WL 2118889 (E.D. Cal. May 27, 2011), *report and recommendation adopted*, No. 2:11-CV-0401-GEB-JFM, 2011 WL 2784592, at *4 (E.D. Cal. July 11, 2011) ("[P]laintiff has no standing to request rescission or damages under TILA because he was not a party to the loan contract and therefore is not an 'obligor'

8

19-cv-00390-GPC-AHG

or 'consumer' with the right to rescind under TILA."); *but see Meinhardt v. Sunny Acre LLC*, No. CV 24-6644 PA (AGRX), 2025 WL 2190618, at *6 (C.D. Cal. June 27, 2025), *amended in part sub nom. Iturbe v. Sunny Acre LLC*, No. CV 24-6644 PA (AGRX), 2025 WL 2631598 (C.D. Cal. Aug. 22, 2025) (citing *Barker v. Rokosz*, 740 F. Supp. 3d 187, 200–01 (E.D.N.Y. 2024) ("In turn, the Court rejects Defendants' argument that because Plaintiffs are not the named borrowers on the Home Loan, they lack standing to assert a TILA/HOEPA claim.").

The Sundbys emphasize that "the Trust transferred 100% of its relevant interests to Dale and Edith individually" via quitclaim deed, ECF No. 401, at 15. However, the Trust allegedly transferred its interest in the property via quitclaim deed after the foreclosure sale had already occurred on August 25, 2021. ECF No. 410, at 15. Thus, the Trust lacked any title or interest in the property to convey. "Generally, once a grantor no longer owns a property, 'subsequent attempts to transfer property . . . are ineffective.'" *Sundby v. Landau*, No. 2:24-CV-07276-MCS-BFM, 2025 WL 1090165, at *3 (C.D. Cal. Mar. 14, 2025), *reconsideration denied*, No. 2:24-CV-07276-MCS-BFM, 2025 WL 2374824 (C.D. Cal. May 19, 2025), and *reconsideration denied*, No. 2:24-CV-07276-MCS-BFM, 2025 WL 2374825 (C.D. Cal. July 2, 2025), and *reconsideration denied*, No. 2:24-CV-07276-MCS-BFM, 2025 WL 2374825 (C.D. Cal. July 2, 2025) (quoting *Shetty v. JPMorgan Chase Bank*, No. CV 16-8986-MWF (JPRx), 2017 WL 4685547, at *4 (C.D. Cal. June 23, 2017)). Thus, the Trust had "no right to quitclaim the deed to" the Sundbys. *Id.*

Even so, the Court notes that a quitclaim deed transfers only whatever interest the Trust had in the property at the time of conveyance, if any. *Brown v. Christiana Tr.*, No. CV-15-4543-CAS(JEMX), 2016 WL 11758809, at *5–6 (C.D. Cal. Jan. 4, 2016). Such a transfer of interest does not change the fact that the Sundbys, as individuals, are not named on the relevant Promissory Notes or Deeds of Trust and retain no obligations under the loans giving rise to this litigation. *See id.* Thus, the Sundbys, as individuals, remain non-

19-cv-00390-GPC-AHG

borrowers who lack standing to assert a TILA claim. *See Gonzalez on Behalf of Estate of Perez v. JP Morgan Chase Bank, N.A.*, No. C-14-2558 EMC, 2014 WL 5462550, at *3 (N.D. Cal. Oct. 28, 2014) (dismissing plaintiff's foreclosure and TILA claims because the borrower's execution of a quitclaim deed in plaintiff's favor did not convey to the plaintiff any obligation on the loan); *Johnson v. Ocwen Loan Servicing*, 374 F. App'x 868, 873 (11th Cir. 2010) (dismissing plaintiff's complaint alleging TILA violations because plaintiff—who received residence via quitclaim deed—"fail[ed] to establish Article III standing, because [plaintiff] was not a borrower or otherwise obligated on the . . . loan and, therefore, did not suffer an injury-in-fact.").

While the Sundbys spend significant time trying to distinguish this case from cases where courts have found that a non-borrower lacks standing to assert a TILA claim, ECF No. 414, at 5-7, the Sundbys do not provide any case authority in support of their position that they—as a result of the quitclaim deed from the Trust to the Sundbys—have standing to assert the TILA or declaratory judgment claims at issue here.[2]

Because the Sundbys lack standing to assert the TILA claims for which they seek to intervene, their motion to intervene—pursuant to both Rule 24(a) and 24(b)—must be denied for this additional reason, as well.

/ / /

## II.    Motion for Substitution or Joinder

---

[2] The Sundbys, in their supplemental briefing, rely on *Gilliam, Tr. of Lou Easter Ross Revocable Tr. v. Levine, Tr. of Joel Sherman Revocable Tr.* ("*Gilliam*"), 955 F.3d 1117, 1120 (9th Cir. 2020), to argue that they have standing. ECF No. 432, at 5. However, the Sundbys overstate *Gilliam*'s scope. The portion of *Gilliam* referenced by the Sundbys finds only that certain transactions of family tax and estate planning trusts constitute consumer credit transactions. The case did not consider whether trustee obligors possess standing to bring TILA claims relating to loans made to a trust in their individual capacities. Thus, the Sundbys' argument lacks merit.

In the alternative to their motion to intervene, the Sundbys move for substitution under Rule 17(a)(3) or 25(c), or joinder under Rule 19(a). Defendants filed a response in opposition to the Sundbys' motion on December 10, 2025, to which the Sundbys replied on December 24, 2025. The Sundbys' brief in support of their motion for substitution and/or joinder is devoid of case law in support of their claims. *See generally* ECF No. 407.

