UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

DALE SUNDBY, Trustee,

Plaintiff,

v.

Marquee Funding Group, Inc.; Salomon Benzimra, Trustee; Stanley Kesselman, Trustee; Jeffrey Myers; Kathleen Myers; Andres Salsido Trustee; Benning Management Group 401(K) Profit Sharing Plan; Christopher Myers; Vickie McCarty; Delores Thompson; Kimberly Gill Rabinoff; Steven M. Cobin, Trustee; Susan L. Cobin, Trustee; Equity Trust Company, Custodian FBO Steven M. Cobin Traditional IRA: Todd B. Cobin, Trustee; Barbara A. Corbin, Trustee; Fasack Investments LLC; and Does 1-X,

Defendants.

Case No.:  19-cv-00390-GPC-AHG

**ORDER GRANTING DALE SUNDBY'S MOTION TO STAY ENFORCEMENT OF JUDGMENT PENDING APPEAL WITHOUT SUPERSEDEAS BOND**

**[ECF No. 457]**

Before the Court is Dale Sundby's motion to stay enforcement of judgment pending appeal without supersedeas bond. ECF No. 457. The Court finds the matter suitable for

1

19-cv-00390-GPC-AHG

disposition without oral argument pursuant to Civil Local Rule 7.1(d)(1) and therefore VACATES the hearing set for July 10, 2026. For the reasons outlined below, the Court GRANTS the motion and waives the bond requirement.

**BACKGROUND**

The parties are familiar with the facts of the case, and the Court will not repeat them here. On April 22, 2026, the Court denied the Sundbys' motion to reconsider this Court's March 2, 2025, judgment denying the Sundbys' motion to intervene, denying the Sundbys' motion for substitution or joinder, and granting Defendants' motion for restitution. ECF No. 455.

As part of their motion to reconsider, the Sundbys also sought a stay of enforcement of the judgment pending appeal. ECF No. 442, at 31. The Court granted a temporary stay to allow the Sundbys to either (1) post bond or (2) move to stay enforcement of the judgment without supersedeas bond. ECF No. 455, at 15.

Dale Sundby has now filed a motion to stay enforcement of judgment pending appeal without supersedeas bond. ECF No. 457. The motion has been fully briefed. ECF Nos. 466, 467.

**LEGAL STANDARD**

"Generally, enforcement of a final judgment is not stayed during the pendency of an appeal." *Windy Cove, Inc. v. Circle K Stores, Inc.*, No. 21-CV-1416-MMA-DEB, 2024 WL 4547361, at *1 (S.D. Cal. July 22, 2024). However, under Rule 62(b), a "party seeking to further stay proceedings to enforce a judgment may post bond or other security." *Est. of Casillas v. City of Fresno*, 471 F. Supp. 3d 1035, 1036 (E.D. Cal. 2020) (citing Fed. R. Civ. P. 62(b)). By posting a supersedeas bond acceptable to the court, the appellant "obtain[s] a stay as a matter of right." *Matter of Combined Metals Reduction Co.*, 557 F.2d 179 (9th Cir. 1977). Bond functions to (1) "protect[] the prevailing party from the risk of a later uncollectible judgment," and (2) "compensate[] [the prevailing party] for delay in the

2

entry of the final judgment." *N.L.R.B. v. Westphal*, 859 F.2d 818, 819 (9th Cir. 1988). Typically, courts require a "full security supersedeas bond." *Est. of Casillas*, 471 F. Supp. 3d at 1037 (quoting *Poplar Grove Planting & Refining Co. v. Bache Halsey Stuart, Inc.*, 600 F.2d 1189, 1190 (5th Cir. 1979)).

A party may also "move for an unsecured stay," *Est. of Casillas*, 471 F. Supp. 3d at 1037. Indeed, the district court retains the "broad discretionary power to waive the bond requirement if it sees fit." *Townsend v. Holman Consulting Corp.*, 881 F.2d 788, 797-98 (9th Cir. 1989), *vacated on other grounds en banc*, 929 F.2d 1358 (9th Cir. 1990). However, "[w]hile parties have the right to a stay obtained by providing a bond or other approved security, an unsecured stay is reserved for 'unusual circumstances' and awarded at the court's discretion." *Est. of Casillas*, 471 F. Supp. 3d at 1037 (quoting *Yenidunya Investments, Ltd. v. Magnum Seeds, Inc.*, 2012 WL 1085535, at *2 (E.D. Cal. Mar. 30, 2012)); *Windy Cove, Inc.*, 2024 WL 4547361, at *1 ("The Court does have inherent discretionary authority in setting supersedeas bonds . . . and may even waive the bond requirement if it sees fit.") (internal quotation marks and citations omitted). Regardless, a party seeking waiver of the bond requirement must explicitly ask for such relief and "'objectively demonstrate' the reasons for departing from the usual requirement of a full supersedeas bond." *Cotton ex rel. McClure v. City of Eureka, Cal.*, 860 F. Supp. 2d 999, 1028 (N.D. Cal. 2012) (quoting *Poplar Grove,* 600 F.2d at 1191).

