UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

DALE SUNDBY, Trustee,

Plaintiff,

v.

Marquee Funding Group, Inc.; Salomon Benzimra, Trustee; Stanley Kesselman, Trustee; Jeffrey Myers; Kathleen Myers; Andres Salsido Trustee; Benning Management Group 401(K) Profit Sharing Plan; Christopher Myers; Vickie McCarty; Delores Thompson; Kimberly Gill Rabinoff; Steven M. Cobin, Trustee; Susan L. Cobin, Trustee; Equity Trust Company, Custodian FBO Steven M. Cobin Traditional IRA: Todd B. Cobin, Trustee; Barbara A. Corbin, Trustee; Fasack Investments LLC; and Does 1-X,

Defendants.

Case No.: 19-cv-00390-GPC-AHG

**ORDER DENYING WITHOUT PREJUDICE DEFENDANT'S MOTION FOR PREFILING ORDER FINDING DALE SUNDBY A VEXATIOUS LITIGANT**

**[ECF No. 460]**

Before the Court is Defendant Marquee Funding Group, Inc.'s motion for an order (1) declaring Dale Sundby a vexatious litigant and (2) entering a pre-filing order requiring

Dale Sundby to obtain leave of this Court before filing new claims or motions related to the events underlying this litigation in the Southern District of California. The Court finds the matter suitable for disposition without oral argument pursuant to Civil Local Rule 7.1(d)(1) and therefore VACATES the hearing set for August 7, 2026. For the reasons set forth below, the Court DENIES the motion without prejudice.

**BACKGROUND**

The Court will begin by providing a brief background on this case, which has been before this Court for more than seven years. The Court will then provide an overview of Mr. Sundby's other litigation in federal courts, which has occurred before three judges across two judicial districts.[1]

**I. This Case – Case No. 3:19-cv-390, *Sundby v. Marquee Funding Group Inc.***

On February 26, 2019, Dale Sundby—appearing pro se in his capacity as trustee—filed this lawsuit suit alleging multiple Truth in Lending Act ("TILA") violations against the lenders behind two mortgage refinancing loans previously secured by the Sundby

---

[1] Defendant requests judicial notice of various court orders, memorandum dispositions, motions, and dockets from across Mr. Sundby's cases. ECF No. 460-4. Defendant does not request judicial notice of the truth of contested facts within the documents. *Id.* at 9. Rather, Defendant asks the Court to take notice of the existence of the documents and their contents. *Id.* at 8–9. Mr. Sundby reiterates that the scope of judicial notice must be limited to the existence of a court filing, not the fling's truth. ECF No. 464, at 23–24.

The Court may take judicial notice of court filings. *Reyn's Pasta Bella, LLC v. Visa USA, Inc*., 442 F.3d 741, 746 (9th Cir. 2006) ("We may take judicial notice of court filings and other matters of public record."). Accordingly, the Court grants Defendant's request for judicial notice. However, it takes notice of each document "not for the truth of the facts recited therein, but for the existence of the opinion [or filing.]" *Lee v. City of Los Angeles*, 250 F.3d 668, 690 (9th Cir. 2001) (citation omitted).

Trust[2] in relation to the Sundbys' La Jolla, California residence ("the Property"). ECF No. 209 at 4–6.[3] Defendant Marquee Funding Group, Inc. ("Defendant" or "Marquee")—the moving Defendant on the motion now before the Court—is a Defendant in this case.

This Court found that the loans violated TILA, and, in April 2021, awarded Mr. Sundby nearly $700,000 in damages. ECF No. 264, at 7–8. The parties appealed the decision to the United States Court of Appeals for the Ninth Circuit. ECF Nos. 267, 274.

On August 25, 2021, while the first appeal was pending, the Property was subject to a completed foreclosure sale. ECF No. 314, at 5, 12-13.

On October 3, 2022, The Ninth Circuit vacated this Court's prior judgment and order on the grounds that Mr. Sundby, in his capacity as trustee, could not represent the Trust pro se. ECF No. 305. *See also Sundby v. Marquee Funding Grp., Inc.*, Nos. 21-55504 & 55582, 2022 WL 4826445 (9th Cir. Oct. 3, 2022). In doing so, the Ninth Circuit also vacated the nearly $700,000 judgment this Court had entered in Mr. Sundby's favor. *Id.* The Ninth Circuit remanded the case back to this Court. *Id.*

The Court then required Mr. Sundby to obtain legal counsel before the matter could proceed. *See* ECF Nos. 310, 324, 329, 356, 364. After the Court directed Mr. Sundby to obtain counsel five times and Mr. Sundby refused to do so, the Court dismissed the case with prejudice on July 21, 2023. ECF No. 367. On appeal, the Ninth Circuit affirmed the dismissal. ECF No. 395-1.

---

[2] The Sundby Trust's full title is the Dale H. Sundby and Edith Littlefield Sundby, Trust No. 1989-1 dates January 26, 1989. The Court will refer to this trust as "the Trust" or "the Sundby Trust." Across the various cases filed by the Sundbys, Dale and Edith have filed in both their individual capacities and in their capacities as trustees. Whenever the Sundbys appear in their capacity as trustees, it is on behalf of the Sundby Trust.