The Sundbys' motion allegedly relies on an "Assignment of Claims and Ratification," which the Sundbys filed on the docket on November 12, 2025. ECF No. 405. The Notice of Assignment states that, "on November 12, 2025, the Trustees of Declaration of Trust, Trust No. 1989-1, executed an 'Assignment of Claims & Ratification; Alternative Assignment of Trustee-Only Claims.' . . . The instrument assigns and ratifies all Trust claims relating to 7740–7746 Eads Avenue, La Jolla, California, as set forth therein." ECF No. 405, at 2.

**A. Rule 17**

**1. Legal Standard**

Rule 17(a)(1) provides that an action cannot be prosecuted unless it is asserted by the real party in interest. Thus, generally, a claim not brought by the real party in interest must be dismissed. *Jones v. Las Vegas Metro. Police Dep't*, 873 F.3d 1123, 1134 (9th Cir. 2017) (Smith, N.R., concurring). However, under Rule 17(a)(3), a court "may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action." The purpose of the rule is "to prevent forfeiture of a claim when an honest mistake was made." *Jones v. Las Vegas Metro. Police Dep't*, 873 F.3d 1123, 1128 (9th Cir. 2017) (quoting *Goodman* v. *United States*, 298 F.3d 1048, 1054 (9th Cir. 2002)). The Ninth Circuit has held that "Rule 17 relief is available where counsel makes an 'understandable' error in naming the real party in interest." *Id.* (quoting *Goodman*, 298 F.3d at 1054). As to timing, Rule 17(a) controls "if an interest was

11

transferred prior to the commencement of the suit." *Hilbrands v. Far E. Trading Co.*, 509 F.2d 1321, 1323 (9th Cir. 1975).

### 2. Rule 17 Relief Is Not Available to the Sundbys

As an initial matter, as discussed *supra* Part I(B), the transfer of interest in the property at issue from the Trust to the Sundbys as individuals, ECF No. 323, does not make the Sundbys the real party at interest with standing to assert the claims at issue. *See*, *e.g.*, *Brown v. Christiana Tr.*, 2016 WL 11758809, at *5–6; *Gonzalez on Behalf of Estate of Perez*, 2014 WL 5462550, at *3 (dismissing plaintiff's foreclosure and TILA claims because the borrower's execution of a quitclaim deed in plaintiff's favor did not convey to the plaintiff any obligation on the loan); *Johnson*, 374 F. App'x at 873 (dismissing plaintiff's complaint alleging TILA violations because plaintiff—who received residence via quitclaim deed—"fail[ed] to establish Article III standing, because [plaintiff] was not a borrower or otherwise obligated on the . . . loan and, therefore, did not suffer an injury-in-fact.").

Additionally, to the extent that, on November 12, 2025, the Trust "assigned" to the Sundbys all claims relating to the events at issue in this litigation, ECF No. 405, the Trust assigned the claims to the Sundbys after those claims had already been dismissed with prejudice. Thus, there were no longer any cognizable claims to assign such that the Sundbys might become the real party in interest.

Even aside from these significant issues, the facts of this case do not support Rule 17 relief. First, the interests in question were allegedly transferred and/or assigned after, rather than prior to, commencement of the suit.[3] Thus, Rule 17(a) does not control. *See*

---

[3] The Sundbys' argument that the November 12, 2025, assignment "states that it is effective as of March 10, 2016," ECF No. 407, at 3, does not change the fact that such a transfer of interest was not actually made until after this lawsuit began.

19-cv-00390-GPC-AHG

*Hilbrands*, 509 F.2d at 1323. Further, Rule 17(a)(3) exists to "prevent forfeiture of a claim when an honest mistake was made" regarding the named party. *Jones*, 873 F.3d at 1128 (quoting *Goodman*, 298 F.3d at 1054). No such mistake was made here. This case was brought by Dale Sundby, Trustee. The named Plaintiff was the real party at interest and there was no "understandable" error. *Id.* The situation here is not the type contemplated by Rule 17(a)(3), and relief under Rule 17 is unavailable.

## B. Rule 25

### 1. Legal Standard

Rule 25(c) provides that "[i]n case of any transfer of interest, the action may be continued by or against the original party, unless the court upon motion directs the person to whom the interest is transferred to be substituted in the action or joined with the original party." Notably, Rule 25(c) "does not require that anything be done after an interest has been transferred . . . An order of joinder is merely a discretionary determination by the trial court that the transferee's presence would facilitate the conduct of the litigation." *In re Bernal*, 207 F.3d 595, 598 (9th Cir. 2000) (quoting Wright and Miller's Federal Practice and Procedure § 1958 (2d ed.1986)). "Rule 25 is procedural and does not alter the parties' substantive rights." *Cellwitch Inc. v. Tile, Inc.*, No. 19-CV-01315-JSW (AGT), 2025 WL 1279122, at *1 (N.D. Cal. Jan. 22, 2025), *report and recommendation adopted*, No. 19-CV-01315-JSW, 2025 WL 1583014 (N.D. Cal. Apr. 25, 2025). It is "not designed to create new relationships among parties to a suit but is designed to allow the action to continue unabated when an interest in the lawsuit changes hands." *In re Bernal*, 207 F.3d at 598 (quoting *In re Covington Grain Co.*, Inc., 638 F.2d 1362, 1364 (5th Cir.1981)). Thus, a substituted party can assert only the rights of the original party. *See Minn. Mining & Mfg. Co. v. Eco Chem, Inc.*, 757 F.2d 1256, 1263 (Fed. Cir. 1985) (upon transferee joinder under Rule 25, "[t]he merits of the case . . . are still determined vis-a-vis the originally named parties.").