When determining whether a district court should exercise its discretion to waive or reduce the amount of a bond to stay a judgment, courts in the Ninth Circuit typically consider the factors outlined in *Dillon v. City of Chicago*, 866 F.2d 902, 904-05 (7th Cir. 1988). *See Lewis v. Kern Cnty.*, No. 1:21-CV-00378-KES-CDB, 2025 WL 1865995, at *3 (E.D. Cal. July 7, 2025) (collecting cases). These factors include:

> (1) the complexity of the collection process; (2) the amount of time required to obtain a judgment after it is affirmed on appeal; (3) the degree of confidence that the district court has in the

3

19-cv-00390-GPC-AHG

> availability of funds to pay the judgment . . . ; (4) whether the defendant's ability to pay the judgment is so plain that the cost of a bond would be a waste of money . . . ; and (5) whether the defendant is in such a precarious financial situation that the requirement to post a bond would place other creditors of the defendant in an insecure position[.]

*Dillon*, 866 F.2d at 904-05 (internal quotation marks and citations omitted). Even so, "[d]istrict courts have inherent discretionary authority in setting supersedeas bonds." *Rachel v. Banana Republic, Inc.*, 831 F.2d 1503, 1505 n.1 (9th Cir. 1987).

## DISCUSSION

The Court finds that Mr. Sundby has outlined an "unusual circumstance" warranting an unsecured stay. *Est. of Casillas*, 471 F. Supp. 3d at 1037. Specifically, Mr. Sundby has demonstrated that the current judgment raises due process concerns such that enforcement of a judgment or bond requirement against Mr. Sundby individually—who is not a party to the case and had no opportunity to oppose his individual liability—is inappropriate at this time.

### I.  Mr. Sundby's Individual Liability

Mr. Sundby, in his individual capacity, has never been a party to this case. Though he has twice sought to intervene in this case in his individual capacity, ECF Nos. 388, 401, he has been denied both times, ECF No. 389, 440.

### A. This Court's Imposition of Personal Liability

In February 2026, Defendants and Mr. and Mrs. Sundby—as proposed intervenors—were scheduled to appear at a hearing to discuss the Sundbys' motions for intervention, joinder, and substitution and Defendants' motions for restitution and attorney's fees. ECF No. 424. Before the hearing, the Court circulated a tentative order, which indicated its intentions to grant Defendants' motion for restitution. Immediately before the hearing was set to begin, the Sundbys expressed that they would not attend. ECF No. 427.

19-cv-00390-GPC-AHG

The tentative order initially held Dale Sundby liable for restitution in his capacity as a trustee. At the hearing that the Sundbys did not attend, Defendants noted that the initial judgment award was paid to Mr. Sundby in his individual capacity. *See* ECF No. 435, at 19. Thus, Defendants asked the Court to adjust the order to reflect the party to whom the initial judgment was paid and impose restitution liability against Mr. Sundby in his individual capacity. *Id.* In justifying their request, Defendants cited restitution's purpose as an equitable remedy. *Id.*

This Court adjusted its order to reflect the request, reasoning that equity demanded that restitution is to be paid by the unjustly benefited party. *See* ECF No. 440, at 30 (holding Dale Sundby liable in his individual capacity); *Stockton Theatres, Inc. v. Palermo*, 121 Cal. App. 2d 616, 619 (1953) (internal quotation marks and citation omitted) ("The law proceeds upon the theory that, in equity, the party who receives money or property in good faith under an erroneous judgment, thereafter reversed, should be required to restore what he has received."); *Ghirardo v. Antonioli*, 14 Cal. 4th 39, 51 (1996) ("Under the law of restitution, an individual may be required to make restitution if he is unjustly enriched at the expense of another."). The Court did not provide Mr. Sundby, in his individual capacity, with the opportunity to oppose the requested amendment.

### B. Motion for Reconsideration

In their motion for reconsideration, the Sundbys—moving as proposed intervenors—asked the Court to, among other things, vacate its judgment to the extent it imposes a personal restitution obligation on Dale Sundby. ECF No. 442, at 2. This issue, framed as a "due-process and equity problem," was sparingly briefed and did not reference any case law. *Id.* at 28-29. The Sundbys reasoned that the Court's refusal to allow intervention, substitution, or joinder, while holding Mr. Sundby personally liable was an "internal inconsistency warrant[ing] relief under Rules 60(b)(1) and 60(b)(6)." *Id.*, at 29.

5

19-cv-00390-GPC-AHG

The Court subsequently denied the Sundbys' request to vacate the personal restitution obligation imposed upon Mr. Sundby.