[3] Page numbers are based on CM/ECF pagination.

The Sundbys subsequently moved to intervene in this action in their individual capacities. ECF No. 401. On March 27, 2026, this Court denied the motion on the grounds that the Sundbys could not intervene in the closed action and that the Sundbys lacked standing to intervene, as they were not the borrowers on the loan at issue. ECF No. 440, at 5–10. The Court also denied the Sundbys' motions for joinder and substitution and granted Defendants' motion for restitution. *See generally* ECF No. 440.

The Sundbys moved for reconsideration, which the Court denied. ECF No. 455. The Sundbys appealed the decision to the Ninth Circuit, which remains pending. ECF No. 456.

On July 9, 2026, the Court granted Dale Sundby's motion to stay enforcement of the judgment pending appeal without supersedeas bond. ECF No. 484.[4]

Since the Ninth Circuit's order on October 3, 2022, most of the litigation in this case over the past four years has resulted from Mr. Sundby's refusal to obtain counsel despite the Ninth Circuit's order requiring otherwise. This refusal resulted in the dismissal of this case and Mr. Sundby's loss of the nearly $700,000 judgment in his favor.

**II. Additional Litigation**

Case 390 is just one of several federal lawsuits filed by Mr. Sundby involving the same or related underlying facts. As in this case, the bulk of the litigation in these related federal cases has centered around Mr. Sundby's refusal to abide by the Ninth Circuit's order requiring the Trust to obtain counsel.

The related federal litigation proceeds as follows:

//

---

[4] Record citations will be to the record for the instant case, Case No. 19-cv-390, unless the citation indicates otherwise. When citing to the record in other cases, the ECF citation will be preceded by the relevant abbreviated case number. For example: Case No. 2013, ECF No. 1.

**A. Case No. 3:21-cv-2013, Judge Curiel, Southern District of California, *Sundby v. Myers***

On December 1, 2021, Dale Sundby—appearing pro se in both his individual capacity and in his capacity as a trustee—filed suit seeking post-judgment TILA damages in addition to those already awarded by this Court in Case 390. Case No. 2013, ECF No. 11.

This Court consolidated Case 2013 with Case 390, because Case 2013 was "based entirely on the proceedings from Case 19-cv-390." Case No. 2013, ECF No. 56 at 6 n.3. The Court held that if Mr. Sundby wished to proceed in either Case 390 or Case 2013, an attorney needed to enter an appearance on behalf of the Trust. Because no appearance was entered, Case 2013 was dismissed with prejudice alongside Case 390 on July 21, 2023. Case No. 2013, ECF No. 61. The Ninth Circuit also affirmed Case 2013's dismissal. Case No. 21-cv-2013, ECF No. 78-1, at 4.

**B. Case No. 3:23-cv-1239, Judge Curiel, Southern District of California, *Sundby v. Fidelity National Title Insurance Company***

On November 1, 2022, Dale Sundby and Edith Littlefield Sundby—appearing pro se in both their individual capacities and their capacities as trustees—filed suit against Fidelity National Title Company and Doe Defendants. Case No. 1239, ECF No. 1. The complaint alleged four wrongful foreclosure causes of action arising from allegedly altered loan documents relating to the Property. *See generally id.*

In August 2023, this Court stayed the proceedings in Case 1239 pending the outcome of Mr. Sundby's appeal to the Ninth Circuit Court of Appeals in Case 390. Case No. 1239, ECF No. 85. In response, the Sundbys filed a petition for a writ of mandamus with the Ninth Circuit, which the Ninth Circuit denied. Case No. 1239, ECF Nos. 94, 108, 110.

After the Ninth Circuit affirmed this Court's dismissal of Case 390 and Case 2013, the Sundbys filed a motion for leave to file a first amended complaint in Case 1239. Case No. 1239, ECF No. 114. On February 10, 2026, the Court allowed the Sundbys to amend

their complaint. Case No. 1239, ECF No. 127. The amended complaint reflected the Sundbys as plaintiffs only in their individual capacities and added several defendants, many of whom had been defendants in Case 390. Case No. 1239, ECF No. 128. Defendant Marquee was among the added Defendants.

On May 28, 2026, This Court dismissed the case as to all Defendants on the grounds that the Sundbys, in their individual capacities, lacked standing to bring their claims because they lacked any ownership interest in the foreclosed-upon property. Case No. 1239, ECF No. 182. The Court also held that the Sundbys could not use an Assignment of claims from the Trust to the Sundbys as a means to circumvent a representation requirement. *Id.* at 16.

The Sundbys have filed a motion for reconsideration that is now pending before the Court. Case No. 1239, ECF No. 185.

**C. Case No. 2:24-cv-5790, Judge Scarsi, Central District of California, *Sundby v. Landau***

On July 5, 2024, Dale and Edith Sundby—appearing pro se in their individual capacities—filed suit against several lender defendants bringing various claims relating to an alleged scheme to harm the Sundbys by evicting them from their property and fraudulently foreclosing upon their home. Case No. 5790, ECF No. 1.