19-cv-00390-GPC-AHG

## 2.  Rule 25(c) Substitution is Not Appropriate

The Court again notes that the Trust's transfer of its interests in the subject property via quitclaim deed did not transfer to the Sundbys the Trust's right to sue for TILA violations in the contracts to which the Trust was a party—*see*, *e.g.*, *Brown v. Christiana Tr.*, 2016 WL 11758809, at *5-6; *Gonzalez on Behalf of Estate of Perez*, 2014 WL 5462550, at *3; *Johnson*, 374 F. App'x at 873—and the Trust's November 2025 assignment of claims to the Sundbys, ECF No. 405, did not transfer to the Sundbys any actionable claim relating to this litigation.

Further, Rule 25(c) exists to allow an action to "continue unabated," when interest changes hand. *In re Bernal*, 207 F.3d at 598. The Court notes that, at this point, there is no action to "continue." Plaintiff's claims have been dismissed because the case could not continue with Plaintiff representing the Trust pro se and in response to Plaintiff's failure to comply with Court orders.

Here, the Ninth Circuit remanded the case to the district court "to afford the trust an opportunity to obtain legal representation and to develop facts to determine in the first instance whether Sundby is the beneficial owner of the trust or whether the trust transferred any interests to Sundby." ECF No. 305, at 3. Sundby refused to do so and, in the process, brought about the dismissal which has foreclosed these motions to intervene, join and substitute parties. Ultimately, Rule 25(c) cannot serve to revive the rights of a party dismissed with prejudice for failure to comply with Court orders. *C.f.*, *Cirba Inc. v. VMware, Inc.*, No. CV 19-742-GBW, 2022 WL 16527230, at *5 (D. Del. Oct. 26, 2022) ("Rule 25(c) cannot serve to revive the rights of a party dismissed for lack of Article III standing.").

Whether to grant a motion for substitution is within this Court's sound discretion. *See In re Bernal*, 207 F.3d at 598. However, this discretion only exists where there is an action to "continue unabated," which there is not. *See id.* The Court concludes that

14

19-cv-00390-GPC-AHG

substituting the Sundbys for now dismissed Dale Sundby, Trustee, would not "facilitate the conduct of the litigation." *See id.* Thus, the Sundbys' motion pursuant to Rule 25(c) is denied.

### C. Rule 19

#### 1. Legal Standard

Rule 19(a) provides that a person must be joined as a party in an action if (1) the court cannot accord complete relief in that person's absence or (2) if the person's interest in the action is so situated that disposing of the action in the person's absence may impair or impede the person's ability to protect their interest. In analyzing the issue of whether an entity is an indispensable party, the Court "evaluate[s] 'the facts as they existed when the case [was] filed, and not by what happens later.'" *Nemee v. Cnty. of Calaveras*, No. CV F 12-02 LJO JLT, 2012 WL 2376955, at *6 (E.D. Cal. June 22, 2012), *aff'd* (Jan. 16, 2014) (quoting *Salt Lake Tribune Publishing Co., LLC v. AT & T Corp.*, 320 F.3d 1081, 1097 (10th Cir. 2003)).

#### 2. The Sundbys Are Not Necessary Parties

As an initial matter, the Court notes that there is no longer an action for the Sundbys to join. This action was dismissed and the appellate court affirmed the dismissal.

At the time this case was filed, the Sundbys, as individuals, were not necessary parties. The case was filed by Dale Sundby, Trustee, against a third party with reference to Trust interests. In situations like this one, "beneficiaries need not be joined," because "the trustee can so adequately represent the interests of the beneficiaries[.]" *Matthies v. Seymour Mfg. Co.*, 270 F.2d 365, 374 (2nd Cir. 1959). *See also Arizona Laborers, Teamsters & Cement Masons Loc. 395 Health & Welfare Tr. Fund v. Conquer Cartage Co.*, 753 F.2d 1512, 1521 (9th Cir. 1985) ("It has long been the rule that beneficiaries of a trust ordinarily need not be joined as necessary parties under Rule 19."). The original Plaintiff—Dale Sundby, Trustee—was certainly capable of obtaining counsel, protecting the Sundbys'

15

19-cv-00390-GPC-AHG

interests, and obtaining complete relief for the Sundbys. Thus, at no point were the Sundbys' interest or potential recovery jeopardized by their status as non-parties. Accordingly, the Sundbys were not and are not necessary parties pursuant to Rule 19(a).

## III.    Motion for Restitution

On November 12, 2025, Defendants filed a motion for restitution pursuant to Rule 60(b)(5) and 60(b)(6) seeking an order of restitution against Dale Sundby, Trustee. ECF No. 404. Dale Sundby, proceeding as proposed intervenor and real party in interest, responded in opposition to Defendants' motion on November 22, 2025, ECF No. 409.[4] Defendants replied on January 6, 2026, ECF No. 417.

### A. Legal Standard

A court may relieve a party from a final judgment when "the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable[.]" Fed. R. Civ. P. 60(b)(5).