### C. New Reasoning Now Before the Court

Mr. Sundby now moves for this Court to stay the judgment against him without the imposition of any supersedeas bond. ECF No. 457. In his motion, Mr. Sundby reiterates his due process arguments with greater clarity, reframes the arguments to highlight his lack of opportunity to respond, and supplements his position with case law. ECF No. 457, at 3–4, 6. Mr. Sundy has cited Supreme Court precedent to demonstrate that that "one is not bound by a judgment in personam resulting from litigation in which he is not designated as a party." *Zenith Radio Corp. v. Hazeltine Rsch., Inc.*, 395 U.S. 100, 110 (1969). Mr. Sundby has also challenged the fact that he was not given a chance to oppose the change in liability, noting that "the fundamental requisite of due process of law is the opportunity to be heard." *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950). *See also Nelson v. Adams USA, Inc.*,529 U.S. 460, 463 (2000) (party was required to have an "opportunity to respond and contest his personal liability for the award."). *See* ECF No. 457, at 3–4.

### II.    Bond Requirement

In light of this new reasoning and law before the Court, the Court has serious concerns regarding the propriety of the Court's entry of the restitution judgment against Dale Sundby in his individual capacity. Thus, Mr. Sundby has demonstrated that there are "unusual circumstances" in this case such that this Court should exercise its discretion to award an unsecured stay. *Est. of Casillas*, 471 F. Supp. 3d at 1037 (quoting *Yenidunya Invs.*, 2012 WL 1085535, at *2).

The Court acknowledges that the purpose of a supersedeas bond is to "protect[] the prevailing [party] from the risk of a later uncollectible judgment and compensate him for delay in the entry of final judgment." *NLRB v. Westphal,* 859 F.2d 818, 819 (9th Cir.1988).

This is the purpose underlying the *Dillon* factors, which courts in this Circuit generally analyze when considering whether to grant an unsecured stay. *Dillon*, 866 F.2d at 904-05. The Court further recognizes that waiving the bond requirement in this case denies Defendants that protection.

However, the Court will not require Dale Sundby, in his individual capacity, to put forth supersedes bond when "[i]t is elementary that one is not bound by a judgment in personam resulting from litigation in which he is not designated as party." *Zenith Radio Corp.*, 395 U.S. at 110. Further, to the extent that this Court infringed upon Mr. Sundby's due process rights in imposing individual liability without an opportunity to be heard, such rights reflect a "fundamental value in our American constitutional system." *Boddie v. Connecticut*, 401 U.S. 371, (1971).

Further, Mr. Sundby has indicated that imposition of bond would impair his financial stability to the extent of causing irreparable harm. ECF No. 457, at 8. If a "judgment debtor's present financial condition is such that the posting of a full bond would impose an undue financial burden, the court . . . is free to exercise a discretion to fashion some other arrangement for substitute security through an appropriate restraint on the judgment debtor's financial dealings, which would furnish equal protection to the judgment creditor." *Poplar Grove*, 600 F.2d at 1191.

In light of these considerations, the Court finds that unusual circumstances and the interests of justice justify setting aside the usual requirement of a full supersedeas bond. *See Cotton*, 860 F. Supp. 2d at 1028. Accordingly, the Court exercises its discretion to waive the requirement of a bond in this case pending Mr. Sundby's appeal to the Ninth Circuit.

Lastly, the Court will address supplemental documents filed by Mr. Sundby. Long after the closure of briefing and just one day before the scheduled hearing on this matter, Mr. Sundby, without leave of the Court, filed several supplemental filings in support of his

19-cv-00390-GPC-AHG

motion. ECF Nos. 476, 477, 478, 480, 482. Such documents are inappropriately filed, and the Court will not consider any new arguments raised therein. *See*, *e.g.*, *Sec. & Exch. Comm'n v. Blockvest, LLC*, No. 18CV2287-GPB-BLM, 2018 WL 6181408, at *9 (S.D. Cal. Nov. 27, 2018) ("Because the parties did not seek leave of court to file a supplemental declaration and response, the Court strikes these documents from the docket."). Indeed, the Court STRIKES the supplemental declaration, ECF No. 477, and sealed proposed document, ECF No. 482, from the docket and DENIES Mr. Sundby's motion to seal as moot, ECF No. 480.

However, to the extent that Mr. Sundby has proposed a substitute security in the form of a stipulated undertaking of preservation of funds, ECF No. 478, the Court finds the undertaking reasonable and adopts its terms as an alternate security to protect Defendants' interests pending appeal. *See Poplar Grove*, 600 F.2d at 1191. Mr. Sundby is ORDERED to comply with all stipulated requirements outlined in the undertaking, ECF No. 478, including those related to the preservation of assets, notice of extraordinary transactions, and maintenance of records.

## CONCLUSION

The Court GRANTS Dale Sundby's motion to stay enforcement of judgment pending appeal without supersedeas bond. The Court ORDERS Mr. Sundby to abide by the requirements of the Undertaking and Stipulation filed at ECF No. 478. Failure to do so may result in the termination of the stay.

Dated:  July 9, 2026

Hon. Gonzalo P. Curiel
United States District Judge

19-cv-00390-GPC-AHG