Judge Scarsi ordered the Sundbys to show cause as to why the court could exercise subject matter jurisdiction over the claims at issue. Case No. 5790, ECF Nos. 11, 14. When the Sundbys did not show cause, Judge Scarsi dismissed the case without prejudice on August 20, 2024. Case No. 5790, ECF No. 23.

**D. Case No. 2:24-cv-7276, Judge Scarsi, Central District of California, *Sundby v. Landau***

On August 22, 2024, after the dismissal of Case 5790, the Sundbys filed a subsequent action alleging a variety of wrongful conduct surrounding certain loan documents as well

as the unlawful detainer and foreclosure proceedings relating to the Property. Case No. 7276, ECF No. 49. Defendant Marquee is a Defendant in Case 7276.

In the original complaint, the Sundbys—including Dale, Edith, and their daughter Stefanie—appeared pro se in their individual capacities. Case No. 7276, ECF No. 1. However, the Sundbys amended the complaint to reflect the following plaintiffs, also appearing pro se: Dale Sundby as sole trustee, and Dale and Edith Sundby in their individual capacities. Case No. 7276, ECF No. 49.

On March 14, 2025, Judge Scarsi granted defendants' motion to dismiss the Sundbys' claims. Case No. 7276, ECF No. 80. Judge Scarsi first determined that Dale and Edith Sundby, in their individual capacities, were not the real parties in interest and lacked standing to assert claims related to the foreclosure of the Property. Case No. 7276, ECF No. 80, at 5–6.

Next, Judge Scarsi determined that, without an appearance from counsel on behalf of the Trust, the court could not consider whether the Trust may be represented by a non-attorney trustee. *Id.* at 6. Judge Scarsi dismissed all the claims without prejudice and granted leave to amend only as to Edith Sundby's intentional infliction of emotional distress claim. *Id.* at 9. Judge Scarsi directed the Sundbys to file an amended complaint or provide notice that they would not amend. *Id.*

The Sundbys filed a motion for reconsideration, which the court denied. Case No. 7276, ECF No. 87. Because the Sundbys did not timely amend their complaint, the court then dismissed the case without prejudice under Rule 41(b).[5] *Id.* The Sundbys again moved for reconsideration, which the Court again denied. Case No. 7276, ECF Nos. 89, 94. On February 18, 2026, the Ninth Circuit affirmed Judge Scarsi's dismissal of the claims. Case

---

[5] "Rule" or "Rules" refer to the Federal Rules of Civil Procedure unless otherwise noted.

No. 7276, ECF No. 99. The judgment went into effect June 25, 2026. Case No. 7276, ECF No. 100.

**E. Case No. 3:24-cv-1535, Judge Hayes, Southern District of California, *Sundby v. San Diego County Sheriff***

On August 29, 2024, Dale Sundby—appearing pro se in his capacity as trustee—sued the San Diego County Sheriff's Department and related officials for claims arising from defendants' alleged execution of a writ of possession against the Property. Case No. 1535, ECF No. 1. Mr. Sundby amended his complaint on October 6, 2024. ECF No. 13.

On June 2, 2025, District Judge Hayes dismissed the case without prejudice on the grounds that the court could not consider any claims asserted on behalf of the Trust until the Trust retains legal representation. Case No. 1535, ECF No. 39 at 11.

Mr. Sundby subsequently filed a motion for mandatory joinder asking the court to join Dale Sundby as a plaintiff in his individual capacity. Case No. 1535, ECF No. 40. Mr. Sundby also moved for reconsideration of the court's prior dismissal. Case No. 1535, ECF No. 41.

On March 10, 2026, Judge Hayes denied the motion for joinder and the motion for reconsideration. In denying joinder, Judge Hayes concluded that Mr. Sundby had failed to demonstrate that he, in his individual capacity, was a real party in interest in the action. Case No. 1535, ECF No. 50, at 10. In denying reconsideration, Judge Hayes reiterated that Mr. Sundby could not represent the Trust pro se. *Id.* at 11–12.

Mr. Sundby then filed a motion to alter judgment, which the court denied on July 14, 2026. Case No. 1535, ECF No. 55.

**F. Case No. 3:25-cv-668, Judge Hayes, Southern District of California, *Sundby v. Landau***

On March 20, 2025, Dale Sundby—appearing pro se individually and in his capacity as trustee—brought eight causes of action arising from the unlawful detainer state court proceedings relating to the Property.

On March 10, 2026, Judge Hayes granted defendants' motion to dismiss Mr. Sundby's claims. Case No. 668, ECF No. 27. Judge Hayes again found that Mr. Sundby could not assert claims on behalf of the Sundby Trust without the aid of counsel. *Id.* at 9. As to the claims brought in Mr. Sundby's individual capacity, the court held that Mr. Sundby failed to demonstrate that he had an ownership interest in the Property that would make him a real party in interest in the case. *Id.* at 12–13. Thus, the court found that Mr. Sundby lacked standing to assert his claims. *Id.*

Mr. Sundby filed a motion for reconsideration, which Judge Hayes denied on July 14, 2026. Case No. 668, ECF No. 31.