//

//

### B. Defendants Are Entitled to Restitution

Defendants seek to recoup the $690,183.97 paid by Defendants to Plaintiff Dale Sundby, Trustee, to satisfy this Court's April 22, 2021 judgment granting Plaintiff's motion for statutory damages. ECF No. 264. Defendants base their argument on the grounds that the money paid from Defendants to Plaintiff was in satisfaction of a judgment that was subsequently vacated by the Ninth Circuit. ECF No. 404, at 8-9. Plaintiff counters that the

---

[4] Given that Dale and Edith Sundby's motions to intervene, to substitute and to join have been denied, the proposed intervenors have no right to represent the Trust and the Court would strike the response.  However, to the extent that this Court's rulings will be appealed, the Court considers the opposition in arriving at its decisions for purposes of having a full record for the appeal.

16

19-cv-00390-GPC-AHG

motion should be denied because the Ninth Circuit did not address or reverse this Court's substantive findings that Defendants committed TILA violations. ECF No. 409, at 7.

It is correct that the Ninth Circuit did not reverse the Court's legal reasoning or findings as to the TILA violations present in the loan documents. Indeed, given the lack of reversal on the merits, had Mr. Sundby obtained counsel as required by the Court, the Trust, through counsel, could have repeated the same winning arguments that persuaded the Court to find in the Trust's favor on the TILA claims. However, the fact that the judgment was vacated rather than reversed does not mean that it continues to bind the parties involved. Indeed, "a decision that has been vacated has no precedential authority whatsoever." *Durning v. Citibank, N.A.*, 950 F.2d 1419, 1424 n.2 (9th Cir. 1991). *See also O'Connor v. Donaldson*, 422 U.S. 563, 578 n.2, (1975) ("Of necessity our decision vacating the judgment of the Court of Appeals deprives that court's opinion of precedential effect, leaving this Court's opinion and judgment as the sole law of the case."); *United States v. Clark*, 617 F.2d 180, 184 n.4 (9th Cir.1980) (maintaining that a vacated decision is not precedential but noting that reasoning that has not been invalidated might still be persuasive). It does not matter, as Plaintiff contends, that the "vacatur was pure procedural defect." ECF No. 409, at 9. It remains that the Court's order and judgment were vacated in their entirety.

Rule 60(b)(5) explicitly empowers a court to relieve a party from final judgment if it was "based on an earlier judgment that has been reversed or vacated." Thus, the Rule "appears to contemplate exactly the type of motion brought here." *California Med. Ass'n v. Shalala*, 207 F.3d 575, 577 (9th Cir. 2000). Here, Plaintiff's statutory damages award was based on the Court's findings on the summary judgment motions. Thus, vacatur of the summary judgment order "removes the underpinnings" of the damages award. *Id.* The Supreme Court has further stated that "[w]hat has been given or paid under the compulsion of a judgment the court will restore when its judgment has been set aside and justice

17

requires restitution." *United States v. Morgan*, 307 U.S. 183, 197 (1939). Here, Defendants paid $690,183.97 "under the compulsion" of a judgment that has been "set aside." *Id.* Thus, justice requires restitution in order to account for the removal of the underpinnings to the $690,183.97 award.

Plaintiff's arguments to the contrary are unpersuasive. Plaintiff's primary argument is that the interests of justice and equity run counter to an award of restitution, because the Court found Defendants liable for multiple violations of the Truth in Lending Act. ECF No. 409, at 7. In making this argument, the Sundbys asks the Court to rely on its own conclusions in an opinion and order explicitly vacated by the Ninth Circuit. It is true that "a decision vacated upon a ground independent of that for which it is cited may still have persuasive effect." *Netzer v. City of Pasadena*, 963 F.2d 379, 379 (9th Cir. 1992). Thus, the Court acknowledges that it previously found—and perhaps would have found again—that Defendants were liable for TILA violations. Had Sundby obtained counsel as ordered by the Ninth Circuit, counsel could have presented the Court's original order to persuade it to find in the Trust's favor. However, the issue now before the Court is limited. The question now posed is simply whether Defendants can remain liable for a judgment that was vacated. The Court finds that settled law holds they cannot.

The Sundbys next argue that Defendants' payment of the judgment and Plaintiff's acknowledgement of satisfaction, ECF No. 279, created a contract between Plaintiff and Defendants that bars restitution. ECF No. 409, at 20. While this may be true if the parties contracted for that payment to be final, *see* Restatement (First) of Restitution § 74, there is nothing in the record to support the assertion that Defendants entered into such an agreement with Plaintiff. *See* ECF No. 404-1, at 41-42. *See also Wesby v. D.C.*, 393 F. Supp. 3d 34, 41 (D.D.C. 2019) ("Defendants' submission of payment to [plaintiff] that simply satisfied the lower court's judgment is not a 'settlement' that would bar Defendants from pursuing restitution once the judgment is overturned."). The Sundbys further allege

19-cv-00390-GPC-AHG

that, by choosing to satisfy the judgment while Plaintiff's appeal was pending, Defendants assumed the risk that the judgment might be later overturned. ECF No. 409, at 19. However, the opposite is true: "By executing on their judgment and receiving . . . funds during the pendency of the appeal, [Plaintiffs] assumed the risk that they might have to repay the money if [Defendants] prevailed on appeal." *Strong v. Laubach*, 443 F.3d 1297, 1299 (10th Cir. 2006).