**G. State Court Proceedings**

Mr. Sundby has also been involved in multiple state court proceedings arising from the same or related underlying facts, which Defendant outlines in its motion. ECF No. 460-1, at 20. In state court, Mr. Sundby has also faced adverse rulings based on the unauthorized practice of law by attempting to represent the Trust pro se. *Id.*

**H. Procedural Posture**

Defendant Marquee Funding Group—which is a defendant in three of the above-mentioned cases—now files this motion seeking an order (1) declaring Dale Sundby a vexatious litigant and (2) entering a prefiling order requiring Mr. Sundby to obtain leave of this Court before filing "any new complaint, petition, motion, or other initiating document in the Southern District of California arising from or relating to the La Jolla, California real property, the underlying loan and foreclosure, the unlawful detainer proceedings and resulting judgment, or any alleged assignment, transfer, ratification, or derivative theory based on those events or claims." ECF No. 460, at 2. Mr. Sundby has opposed the motion, ECF No. 464, and Defendant has filed a reply, ECF 468.

//

//

**1. Mr. Sundby's Objection**

Mr. Sundby has also filed an objection to Defendant's reply brief. ECF No. 469. In several respects, the objection functions as an unauthorized sur-reply, as it includes substantive legal reasoning responding to the arguments raised in both Defendant's motion and reply. *See generally* ECF No. 469; *Lily v. Rosenow*, No. 23-CV-00644-WQH-DEB, 2025 WL 1870860, at *1 n.1 (S.D. Cal. July 7, 2025) (noting that sur-replies are not authorized by either the Federal Rules of Civil Procedure or this district's local rules and require express prior leave of the Court). Thus, the Court declines to consider analysis within the objection that reaches beyond the identification of misstatements within Defendant's reply brief.

However, Mr. Sundby also correctly identifies multiple inaccurate statements contained in the reply brief, including Defendant's assertions that (1) Mr. Sundby's claims have been subject to six dismissals with prejudice, and (2) Mr. Sundby was a co-appellant in state court proceeding D080348. *See generally* ECF No. 469. Mr. Sundby has requested an order to show cause as to why Defendant should not be sanctioned for the misstatements. *Id.* at 29.

Defendant subsequently filed a Notice of Errata acknowledging the misstatements, correcting its characterization of the procedural posture of Mr. Sundby's cases, and clarifying that Mr. Sundby was not a co-appellant on D080348. ECF No. 473. Mr. Sundby then objected to Defendant's errata, asking the Court to strike the filing and reiterating his request for an order to show cause as to sanctions. ECF No. 474.

The Court finds that the two misstatements identified by Mr. Sundby—while material—were not made in bad faith or in an attempt to mislead the Court. Indeed, Defendant's initial motion identified the proper procedural posture of each case. *See generally* ECF No. 460. Additionally, Defendant has corrected the misstatements through the Notice of Errata such that the Court will not consider the misstatements in deciding the

motion now before it and Mr. Sundby will suffer no prejudice. Mr. Sundby objects to Defendant's use of a Notice of Errata, which is more appropriately used to address mere clerical errors. *See S.G. v. San Dieguito Union High Sch. Dist.*, No. 3:22-CV-00450-JO-BLM, 2024 WL 4356576, at *12 (S.D. Cal. Sept. 30, 2024). However, the Court interprets the errata as a response to Plaintiff's objection through which Defendant acknowledges and corrects its previous factual misstatements. An order to show cause regarding sanctions is not necessary, and the Court declines Mr. Sundby's request for such an order as well as his request to strike the notice of errata, ECF No. 474.

Accordingly, the questions remaining before the Court include whether Mr. Sundby is a vexatious litigant and whether a prefiling order is warranted.

**LEGAL STANDARD**

It is well-established that "[f]ederal courts can 'regulate the activities of abusive litigants by imposing carefully tailored restrictions under . . . appropriate circumstances.'" *Ringgold-Lockhart v. Cty. of Los Angeles*, 761 F.3d 1057, 1061 (9th Cir. 2014) (quoting *De Long v. Hennessey*, 912 F.2d 1144, 1147 (9th Cir. 1990)). "Flagrant abuse of the judicial process cannot be tolerated because it enables one person to preempt the use of judicial time that properly could be used to consider the meritorious claims of other litigants." *De Long*, 912 F.2d at 1148. Thus, "[p]ursuant to the All Writs Act, 28 U.S.C. § 1651(a), 'enjoining litigants with abusive and lengthy [litigation] histories is one such . . . restriction' that courts may impose." *Ringgold-Lockhart*, 761 F.3d at 1061 (alteration in original) (quoting *De Long*, 912 F.2d at 1147).