The Sundbys assert that Defendants must identify what portion of the judgment each investor Defendant contributed. ECF No. 409, at 28-29. However, the Sundbys provide no authority in support of such an argument, and the Court is aware of none. The Sundbys' argument that restitution would undermine TILA's remedial purpose, ECF No. 409, at 27-28, is similarly misguided. Defendants' motion for restitution bears no relation to the substance of Plaintiff's TILA claims. It rests only on the fact that Defendants disbursed funds satisfying a judgment that has since been vacated. Interpretation of TILA is irrelevant to this motion now before the Court. Lastly, the Sundbys argue that ordering restitution would run counter to the Ninth Circuit's mandate, wherein it vacated this Court's judgment and remanded the case to allow the Trust to retain counsel. ECF No. 409, at 26-27. However, an order of restitution is not a deviation from the Ninth Circuit's mandate; it is a product of it. It is because of the Ninth Circuit's vacatur of this Court's order that the Court finds restitution is appropriate.

Rule 60(b)(5) allows for the exercise of discretion. *California Med. Ass'n v. Shalala*, 207 F.3d 575, 578 (9th Cir. 2000). Even so, the Court's discretion is limited by the facts before it. Here, the Court awarded Plaintiff Dale Sundby, Trustee, a judgment, which Defendant paid. Plaintiff and Defendant both appealed the Court's decision, and the Ninth Circuit vacated the Court's judgment given the Trust's lack of counsel. At that point, the Sundbys are correct that the "implicit assumption was that if the Trust obtained counsel, the case would proceed to judgment on the merits." ECF No. 409, at 27. However, the

19

19-cv-00390-GPC-AHG

Sundbys' lack of compliance with Court orders—defying no fewer than five orders to obtain counsel, *see* ECF Nos. 310, 324, 329, 356, 364—resulted in dismissal of the action with prejudice before any such adjudication on the merits could occur. Further, the Sundbys disregard that an involuntary dismissal pursuant to Rule 41 "operates as an adjudication on the merits." Fed. R. Civ. P. 41(b). Thus, the record remains—and will continue to remain—devoid of any valid judgment against Defendants.

Given these facts, Defendants are entitled to relief from the judgment and restitution of the judgment paid.

## IV.   ATTORNEY'S FEES

On November 4, 2025, Defendants filed a motion for attorney's fees. ECF No. 400. The Proposed Intervenors responded in opposition to Defendants' motion on November 29, 2025, ECF No. 410, to which Defendants replied on January 9, 2026, ECF No. 418.[5]

### A. Legal Standard

Federal Rule of Civil Procedure ("Rule") 54(d)(2) "creates a procedure but not a right to recover attorneys' fees." *MRO Commc'ns, Inc. v. Am. Tel. & Tel. Co.*, 197 F.3d 1276, 1280 (9th Cir. 1999). Accordingly, "there must be another source of authority for such an award." *Id.* at 1281 (quoting *Abrams v. Lightolier, Inc.*, 50 F.3d 1204, 1224 (3d Cir. 1995)).

Meanwhile, California law provides that "[w]here a contract specifically provides for an award of attorney fees, Civil Code section 1717 allows recovery of attorney fees by whichever contracting party prevails, regardless of whether the contract specifies that party." *Hart v. Clear Recon Corp.*, 27 Cal. App. 5th 322, 237 (2018) (quoting *Cargill, Inc.*

---

[5] Again, while the Court has denied the motion to intervene, the Court will address arguments raised by Proposed Intervenors in order to have a complete record for review on appeal.

19-cv-00390-GPC-AHG

*v. Souza* 201 Cal. App. 4th 962, 966, (2011)); *see also* Cal. Civ. Code. § 1717(a) ("In any action on a contract, where the contract specifically provides that attorney's fees and costs, which are incurred to enforce that contract, shall be awarded either to one of the parties or to the prevailing party.").

Thus, for a court to award attorney's fees pursuant to § 1717, the following must be true: (1) the action must be on a contract, (2) the contract must contain a provision stating that attorney's fees shall be awarded to the prevailing party, (3) the party seeking fees must be the prevailing party. *In re Penrod*, 802 F.3d 1084, 1087-88 (9th Cir. 2015).

### B. Defendants Are Not Entitled to An Award of Reasonable Attorney's Fees

Defendants argue that, under § 1717 and Rule 54, they are the "prevailing party" and are "entitled to recover their reasonable fees provision pursuant to the attorney fee provisions in the loan documents which were the subject of Sundby's claims." ECF No. 400, at 6. The Sundbys oppose Defendants' motion on the grounds that (1) the instant action is not "on a contract," (2) Defendants are not the prevailing party, (3) the attorneys' fees clause relied upon by Defendants are part of a void contract, (4) the Truth in Lending Act prohibits such an award, (5) the loan instruments upon which Defendants rely were extinguished by the completed foreclosure sale, and (6) Defendants did not personally incur any fees. *See* ECF No. 410.

### 1. Neither the Deeds of Trust Nor the Promissory Notes Adequately Provide for an Attorney's Fees Award

Because § 1717 applies only where a contract specifically provides for an award of attorney's fees, *see Hart*, 27 Cal. App. 5th at 237, the Court must first assess whether the subject contracts provide such a right. Here, Defendants rely on terms contained in two deeds of trust and promissory notes as the contractual basis for their request for attorney's fees. Both the notes and deeds of trust are contracts. *See Kerivan v. Title Ins. & Trust Co.*, 147 Cal.App.3d 225, 230 (1983).