It is, however, equally well-known that "[o]ut of regard for the constitutional underpinnings of the right to court access, 'pre-filing orders should rarely be filed, and only if courts comply with certain procedural and substantive requirements.'" *Ringgold-Lockhart*, 761 F.3d at 1062 (quoting *De Long*, 912 F.2d at 1147); *see also Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057 (9th Cir. 2007) ("[P]re-filing orders are an

extreme remedy that should rarely be used"). "Further, courts should exercise particular caution before using such measures against a pro se plaintiff." *In re Greenstein*, 576 B.R. 139, 186 (Bankr. C.D. Cal. 2017), *aff'd*, 589 B.R. 854 (C.D. Cal. 2018), *aff'd*, 788 F. App'x 497 (9th Cir. 2019).

In *De Long v. Hennessey*, the Ninth Circuit "outlined four factors for district courts to examine before entering pre-filing orders." *Molski*, 500 F.3d at 1057.

> First, the litigant must be given notice and a chance to be heard before the order is entered. Second, the district court must compile "an adequate record for review." Third, the district court must make substantive findings about the frivolous or harassing nature of the plaintiff's litigation. Finally, the vexatious litigant order "must be narrowly tailored to closely fit the specific vice encountered."

*Molski*, 500 F.3d at 1057 (citations omitted). The first two factors speak to "procedural considerations" that the district court must attend to before imposing a pre-filing order, and the second two are "substitutive considerations" that "help the district court define who is, in fact, a 'vexatious litigant.'" *Id.* at 1058.

With respect to the substantive considerations, the Ninth Circuit has held that Courts may engage in the five-factored inquiry articulated by the Second Circuit in *Safir v. United States Lines, Inc.*, 792 F.2d 19, 24 (2d Cir. 1986). *See Molski*, 500 F.3d at 1058 ("[T]he Second Circuit's five-factor standard provides a helpful framework for applying the two substantive factors (factors three and four) of our own four-factor standard."). The *Safir* framework investigates:

> (1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, e.g., does the litigant have an objective good faith expectation of prevailing?; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5)

> whether other sanctions would be adequate to protect the courts and other parties.

792 F.2d at 24.

## DISCUSSION

The Court starts by addressing the substantive *De Long* considerations to determine if Mr. Sundby is, in fact, a vexatious litigant. The Court determines that, at this juncture, he is not.

### I. Frivolous or Harassing Conduct

"To decide whether the litigant's actions are frivolous or harassing, the district court must 'look at both the number and content of the filings as indicia of the frivolousness of the litigant's claims.'" *Molski*, 500 F.3d at 1059 (quoting *De Long*, 912 F.2d at 1148). Importantly, "[a]n injunction cannot issue merely upon a showing of litigiousness. The plaintiff's claims must not only be numerous, but also patently without merit." *Id.* (quoting *Moy v. United States,* 906 F.2d 467, 470 (9th Cir. 1990)).

#### A. History of Litigation

The Court begins by considering Mr. Sundby's history of litigation and whether it entails "vexatious, harassing or duplicative lawsuits." *Safir*, 792 F.2d at 24.

Mr. Sundby's federal litigation spans a total of seven lawsuits. While some elements of these lawsuits have been duplicative, each suit has largely raised distinct legal claims against varying defendants or sets of defendants, though the Court acknowledges the significant overlap in defendants between cases. While Mr. Sundby's initial cases concerned TILA violations arising from the underlying loan documents (Case 390 and Case 2013), his subsequent complaints have related to wrongful foreclosure (Case 1239), conduct relating to the state law unlawful detainer actions (Case 668), or wrongful eviction and post-foreclosure injuries (Case 7276).

Additionally, a total of seven federal complaints—though certainly noteworthy—is relatively low when compared to the number of cases filed by other litigants in this Circuit whom courts have deemed vexatious. *See Doran v. Vicorp Restaurants, Inc*., 407 F. Supp. 2d 1115, 1117 (C.D. Cal. 2005) (219 similar lawsuits); *Smith v. City of Fresno*, No. 1:25-CV-0420 JLT BAM, 2025 WL 1663599, at *3–*9 (E.D. Cal. June 12, 2025) (29 complaints); *Harper v. United States*, No. 17-CV-01965-GPC-NLS, 2017 WL 5759880, at *2–*3 (S.D. Cal. Nov. 28, 2017) (at least 33 complaints); *De Long*, 912 F.2d at 1147 (collecting cases where litigants filed between 35 and 600 complaints). *See also Ringgold-Lockhart v. Cnty. of Los Angeles*, 761 F.3d 1057 (9th Cir. 2014) (stating that, to find a litigant's actions frivolous or harassing, the court must "make a finding that the number of complaints was inordinate."). Though Defendant asserts that Mr. Sundby's litigation history presents "among the most extensive records assembled in support of a prefiling motion in this Circuit," it does not provide any case law in support of its contention, and the Court is aware of none. ECF No. 460-1, at 26.

However, the Court cautions Mr. Sundby that if he continues to file new lawsuits related to the same underlying events as those discussed here—the underlying loans and subsequent foreclosure of the Property and the related unlawful detainer proceedings—the Court may consider such new suits in a future order assessing vexatiousness.