19-cv-00390-GPC-AHG

### a. Deeds of Trust

Defendants argue that "the recovery of attorney fees is expressly authorized for the Investor Defendants" under the 2016 and 2017 Deeds of Trust ("Deeds"). Specifically, Defendants point to Section 7 of the Deeds that provides:

> **Protection of Lender's Security.** If Borrower fails to perform the covenants and agreements contained in this Deed of Trust, or if any action or proceeding is commenced which affects Lender's interest in the Property, including but not limited to proceedings by the Lender to obtain relief from stay in any bankruptcy proceeding which would prohibit Lender enforcing its rights under the Deed of Trust, then Lender, at Lender's option, may make such appearances, disburse such sums, *including reasonable attorney's fees*, and take such action as is necessary to protect Lender's interest. If Lender required mortgage insurance as a condition of making the loan secured by this Deed of Trust, Borrower shall pay the premiums required to maintain such insurance in effect until such time as the requirement for such insurance terminates in accordance with Borrower's and Lender's written agreement or applicable law.
>
> Any amounts disbursed by Lender pursuant to this paragraph 7, with interest thereon, including but not limited to payment of delinquent taxes and assessments, insurance premiums due, and delinquent amounts owed to prior lien holders, *shall become additional indebtedness* of Borrower secured by this Deed of Trust. Such amounts as are disbursed by Lender shall be payable, upon notice from Lender to Borrower requesting payment thereof, and shall bear interest from the date of disbursement at the rate payable on the Note. Nothing contained in this paragraph 7 shall require Lender to incur any expense or take any action hereunder.

*See* ECF No. 400-2, at 8, 24 (emphasis added).

This provision states, in the instance of an action affecting the lender's rights, the lender may disburse such sums, including reasonable attorney's fees, to protect its interest. Here, Dale Sundby, as trustee, commenced an action, which among other things, sought a

22

declaratory judgment which would have fully reconveyed the real property which secured the loans to the Sundby Family Trust. The action is one which sought to affect the rights of the Lenders and necessitated the incurring of reasonable attorney's fees to protect the Lender's interests. However, the Deed of Trust doesn't specifically provide a right to an attorney's fees award. Instead, it specifies that any amount disbursed under the section "shall become additional indebtedness of Borrower secured by this Deed of Trust." *Id.*

California state and federal courts alike have determined that such language authorizes only the addition of attorney fees to the loan amount; it does not entitle a lender to obtain attorneys' fees through an independent Reule 54(d)(2) or § 1717 motion.

*Hart v. Clear Recon Corp.*, a California case, considered a similar provision and held as follows:

> [S]ection 1717 applies only where a "contract specifically provides that attorney's fees . . . shall be awarded" to one party or the prevailing party. We must consider whether paragraph 9 of the deed of trust specifically so provides. By its plain language, it does not. The paragraph allows the lender to take numerous actions, including incurring attorney's fees, to protect its interest. It then provides . . . that "[a]ny amounts disbursed by Lender under this Section 9 shall become additional debt of Borrower secured by this Security Instrument." This is not a provision that attorney's fees "shall be awarded"; it is, instead, a provision that attorney's fees, like any other expenses the lender may incur to protect its interest, will be added to the secured debt.

27 Cal. App. 5th 322, 327 (2018).

The Court concluded that the language upon which the lenders relied for an award of attorney's fees "simply does not provide for a separate award of fees per motion." *Id.* at 329. *See also Chacker v. JPMorgan Chase Bank, N.A.*, 27 Cal. App. 5th 351, 356 (2018), *as modified on denial of reh'g* (Oct. 17, 2018); *Tyler v. Wells Fargo Bank, N.A.*, No. E063985, 2016 WL 3752394, at *7-*8 (Cal. Ct. App. July 8, 2016) (unpublished);

19-cv-00390-GPC-AHG

*Rezapour v. U.S. Bank Nat'l Ass'n*, No. A155505, 2021 WL 6142502, at \*10 (Cal. Ct. App. Dec. 30, 2021) (unpublished).

Federal courts considering similar provisions have found the same. *See DuFour v. Allen*, No. 14-CV-05616-CAS(SSX), 2017 WL 1433303, at \*6 (C.D. Cal. Apr. 20, 2017); *Valencia v. Carrington Mortg. Servs., LLC*, No. 10-cv-00558-LEK, 2013 WL 3223628, at \*10 (D. Haw. June 25, 2013); *Residential Funding Corp. v. Buettner*, 797 F. Supp. 3d 1167, 1175 (E.D. Cal. 2025).

Accordingly, while attorney's fees incurred to enforce the lender's rights are recoverable as additional indebtedness, no provision in the Deeds of Trust entitles Defendants to an attorney's fees award.

### b. Promissory Notes

Defendants also rely on language within the Promissory Notes ("Notes"), which reads:

> 4. **Borrower's Failure to Pay as Required**
> **(B) Default**. If I do not pay the full amount of each monthly payment due under this\` Note by the date stated in paragraph 3 above, I will be in default, and the Note Holder may demand that I pay immediately all amounts that I owe under this Note. [ . . . ]
> **(C) Payment of Note Holder's Costs and Expenses**. If the Note Holder has required me to pay immediately in full as described above, the Note Holder will *have the right to be paid back for all its costs and expenses to* the extent not prohibited by applicable law. Those expenses *include*, for example, *reasonable attorney's fees*.

ECF No. 400-2, at 18-19, 33-34 (emphasis added).