The Court can also not say that Mr. Sundby's filings are "patently without merit." *Molski*, 500 F.3d at 1059 (citation omitted). As an initial matter, Mr. Sundby originally prevailed on his TILA claims before this Court, *see* ECF Nos. 209, 264, before the Ninth Circuit vacated the judgment on procedural representation grounds, ECF No. 305. Further, Mr. Sundby just recently raised a compelling due process argument that led this Court to rule in his favor and stay enforcement of the judgment entered against him without supersedeas bond. ECF No. 484. As another example, Mr. Sundby's objection to Defendant's briefing on the present motion accurately identified material misstatements in

Defendant's brief, ECF No. 469, which prompted Defendants to file a notice of errata correcting the inaccurate statements, ECF No. 473. These examples demonstrate that Mr. Sundby's filings—while numerous and occasionally procedurally flawed—are not routinely "patently without merit" such that the Court might deem them frivolous. *Molski*, 500 F.3d at 1059 (citation omitted). They further indicate that Mr. Sundby's filings—though often unsuccessful—are generally made with a good faith expectation of prevailing rather than in a bad faith attempt to harass defendants or the court. *Safir*, 792 F.2d at 24.

**B. No Clear Pattern of Harassment**

"As an alternative to frivolousness, the district court may make an alternative finding that the litigant's filings 'show a pattern of harassment.'" *Ringgold-Lockhart*, 761 F.3d at 1064 (quoting *De Long*, 912 F.2d at 1148)). However, courts must be "careful not to conclude that particular types of actions filed repetitiously are harassing." *De Long*, 912 F.2d at 1148 n.3. Rather, a court must "discern whether the filing of several similar types of actions constitutes an intent to harass the defendant or the court." *Id.* (quoting *In re Powell,* 851 F.2d 427, 431 (D.C. Cir. 1988)).

In arguing that Mr. Sundby's conduct is harassing, Defendant asserts that "[w]hat distinguishes this record from ordinary unsuccessful litigation is a judicial finding, within Case 390 itself, that Plaintiff's conduct was not merely wrong but willful." ECF No. 460-1, at 23. Defendant refers to a September 2020 discovery order issued by Magistrate Judge Goddard, in which she imposed sanctions after finding that Mr. Sundby "willfully interfered with the discovery process" and "vexatiously multiplied the proceedings." ECF No. 212.

However, this specific discovery conduct—for which Mr. Sundby has already been sanctioned—is not sufficient to demonstrate a "pattern of harassment" across Mr. Sundby's litigation. *De Long*, 912 F. 2d at 1148. Rather, the finding of bad faith was limited to specific conduct displayed during discovery in Case 390 in 2020. Mr. Sundby was

sanctioned for the conduct and, as far as this Court is aware, did not repeat it. If this is the only matter "distinguish[ing] this record from ordinary unsuccessful litigation," ECF No. 460-1, at 23, then it is not enough to deem Mr. Sundby's litigation history harassing.

As to Mr. Sundby's repeated motions for reconsideration and appeals, the Court determines that this is generally evidence of "litigiousness" rather than an "intent to harass the defendant or the court." *De Long*, 912 F.2d at 1148 n.3 (quoting *Powell,* 851 F.2d at 431).

The fact that Mr. Sundby is unrepresented also cautions the Court against entering a pre-filing order against him, as courts are "generally protective of pro se litigants," *Molski*, 500 F.3d at 1052 (quoting *Molski v. Mandarin Touch Restaurant*, 347 F. Supp. 2d 860, 866 (C.D. Cal. 2004)), and should exercise "particular caution" before limiting a pro se plaintiff's access to the courts, *In re Greenstein*, 576 B.R. 139 at 186.

**C. Repetitious Conduct and Prior Sanctions**

Turning to the remaining *Safir* factors to inform the Court's frivolousness analysis, the Court acknowledges the expense to other parties and burden on the courts caused by Mr. Sundby's substantial filings. *See Safir*, 792 F.2d at 24. While the Court will not yet deem such expenses "needless," *id*., they may become so if Mr. Sundby continues to raise the same legal arguments which, at this juncture, have been soundly rejected by each federal judge to consider them.

The first of these arguments is Mr. Sundby's assertion that he can represent the Trust pro se as beneficial owner of the Trust without the Trust first retaining counsel to adjudicate questions of ownership. Three federal judges have uniformly rejected this argument. *See Sundby v. Landau*, No. 2:24-CV-07276-MCS-BFM, 2025 WL 1090165, at *4 (C.D. Cal. Mar. 14, 2025), *reconsideration denied*, No. 2:24-CV-07276-MCS-BFM, 2025 WL 2374824 (C.D. Cal. May 19, 2025), and *reconsideration denied*, No. 2:24-CV-07276-MCS-BFM, 2025 WL 2374825 (C.D. Cal. July 2, 2025), and *aff'd*, No. 25-4180, 2026 WL