Under these provisions, a Note Holder has the "right to be paid back for all its costs and expenses . . . include[ing] . . . attorney's fees" where the borrower is in default and has been required to pay all amounts owed under the note. Defendants rely on this language as creating a right to an award of attorney's fees under § 1717. However, Defendants failed

19-cv-00390-GPC-AHG

to support their motion with proof of having made a demand for the Trust to pay all amounts under the Notes. Following the hearing, Defendants filed a supplemental brief to show that the Notes' attorney's fee provision was triggered by such a demand. ECF No. 436. The citations reference allegations in the First Amended Complaint, ECF No. 14 ¶¶ 104-106, and a draft Forbearance Agreement that followed the Sundbys' default and the Lenders' announced intention to foreclose, ECF No. 62-7 at 4-21. While there does appear to be reference to a default and a requirement to pay, the Forbearance Agreement is unsigned. *See id.* Moreover, to the extent that it had been signed, the Lenders conditionally agreed to forbear from exercising its foreclosure remedies. Given the forbearance, the Court finds that the Defendants did not show proof that it required the Trust to pay all amounts owed under the Notes.

Assuming that Defendants made the required demand, the Court next turns to the attorney's fee provision to determine whether it specifically provides for an attorney's fee award. The Notes provide that if a demand to pay immediately is made "the Note Holder will have the right to be paid back for …reasonable attorney's fees." Unlike in the Deeds, there is no clarifying language stating that the attorney's fees are additional indebtedness. However, the language also does not specifically provide for an attorney's fee award.

Section 1717 applies "only where a 'contract specifically provides that attorney's fees . . . shall be awarded." *Hart*, 27 Cal. App. 5th at 327, 328 (stressing the importance of "actually analyz[ing] whether [contract language] specifically provide[s] for an award of attorney's fees"). Here, the language in the Notes does not specifically provide for an "award" of attorney's fees. Rather, it speaks to a right to be "paid back" for such expenses, which is akin to the Deed language regarding indebtedness.

While there are no published decisions that interpret the promissory note language here, there are unpublished decisions which do so and vary in the depth of their analysis and persuasiveness. Because state law governs the interpretation and application of

25

19-cv-00390-GPC-AHG

contractual attorneys' fees provisions, *see Resolution Trust Corp. v. Midwest Fed. Sav. Bank*, 36 F.3d 785, 800 (9th Cir. 1993), the Court begins by reviewing California court unpublished decisions.

The California Court of Appeals, in an unpublished decision, has held that language in a promissory note indicating that "the Note Holder will have the right to be paid back by [the borrower] for all costs and expenses . . . includ[ing], for example, reasonable attorneys' fees" does not authorize a fee award pursuant to § 1717. *Rezapour v. U.S. Bank Nat'l Ass'n*, No. A155505, 2021 WL 6142502, at *8 (Cal. Ct. App. Dec. 30, 2021) (unpublished). Instead, when accompanied by a deed of trust that, as here, contemplated attorney's fees as "additional indebtedness," the court viewed this provision as:

> best construed as referring to amounts that a note holder would charge against borrowers, not that a court would separately order as an award of attorney fees. Notably, . . . the promissory note refers to the note holder's right to be 'paid back' its costs and expenses (including attorney fees), a term that reasonably relates to the borrower's loan obligation.

*Id.* at 9.

In arriving at this legal conclusion, the *Rezapour* court read both the deed and promissory note language in conjunction as per California Civil Code § 1642 which reads: "[s]everal contracts relating to the same matters, between the same parties, and made as parts of substantially one transaction are to be taken together." The court found that the note and the deed provided the same remedy to the lender given that they were both "part of the same effort to enforce the note." *Id*. Accordingly, the note provision was "best construed as referring to amounts that a noteholder would charge against borrowers, not that a court would separately order as an award of attorney fees." *Id*. Taken together, the deed and note required that the right to attorney fees under the note "shall become additional indebtedness." *Id*.

26

19-cv-00390-GPC-AHG

Similarly, here, the two Deeds provide that "[i]f Borrower fails to perform the covenants and this Deed of Trust, or if any action or proceeding is commenced which affects Lender's interest in the property…the lender may take such action as necessary to protect the Lender's interest," including disbursing sums for attorney's fees which shall become "additional indebtedness." ECF No. 400-2 at 8. Meanwhile, the Notes provide as a remedy for a failure to pay as required a "right to be paid back for all its costs and expenses…[which] include, for example, reasonable attorney fees." *Id*. at 18. The two Deeds and Notes relate to the same parties, arise from the same transactions and protect the financial interests of the Lenders. Reasonably construed, the language in the Notes and Deeds in concert suggests "paid back" in the Notes refers to additional indebtedness.

On the other hand, some unpublished federal decisions have ruled that, because the note provision "requires the borrower to repay to the lender for attorney's fees incurred in collecting the Promissory Note," it requires an award of attorney's fees incurred to enforce the contract within the meaning of § 1717(a). *In re Wagabaza*, No. 5:18-CV-00406-JLS, 2019 WL 3717794, at *9 (C.D. Cal. Aug. 7, 2019); *Gilliam v. Levine*, No. CV-18-2580-PSG-MRWX, 2022 WL 401462, at *3 (C.D. Cal. Jan. 25, 2022), *aff'd sub nom. Gilliam, Tr. of Lou Easter Ross Revocable Tr. v. Levine, Tr. of Joel Sherman Revocable Tr.*, No. 21-56257, 2023 WL 2770922 (9th Cir. Apr. 4, 2023); *Ng v. US Bank, NA*, No. 15-CV-04998-KAW, 2016 WL 6995884, at *4 (N.D. Cal. Nov. 30, 2016), *aff'd sub nom. Ng v. U.S. Bank, NA*, 712 F. App'x 665 (9th Cir. 2018).