473936 (9th Cir. Feb. 19, 2026) (Judge Scarsi holding that, absent argument from counsel representing the Trust, the Court could not consider whether the Trust may be represented by Mr. Sundby); *Sundby v. San Diego Cnty. Sheriff's Dep't*, No. 3:24-CV-1535-WQH-BJW, 2026 WL 673819, at *6 (S.D. Cal. Mar. 10, 2026) (Judge Hayes holding the same); *Sundby v. Landau*, No. 3:25-CV-668-WQH-BJW, 2026 WL 2041662, at *3 (S.D. Cal. July 14, 2026) (Judge Hayes again holding the same); *Sundby v. Marquee Funding Grp. Inc.*, No. 19-CV-0390-GPC-AHG, 2023 WL 2565168, at *3–*4 (S.D. Cal. Mar. 17, 2023) (this Court holding the same); *Sundby v. Fid. Nat'l Title Ins. Co*., No. 23-CV-01239-GPC-AHG, 2026 WL 1494239, at *9 (S.D. Cal. May 28, 2026) (this Court again holding the same).

The second argument that has been repeatedly raised by Mr. Sundby—and repeatedly rejected by the courts—is that he, in his individual capacity, has standing to raise claims related to the foreclosure of the Property or the content of the loan documents that he signed only in his capacity as trustee. The three courts to consider the issue agree that Mr. Sundby lacks standing to raise such claims. *See Sundby v. Landau*, 2025 WL 1090165, at *4 (Judge Scarsi holding that the Sundbys were not the real party in interest and lacked standing to bring claims related to the foreclosure of the Property); *Sundby v. San Diego Cnty. Sheriff's Dep't*, 2026 WL 673819, at *5 (Judge Hayes holding that Mr. Sundby did not show that he is the real party in interest in action related to repossession of the Property); *Sundby v. Landau*, No. 3:25cv-00668-WQH-BJW, Dkt. No. 27, at 11 (March 10, 2026), and *reconsideration denied*, No. 25-cv-00668, 2026 WL 2041662, at *4 (S.D. Cal. July 14, 2026) (Judge Hayes again holding that Mr. Sundby did not show any ownership interest in the Property such that he was a real party in interest with necessary standing to bring his claim related to wrongful dispossession); *Sundby v. Fid. Nat'l Title Ins. Co*., 2026 WL 1494239, at *5–*7 (this Court finding that Mr. Sundby lacked standing and was not the real party in interest on his wrongful foreclosure claims); *Sundby v. Marquee Funding Grp., Inc*., No. 19-CV-00390-GPC-AHG, 2026 WL 559772, at *3–*5

(S.D. Cal. Feb. 27, 2026), *reconsideration denied*, No. 19-CV-00390-GPC-AHG, 2026 WL 1398781 (S.D. Cal. Apr. 22, 2026) (this Court finding that Mr. Sundby lacked standing to bring his TILA claims in an individual capacity because he was a non-borrower who was not named on the loan documents).

Each of the above decisions has similarly rejected Mr. Sundby's argument that he retains standing because the Trust, after the foreclosure of the Property, quitclaimed its interest in the Property to him. Relatedly, both courts to have considered Mr. Sundby's argument regarding the Trust's purported assignment of claims to the Sundbys have determined that the assignment does not render Mr. Sundby a real party in interest or provide him with standing to litigate claims related to the Property foreclosure or underlying loan documents. *See Sundby v. Landau*, 2026 WL 2041662, at *5; *Sundby v. Fid. Nat'l Title Ins. Co.*, 2026 WL 1494239, at *8–*9; *Sundby v. Marquee Funding Grp., Inc.*, 2026 WL 559772, at *6.

Accordingly, the Court warns Mr. Sundby that, should he continue to raise claims and file motions that ask Defendants to litigate and the courts to adjudicate these arguments that have been uniformly considered and rejected by three federal judges, the Court may be compelled to reconsider its decision regarding the frivolous or harassing nature of his conduct.

The Court also notes that both the undersigned and Judge Scarsi have previously warned Mr. Sundby that motions for reconsideration are not the appropriate venue to express mere disagreement with a court order or attempt to relitigate unsuccessful arguments. *See Sundby v. Landau*, No. 2:24-CV-07276-MCS-BFM, 2025 WL 2374824, at *2 (C.D. Cal. May 19, 2025); *Sundby v. Landau*, No. 2:24-CV-07276-MCS-BFM, 2025 WL 2374825, at *2–*3 (C.D. Cal. July 2, 2025), *aff'd*, No. 25-4180, 2026 WL 473936 (9th Cir. Feb. 19, 2026); *Sundby v. Marquee Funding Grp., Inc.*, No. 19-CV-00390-GPC-AHG, 2026 WL 1398781, at *6–*7 (S.D. Cal. Apr. 22, 2026). Thus, the Court further cautions

Mr. Sundby that continued use of such motions as a means relitigate unsuccessful arguments or express disagreement with the Court's analysis might also serve as future evidence of frivolousness or harassment.