First, none of these cases considered the effect of Civil Code § 1642 in interpreting attorney's fees provisions contained in a deed and a note. As a result, the federal cases are distinguishable and fail to analyze this salient issue. Only *Rezapour* has read the deed and note in conjunction as required under California statutory law in concluding that the right to attorney's fees was additional indebtedness that could be recovered as part of the foreclosure sale. Thus, the Court is prepared to offer deference to the California Court of

27

19-cv-00390-GPC-AHG

Appeals' reasoning. *See Rezapour*, 2021 WL 6142502, at *8; *see also DuFour*, 2017 WL 1433303 (finding an unpublished decision by the California Court of Appeals to be the most persuasive authority on how this Court should interpret contractual attorneys' fees provisions in a deed of trust.).

Second, in each of the above federal decisions, the lenders had declared a default and demanded payment under the note so as to trigger the attorney's fees award. As discussed above, the Notes provide for costs and expenses, including attorney's fees, only when the lender has demanded that a borrower in default pay immediately and the borrower has failed to do so. ECF No. 400-2, at 18-19, 33-34. Given that any demand for payment would have been conditionally withdrawn upon the execution of the Forbearance Agreement, the Court has found that the Defendants failed to provide proof of the required demand.

//

//

//

### C. Equitable Considerations

Finally, even if the Notes' terms could reasonably be interpreted to support an attorney's fee award, the Court finds that it would be inequitable to award Defendants attorney's fees given the history of the litigation.

First, Defendants did not realize any success at the trial level and their success on appeal did not relate to the merits but rather Dale Sundby's unauthorized practice of law by representing the Family Trust. Moreover, on appeal, the dissenting judge found that the Defendants had waived any right to appeal the issue given Defendants' failure to object to Sundby representing the Trust at the trial level. *See Sundby v. Marquee Funding Grp., Inc.*, No. 21-55504, 2022 WL 4826445, at *2 (9th Cir. Oct. 3, 2022) (Silverman, B., dissenting) (citing *Church of the New Testament v. United States*, 783 F.2d 771, 774 (9th Cir. 1986)

19-cv-00390-GPC-AHG

(issue of whether the Church was properly represented was raised for the first time on appeal and court found it need not address issue that was not raised before the trial court)). The dissenting judge also observed that Defendants had not shown that they had been prejudiced in any way by the Sundby's pro se representation, which was not surprising given that "[t]he general rule requiring a trust to be represented by counsel is to protect the trust's beneficiaries, not a defendant accused of cheating them. Nor is there any explanation for why this issue wasn't raised before, or why this failure should be excused." *Sundby*, 2022 WL 4826445, at *2 (Silverman, B., dissenting).

While the majority in the *Sundby* appeal did not find a waiver, the Defendnats' failure to object extended this litigation when an earlier objection would have allowed the Court to efficiently hear the case by addressing this issue nearly seven-years ago. Ultimately, the failure to object at the trial level led to Defendants incurring substantial attorney fees that did not need to be incurred given that the Trust was not represented by counsel. Given the history of this litigation, the Court is not prepared to find that the attorney's fees sought are "reasonable."

Finally, it would be untenable to find that the Defendants are the prevailing parties where it was Mr. Sundby who prevailed on the TILA claim and the declaratory judgment claims that the Deeds were improperly modified. But for Mr. Sundby's dogged refusal to hire an attorney to address whether the Sundbys had a beneficial interest or to reinitiate the litigation, it is plausible that the Trust represented by counsel could have again prevailed on the TILA claims which would have then supported an attorney's fee award for the Trust under TILA.

Thus, even assuming that the provision in the Note might provide for attorney's fees in some instances—*compare Rezapour v. U.S. Bank Nat'l Ass'n*, 2021 WL 6142502, at *8 (the "paid back" provision does not entitle lender to a separate order of attorney's fees) *with Gilliam*, 2022 WL 401462, at *4 (such language provides for attorney's fees in

19-cv-00390-GPC-AHG

enforcing the promissory note)—the provision is not sufficiently broad as to encompass the litigation here. *Santisas v. Goodin*, 17 Cal. 4th 599, 608 (1998) (noting that whether a fee provision is "phased broadly" impacts when, and on what claims, that provision may support an award of attorney's fees).

Accordingly, for the foregoing reasons, the Court DENIES Defendants' motion for attorney's fees.

### CONCLUSION

For the reasons set forth above, the Court **ORDERS** as follows:

- The Court **DENIES** the Sundbys' motion to intervene, ECF No. 401.
- The Court **DENIES** the Sundbys' motion for substitution and/or joinder, ECF No. 407.
- The Court **DENIES** Defendants' motion for attorney's fees, ECF No. 400.
- The Court **GRANTS** Defendants' motion for restitution, ECF No. 404. At the hearing before the Court, Defendants noted that the judgment was paid to Dale Sundby in his individual capacity. Accordingly, Dale Sundby is **ORDERED** to make a restitution payment to Defendants in the amount of $690,183.87, plus applicable interest, representing the sums paid pursuant to the now-vacated April 22, 2021, Order, ECF No. 246.

Dated:  February 27, 2026

Hon. Gonzalo P. Curiel
United States District Judge

30

19-cv-00390-GPC-AHG