As to the last *Safir* factor—whether lesser sanctions have failed—the Court finds that lesser sanctions have been largely untested. In support its motion, Defendant lists Mr. Sundby's various losses in court—dismissals, appellate affirmances, and this Court's order demanding restitution—as "sanctions." ECF No. 460-1, at 24. However, most litigation losses do not amount to sanctions, and the same is true here. While this Court's original dismissal with prejudice in this case took the form of a Rule 41(b) sanction, ECF No. 367, such a sanction was in narrow response to Mr. Sundby's refusal to abide by Court orders requiring counsel. Further, while Mr. Sundby's loss of his TILA damages certainly constitutes a significant penalty that could have been avoided if Mr. Sundby retained counsel, restitution was technically ordered because of the Ninth Circuit's vacatur of the judgment in Mr. Sundby's favor, not as a direct sanction for Mr. Sundby's conduct. Indeed, neither this Court's Rule 41(b) dismissal, nor the restitution order, nor any other court order has provided Mr. Sundby with any warning that his access to the Courts may be restricted through a pre-filling order, and certainly not one so broad as to impact any motion or filing across all of Mr. Sundby's cases.

The Ninth Circuit in *Ringgold-Lockhart* advised that courts should consider Rule 11 sanctions before relying on their inherent power to restrict a party's access to the courts. *Ringgold-Lockhart*, 761 F.3d at 1065. No judge has yet employed Rule 11 sanctions to deter Mr. Sundby's litigation conduct. This further supports the Court's finding that a pre-filing order is not appropriate at this time. Rather, any court seeking to deter unduly repetitions filings by Mr. Sundby should turn first to Rule 11 sanctions, which may include "nonmonetary directives; an order to pay a penalty into court; or . . . an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses

directly resulting from" Mr. Sundby's filings. Such sanctions may be appropriate if Mr. Sundby continues to file motions asserting the rejected legal arguments outlined above.[6]

Lastly, if at some point the Court does decide that a pre-filing order is a necessary remedy to curb Mr. Sundby's conduct, the Court notes that a more narrowly tailored case- or issue-specific order would be more appropriate than the one proposed by Defendant. Defendant asks for an order requiring Mr. Sundby to obtain court authorization before filing "any new complaint, petition, motion, or other initiating document in the Southern District of California arising from or relating to the La Jolla, California real property, the underlying loan and foreclosure, the unlawful detainer proceedings and resulting judgment, or any alleged assignment, transfer, ratification, or derivative theory based on those events or claims." ECF No. 460, at 3. Such a sweeping order spans beyond the confines of any particular case or claim and proposes broad restrictions on Mr. Sundby's access to the courts. Should Defendant seek a pre-filing order in the future, it should ensure that any such proposed order is narrow in scope.

In sum, upon considering the substantive *DeLong* factors—and using the *Safir* factors to guide its analysis—the Court declines to label Mr. Sundby's litigation conduct as frivolous or harassing. Mr. Sundby's filings appear made with a good faith expectation of prevailing, and his arguments are not uniformly patently without merit. There is also no evidence that Mr. Sundby's conduct displays an intent to harass as opposed to mere litigiousness. Further, Mr. Sundby has not previously been put on notice that his conduct might result in a pre-filing order restricting his access to the courts, and the courts have yet to exercise lesser sanctions in an attempt to deter Mr. Sundby's conduct. Thus, it is not at

---

[6] The Court notes that Mr. Sundby's ability to pay should generally be considered prior to imposing monetary sanctions. *Warren v. Guelker*, 29 F.3d 1386, 1390 (9th Cir. 1994).

all clear that a pre-filing order—an "extreme remedy that should rarely be used"—would be appropriate at this juncture. *Molski*, 500 F.3d at 1057.[7]

However, Mr. Sundby has now been put on notice as to aspects of his litigation conduct that veer towards frivolousness. Should Mr. Sundby continue to raise claims and file motions that ask defendants to litigate and the courts to adjudicate arguments that have been uniformly considered and rejected by three federal judges—including those relating to Mr. Sundby's capacity to represent the Trust pro se, Mr. Sundby's standing to bring claims related to the foreclosure of the Property, and the efficacy of the assignment and quitclaim deed from the Trust to the Sundbys in conveying standing—the Court may employ Rule 11 sanctions to deter such repetitious conduct or reconsider its current stance regarding the frivolous and vexatious nature of Mr. Sundby's litigation practice. The same applies to Mr. Sundby's use of motions to reconsider as avenues to relitigate unsuccessful claims or express disagreement with the Court.

## CONCLUSION

For the reasons set forth above, the Court DENIES Defendant Marquee's motion for an order declaring Dale Sundby a vexatious litigant and entering a prefiling order against him. ECF No. 460. The denial is without prejudice to refiling if certain aspects of Mr. Sundby's conduct—identified herein—should continue.

Dated: August 3, 2026

Hon. Gonzalo P. Curiel
United States District Judge

[7] Though the Court finds in Mr. Sundby's favor, the Court does not believe Defendant's motion was baselessly or improperly filed nor that it lacked evidentiary support. Thus, the Court declines Mr. Sundby's invitation to pursue Rule 11(c)(3) review of Defendant's conduct. ECF No. 464, at 28.